## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **CECIL YOUNG,** | : |
| **Plaintiff,** | : |
| | : |
| **vs.** | : |
| | : |
| **City of Bridgeport Housing Authority,** | : |
| **and Collin Vice, in her official** | : |
| **capacity as Executive Director of the** | : |
| **Bridgeport Housing Authority** | : |
| **and in her personal capacity; and** | : |
| **the City of Bridgeport,** | : |
| **Defendants.** | : |

**Case Number:**

**03CV1010 (JBA)**

**March 30, 2004**

### AMENDED COMPLAINT

Cecil Young, (hereinafter, the "Plaintiff"), by and through his attorneys, the

Law Offices of Elisabeth Seieroe Maurer, PC, hereby states and affirms for his

complaint against the City of Bridgeport Housing Authority, (hereinafter, "BHA");

Collin Vice, (hereinafter, "Vice"), both in her individual capacity and as Executive

Director for the City of Bridgeport Housing Authority; and the City of Bridgeport,

(hereinafter, "City"), (hereinafter, collectively to be referred to as the

"Defendants"):

### NATURE OF THE ACTION

This is an action under 42 U.S.C. §1983 alleging retaliation for the

exercise of the Plaintiff's rights of free speech and pursuant to the First

Amendment to the Constitution of the United States and Article First Section 4 of

the Constitution of the State of Connecticut. In addition, this an action under

Connecticut General Statutes §31-51q and §31-51m alleging retaliation for the

exercise of the Plaintiff's rights of free speech and pursuant to the First Amendment to the Constitution of the United States and Article First Section 4 of the Constitution of the State of Connecticut. These claims arise from the Plaintiff's public comments regarding the safety of the residents within Bridgeport Housing Authority facilities and Collin Vice's retaliation based on this protected speech. These claims, also, arise from the Plaintiff's public comments regarding other public issues concerning the residents of the City of Bridgeport. The retaliation has taken the form of discharge from his positions with the City of Bridgeport Housing Authority and the City of Bridgeport. By this action, Plaintiff seeks the following relief for the violation of 42 U.S.C. §1983 and related State claims: compensatory damages, punitive damages, attorney fees, and such other and further relief as the court feels just.

## JURISDICTION

1.    This action is brought pursuant to 42 U.S.C. §1983 and the First and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §1331 and 28 U.S.C. §1343(a) and the principles of supplemental and pendent jurisdiction.

2.    All of the allegations made herein occurred within the territorial jurisdiction of the United States District Court for the District of Connecticut.

## PARTIES

3.    The Plaintiff, Cecil Young resides at 99 Carroll Avenue Bridgeport, CT 06607.

4.    Cecil Young is a well-known, outspoken and committed community activist representing various issues that affect the minority community within the City of Bridgeport since the earlier 1970s.

5.    The Defendant, BHA is a public corporation housing authority as defined by Connecticut General Statute §8-39 *et seq.*, employing over 150 individuals, with its principal place of business at 150 Highland Avenue Bridgeport, CT 06604. BHA is the largest owner and operator of low-income public housing in the City of Bridgeport with more than 3000 units providing public housing through State and Federal housing programs.

6.    Additionally, the BHA provides monthly rental assistance to 2,500 lower income families living in privately owned housing in Bridgeport through the administration of the Section 8 Housing Assistance and Voucher Program, as well as a wide range of resident social support services with an emphasis on self-sufficiency and home ownership.

7.    In addition to other public housing units and complexes, BHA manages the Pequonnock Apartment and Green Homes complexes located in the City of Bridgeport.

8.    The Defendant, Collin Vice, at all times relevant, has been the Executive Director of the Defendant City of Bridgeport Housing Authority.

9.    The Defendant, City of Bridgeport is a municipality established in accordance with the laws of the State of Connecticut and is a municipal employer within

3

the meaning of the Municipal Employee Relations Act. Connecticut General Statute 7-467 et seq. The City's principal place of business is 45 Lyons Terrance, Bridgeport, Connecticut 06604.

## FACTS

10.  Cecil Young has been employed by the BHA in various capacities since June 7, 1968.

11.  Between February 1, 1993 and September 28, 2001, Cecil Young was employed by the BHA as a "Public Safety Officer" responsible for supervising both City of Bridgeport Police Officer patrols and private security patrols within several public housing complexes managed by the BHA.

12.  On July 11, 2000, Young, on his own time and in his role as an advocate for the people of Bridgeport, organized and conducted a tour on crime and safety at BHA, specifically the Pequonnock Apartment and Green Homes complexes located in the City of Bridgeport to highlight crime, safety, and police presence in the public housing complexes.

13.  Invited to attend the tour was Congressman Christopher Shays, who was unable to attend, State Senator Alvin Penn, State Representative Edna Garcia, Alderwoman Lydia Martinez, Alderman Andres Ayala, Jr. and Stephanie Sanchez, then candidate for United States House of Representatives.

14.  As part of the discussion, he informed the audience of the fact that Vice was not using the federal funds allocated for police protection in the Pequonnock Apartment and Green Homes complexes.

4

15. On July 11, 2000, BHA Human Resource Director Mariah Natee notified Young that he was "suspended for two-weeks without pay for organizing tour of the Charles F. Green Homes Site."

16. BHA claimed that organizing and conducting the tour violated company policy.

17. In addition, BHA stated that "any future violation will result in termination of employment with the Authority."

18. Because Congressman Christopher Shays did not attend the July 11 tour, on August 2, 2000, Young announced a second tour of the Green Homes and P.T. Barmun Apartment housing complexes with Congressman Shays to be conducted on August 23, 2000.

19. On August 9, 2000, BHA Chief of Security Earl W. Mello notified Young that if he conducted the second tour of Charles F. Greene Homes, he would be "subject to further disciplinary action".

20. As a direct result of conducting "a second tour on August 23, 2000 of the Charles F. Greene Homes, Marina Village, and P.T. Barnum Apartments with Christopher Shays, other elected officials and the new media", on August 24, 2000, BHA Chief of Security Mello informed Young that his "conduct" was "subject to review for further disciplinary action".

21. On August 25, 2000, BHA and Vice sought legal advice concerning "how best [BHA] can proceed in terminating [Young's] services due to his constant disregard to the policies set forth by the agency".

22. On September 28, 2001, BHA informed Young that his position as Public Safety Officer was eliminated.

23.    The elimination of the position of Cecil Young's position as Public Safety
       Officer was in retaliation for exercising his First Amendment right to free
       speech concerning matters of public safety and concern.

24.    In the same letter, BHA offered Young a seasonal position as "Lawn Care
       Supervisor", effective April 1, 2002 through September 20, 2002.

25.    However, the offer of seasonal employment was conditional upon his
       agreeing to and signing a Release of Claims relating to all legal claims against
       BHA.

26.    The offer of continued employment with its required release of all legal claims
       against BHA, was a pretext to the unlawful firing of Cecil Young for exercising
       his First Amendment right to free speech concerning matters of public safety
       and concern.

27.    Since September 30, 2001, despite hiring less senior employees, Vice as the
       Executive Director of the BHA has failed to recall Young for work with the
       BHA.

28.    In addition to being employed by the City of Bridgeport Housing Authority,
       Cecil Young has been employed by the City of Bridgeport in various
       capacities since 1978.

29.    Between July 27, 1998 and June 30, 2002, Young was employed by the City
       as a Public Facility Inspector with the City's Department of Public Facilities.

30.    After being laid off by the BHA, Young continued to speak out against various
       policies and practices of the BHA, including writing letters of concern to then
       Mayor Joseph Ganim.

31.    On February 28, 2002, Cecil Young addressed the City Council concerning replacing the BHA and City Police Commissioners.

32.    On January 31, 2002, Young wrote then City Mayor Joseph Ganim a letter expressing "outrage" with the appointments made to the BHA Commission.

33.    On or about September 16, 2001, Young filed a citizen complaint (Case No. OIA 011-343) of police harassment with the City of Bridgeport Police Department.

34.    On or before May 20, 2002, Young filed a complaint with the U.S. Department of Justice, Civil Rights Division alleging continued harassment from the Bridgeport Police Department, which requested the Federal Bureau of Investigation to conduct an investigation.

35.    On May 20, 2002, Young addressed the City Council concerning forming a Citizen Police Review Board.

36.    On May 21, 2002, Young received a letter from Thomas C. McCarthy Labor Relations Officer and City Council members that "as a result of budgetary constraints", effective June 28, 2002, Young was laid off from his position as Inspector in the Public Facilities Department even though he was, by far, a more senior employee.

37.    The lay-off was a pretext to the unlawful firing of Cecil Young for exercising his First Amendment right to free speech concerning matters of public safety and concern.

## AS AND FOR A FIRST CAUSE OF ACTION
### (42 U.S.C. §1983 violation by the Bridgeport Housing Authority)
### (First Amendment Retaliation Because of Speech)

38.  The allegations of paragraphs 1-37 of this Complaint are incorporated by
reference into this paragraph 38.

39.   At all relevant times herein, the BHA, being a public corporation housing
authority, was a "person" acting under color of state law for purposes of 42
U.S.C. §1983.

40.  Plaintiff's speech, as described above, is protected by the First
Amendment to the Constitution of the United States, as well as Article
First Section 4 of the Constitution of the State of Connecticut.

41.  Collin Vice, as the Executive Director of and acting on behalf of the BHA,
was fully aware of Plaintiff's protected speech.

42.  Vice through BHA retaliated against the Plaintiff, as described above
because of said speech.

43.  Vice, as the Executive Director, is the policy maker for the BHA.

44.  The BHA permitted and tolerated a pattern, practice, and usage by BHA
employees and agents of improperly carrying out procedures, policies and
practices regarding Plaintiff's right to free speech.

45.  As a result of the BHA's actions, in disregard of Plaintiff's right to free
speech, the Plaintiff is entitled to compensatory damages, reasonable
attorneys' fees, costs, pre and post judgment interest and such further and
additional relief as this court finds just.

8

## AS AND FOR A SECOND CAUSE OF ACTION
## (42 U.S.C. §1983 violation by Collin Vice, in her official capacity)
## (First Amendment Retaliation Because of Speech)

46.    The allegations of paragraphs 1-45 of this Complaint are incorporated by reference into this paragraph 46.

47.    At all times relevant herein, Collin Vice, in her official capacity, was a "person" acting under color of state law for purposes of 42 U.S.C. §1983.

48.    The Plaintiff's speech, as described above, is protected by the First Amendment to the Constitution of the United States, as well as Article First Section 4 of the Constitution of the State of Connecticut.

49.    Collin Vice, as the Executive Director of the BHA, was fully aware of Plaintiff's protected speech.

50.    Collin Vice retaliated against the Plaintiff, as described above because of said speech.

51.    As a result of Collin Vice's actions, in reckless and wanton disregard of Plaintiff's right to free speech, Plaintiff is entitled to compensatory damages, punitive damages, reasonable attorneys' fees, costs, pre and post judgment interest and such further and additional relief as this court finds just.

## AS AND FOR A THIRD CAUSE OF ACTION
## (42 U.S.C. §1983 violation by Collin Vice, in her individual capacity)
## (First Amendment Retaliation Because of Speech)

52.    The allegations of paragraphs 1-51 of this Complaint are incorporated by reference into this paragraph 52.

53.    At all times relevant herein, Collin Vice, in her capacity as Executive Director of the BHA, was a "person" acting under color of state law for purposes of 42 U.S.C. §1983.

54.    The Plaintiff's speech, as described above, is protected by the First Amendment to the Constitution of the United States, as well as Article First Section 4 of the Constitution of the State of Connecticut.

55.    Collin Vice, in her capacity as Executive Director of the BHA and as the representative of the BHA, was fully aware of Plaintiff's protected speech.

56.    Collin Vice retaliated against the Plaintiff, as described above because of said speech.

57.    As a result of Collin Vice's actions, in reckless and wanton disregard of the Plaintiff's right to free speech, the Plaintiff is entitled to compensatory damages, punitive damages, reasonable attorneys' fees, costs, pre and post judgment interest and such further and additional relief as this court finds just.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (42 U.S.C. §1983 violation by the City of Bridgeport)
### (First Amendment Retaliation Because of Speech)

58.    The allegations of paragraphs 1-57 of this Complaint are incorporated by reference into this paragraph 58.

59.    At all relevant times herein, the City of Bridgeport, being a municipality, was a "person" acting under color of state law for purposes of 42 U.S.C. §1983.

60.    Plaintiff's speech, as described above, is protected by the First
       Amendment to the Constitution of the United States, as well as Article
       First Section 4 of the Constitution of the State of Connecticut.

61.    The City permitted and tolerated a pattern, practice, and usage by the
       City's employees and agents of improperly carrying out procedures,
       policies and practices regarding Plaintiff's right to free speech.

62.    As a result of the City's actions, in disregard of Plaintiff's right to free
       speech, Plaintiff is entitled to compensatory damages, reasonable
       attorneys' fees, costs, pre and post judgment interest and such further and
       additional relief as this court finds just.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (violation of CGS § 31-51q by all Defendants)

63.    The allegations of paragraphs 1-62 of this Complaint are incorporated by
       reference into this paragraph 63.

64.     Connecticut General Statute § 31-51q states:

       "Any employer, including the state and any instrumentality or
       political subdivision thereof, who subjects any employee to
       discipline or discharge on account of the exercise by such
       employee of rights guaranteed by the First Amendment to the
       United States Constitution or section 3, 4 or 14 of article first of the
       Constitution of the state, provided such activity does not
       substantially or materially interfere with the employee's bona fide
       job performance or the working relationship between the employee
       and the employer, shall be liable to such employee for damages
       caused by such discipline or discharge, including punitive
       damages, and for reasonable attorney's fees as part of the costs of
       any such action for damages."

11

65.   The events, as described above, violate CGS § 31-51q.

66.   Such violation entitles the Plaintiff to damages, including punitive

damages, reasonable attorneys' fees and the costs of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
### (violation of CGS § 31-51m  by all Defendants)

67.   The allegations of paragraphs 1-66 of this Complaint are incorporated by

reference into this paragraph 67.

68.   Connecticut General Statute § 31-51m states:

(a) As used in this section and section 31-278:

(1) "Person" means one or more individuals, partnerships, associations, corporations, limited liability companies, business trusts, legal representatives or any organized group of persons;

(2) "Employer" means a person engaged in business who has employees, including the state and any political subdivision of the state;

(3) "Employee" means any person engaged in service to an employer in a business of his employer;

(4) "Public body" means (A) any public agency, as defined in subdivision (1) of section 1-200, or any employee, member or officer thereof, or (B) any federal agency or any employee, member or officer thereof.

(b) No employer shall discharge, discipline or otherwise penalize any employee because the employee, or a person acting on behalf of the employee, reports, verbally or in writing, a violation or a suspected violation of any state or federal law or regulation or any municipal ordinance or regulation to a public body, or because an employee is requested by a public body to participate in an investigation, hearing or inquiry held by that public body, or a court action. No municipal employer shall discharge, discipline or otherwise penalize any employee because the employee, or a person acting on behalf of the employee, reports, verbally or in writing, to a public body concerning the unethical practices, mismanagement or abuse of authority by such employer. The provisions of this subsection shall not be applicable when the employee knows that such report is false.

(c) Any employee who is discharged, disciplined or otherwise penalized by his employer in violation of the provisions of subsection (b) may, after exhausting all available administrative remedies, bring a civil action, within ninety days of the date of the

final administrative determination or within ninety days of such violation, whichever is later, in the superior court for the judicial district where the violation is alleged to have occurred or where the employer has its principal office, for the reinstatement of his previous job, payment of back wages and reestablishment of employee benefits to which he would have otherwise been entitled if such violation had not occurred. An employee's recovery from any such action shall be limited to such items, provided the court may allow to the prevailing party his costs, together with reasonable attorney's fees to be taxed by the court. Any employee found to have knowingly made a false report shall be subject to disciplinary action by his employer up to and including dismissal.

(d) This section shall not be construed to diminish or impair the rights of a person under any collective bargaining agreement.

69.  The events, as described above, violate CGS § 31-51m.

70.  Such violation entitles Plaintiff to damages, including reasonable attorneys' fees and the costs of this action.

13

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor and against the Defendants on all above Counts and award;

      (a)    Compensatory damages;

      (b)    Punitive damages in an amount not less than five million dollars;

      (c)    Attorneys' fees pursuant to 42 U.S.C. §1988;

      (d)    Interest and costs;

      (e)    Any further relief that the court feels just.

Dated:    March 30, 2004
           Ridgefield, Connecticut

                    PLAINTIFF,
                    CECIL YOUNG

By:_____

         Elisabeth Seieroe Maurer (ct 11445)
         Law Offices of Elisabeth Seieroe Maurer, PC
         Attorney for Plaintiff
         871 Ethan Allen Hwy, St.202
         Ridgefield, CT 06877
         Phone: (203) 438-1388
         Fax: (203) 431-0357
         esmaurer@esmlaw.net

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| _____ **X** | | |
| **CECIL YOUNG,** | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | **Case Number:** |
| **vs.** | **:** | |
| | **:** | **03CV1010 (JBA)** |
| **City of Bridgeport Housing Authority,** | **:** | |
| **and Collin Vice, in her official** | **:** | |
| **capacity as Executive Director of the** | **:** | |
| **Bridgeport Housing Authority** | **:** | **March 30, 2004** |
| **and in her personal capacity; and** | **:** | |
| **the City of Bridgeport,** | **:** | |
| **Defendants.** | **:** | |
| _____**X** | | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff's Amended Complaint has been sent

via first-class mail postage prepaid on this 30th day of March 2004 to the following

counsel and pro se parties.

Barbara Brazzel-Massaro
Associate City Attorney
Office of the City Attorney
999 Broad Street, 2nd Floor
Bridgeport, CT  06604


James Mahar, Esq.
Ryan, Ryan, Johnson & DeLuca, LLP
80 Fourth Street
Stamford, CT  06905

_____
Elisabeth Seieroe Maurer