**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **CECIL YOUNG,** | : | |
| | : | **CIV. NO. 3:03CV1010 (JBA)** |
| **Plaintiff** | : | |
| | : | |
| **VS.** | : | |
| | : | |
| **CITY OF BRIDGEPORT HOUSING** | : | |
| **AUTHORITY, ET AL** | : | |
| | : | |
| **Defendants** | : | **JANUARY 26, 2005** |

**PLAINTIFF'S TRIAL MEMORANDUM**

1. **TRIAL COUNSEL:**

   a. **For the Plaintiff:**

   Thomas J. Weihing, ct 08235
   Daly, Weihing & Bochanis
   1115 Main Street, Suite 710
   Bridgeport, CT 06604
   (203) 333-8500
   lawdwb@sbcglobal.net

   b. **For the Defendant, City of Bridgeport:**

   Barbara Brazzel-Massaro, ct 06192
   Associate City Attorney
   Office of the City Attorney
   999 Broad Street
   Bridgeport, CT 06604
   (203) 576-7647

    **c. For the Defendants, Bridgeport Housing Authority and Colin Vice:**

       James Mahar, Esq., ct 21854
       Ryan, Ryan, Johnson & Deluca, LLP
       80 Fourth Street
       Stamford, CT 06905
       (203) 357-9200

**2. <u>JURISDICTION</u>:**

    **a. <u>Subject Matter Jurisdiction</u>**

       This action is brought pursuant to 42 U.S.C. §1983 and the First and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. §1331 and 28 U.S.C. §1343(a) and the principles of supplemental and pendent jurisdiction.

    **b. <u>Venue</u>**

       The Plaintiff alleges that venue is proper pursuant to 28 U.S.C. §1391 in that the acts and claims Plaintiff alleges arose in the District of Connecticut and the Defendants conduct business in said District.

    **c. <u>Personal Jurisdiction</u>**

       Not Applicable ("N/A")

**3. <u>JURY/NON-JURY</u> :**

   The instant action shall be tried to a jury.

**4. <u>LENGTH OF TRIAL</u> :**

    **a.** Counsel for the Plaintiff estimates that the Plaintiff's portion will require 5 days.

5. **FURTHER PROCEEDINGS :**

The Plaintiff, Cecil Young, requests a Court proceeding prior to trial to resolve any and all outstanding discovery issues in the instant action.

6. **NATURE OF CASE :**

   a. **Claims of Plaintiff**

   This is an action under 42 U.S.C. §1983 alleging retaliation for the exercise of the Plaintiff's right of free speech and pursuant to the First Amendment to the Constitution of the United States and Article First Section 4 of the Constitution of the State of Connecticut. In addition, this is an action under Connecticut General Statutes §§31-51q and 31-51m alleging retaliation for the exercise of the Plaintiff's rights of free speech and pursuant to the First Amendment to the Constitution of the United States and Article First Section 4 of the Constitution of the State of Connecticut. These claims arise from the Plaintiff's public comments regarding the safety of the residents within Bridgeport Housing Authority facilities and Collin Vice's retaliation based on this protected speech. These claims, also, arise from the Plaintiff's comments regarding other public issues concerning the residents of the City of Bridgeport. The retaliation has taken the form of discharge from his positions with the City of Bridgeport Housing Authority and the City of Bridgeport.

   b. **Relief Sought by Plaintiff**

   By this action, the Plaintiff seeks the following relief for violation of 42 U.S.C. §1983 and related State claims:

      i. compensatory damages;

      ii. punitive damages in an amount not less than five million dollars;

      iii. attorney's fees;

    iv.  Interest and costs; and

    v.  such other and further relief as the Court feels just.

7. **TRIAL BY MAGISTRATE JUDGE:**

The parties in the instant action do not consent to a trial by Magistrate Judge.

8. **LIST OF WITNESSES:**

    a.  **Witnesses**

        i.  The Plaintiff will call the following witnesses at trial:

            1.  Cecil Young, 99 Carroll Avenue, Bridgeport, CT 06607
The Plaintiff, Cecil Young's anticipated testimony will include, but is not limited to the following:

            a.  His public comments regarding the safety of the residents within Bridgeport Housing Authority facilities and Defendant, Collin Vice's retaliation based on this protected speech;

            b.  His public comments regarding other public issues concerning the residents of the City of Bridgeport;

            c.  The retaliation taken by the Defendants, City of Bridgeport Housing Authority, Collin Vice, and City of Bridgeport, based on the Plaintiff's protected speech; and

            d.  The injuries and damages sustained by Plaintiff as a result of the retaliation taken by the Defendants, City of Bridgeport Housing Authority, Collin Vice, and City of Bridgeport.

2. Collin Vice, former Director of Bridgeport Housing Authority, 150 Highland Avenue, Bridgeport, CT 06604.  The Defendant, Collin Vice's anticipated testimony will include, but is not limited to the following:

   a. Her knowledge of the Plaintiff's activities as a community activist and the Plaintiff's employment with the Bridgeport Housing Authority.

3. Clarence Craig, former Director of the Bridgeport Housing Authority, 150 Highland Avenue, Bridgeport, CT 06604.  Mr. Craig's anticipated testimony will include, but is not limited to the following:

   a. Conversations with the Plaintiff, Cecil Young, regarding the Plaintiff's employment.

4. Attorney Russell Liskov, City Attorney, Office of the City Attorney, 999 Broad Street, Bridgeport, CT 06604.  Attorney Liskov's anticipated testimony will include, but is not limited to the following:

   a. That he has been told to no longer use the Plaintiff, Cecil Young, as a sheriff to serve process for the City Attorney's Office because Plaintiff has a suit against the City of Bridgeport.

5. Judit Grof-Tisza, former Director of Bridgeport Housing Authority, 88 Baldwin Street, West Haven, CT 06516.  Mrs. Grof-Tisza's anticipated testimony will include, but is not limited to the following:

   a. Conversations with the Plaintiff, Cecil Young, the Defendant, Collin Vice, and other Directors and Employees with regard to Plaintiff's suspension and discharge.

     b. Plaintiff, Cecil Young's wages and Benefits with the Bridgeport Housing Authority.

6. Earl Mellow, Head of Security for Bridgeport Housing Authority, 150 Highland Avenue, Bridgeport CT 06604. Mr. Mellow's anticipated testimony will include, but is not limited to:

     a. Conversations he had with the Defendant, Collin Vice, and others regarding Plaintiff's activities, which are the subject of this lawsuit.

7. Congressman Christopher Shays, 10 Middle Street, Bridgeport, CT 06604. Congressman Shays's anticipated testimony will include, but is not limited to the following:

     a. His knowledge of Plaintiff's activities as a community activist and his information and observations regarding the tours conducted by the Plaintiff on Bridgeport Housing Authority property and the Plaintiff's speech concerning the safety conditions of the Bridgeport Housing Authority's property.

8. State Representative Edna Garcia, 1465 East Main Street, Bridgeport, CT 06608. State Representative Garcia's anticipated testimony will include, but is not limited to the following:

     a. Her knowledge of Plaintiff, Cecil Young's activities as a community activist and her information and observations regarding the tours conducted by the Plaintiff on Bridgeport Housing Authority property and the Plaintiff's speech concerning the safety conditions of the Bridgeport Housing Authority's property.

9. State Representative Lydia Martinez, 1137 Pembroke Street, Bridgeport, CT 06608. State Representative Martinez's anticipated testimony will include, but is not limited to the following:

   a. Her knowledge of Plaintiff, Cecil Young's activities as a community activist and her information and observations regarding the tours conducted by the Plaintiff on Bridgeport Housing Authority property and the Plaintiff's speech concerning the safety conditions of the Bridgeport Housing Authority's property.

10. Alderman Andres Ayala, Jr., 582 Ogden Street, Bridgeport, CT 06608. Alderman Ayala's testimony will include, but is not limited to the following:

    a. His knowledge of Plaintiff's activities as a community activist and his information and observations regarding the tours conducted by the Plaintiff on Bridgeport Housing Authority property and the Plaintiff's speech concerning the safety conditions of the Bridgeport Housing Authority's property.

11. Robert Graham, Interim Executive Director of the Bridgeport Housing Authority, 150 Highland Avenue, Bridgeport, CT 06604. Mr. Graham's anticipated testimony will include, but is not limited to the following:

    a. His knowledge and information regarding the Plaintiff, Cecil Young's employment with the Bridgeport Housing Authority.

12. Stephanie Sanchez, former candidate for United States House of Representatives, Stamford, CT. Ms. Sanchez's anticipated testimony will include, but is not limited to the following:

     a.  Her knowledge of Plaintiff's activities as a community activist and her information and observations regarding the tours conducted by the Plaintiff on Bridgeport Housing Authority property and the Plaintiff's speech concerning the safety conditions of the Bridgeport Housing Authority's property.

13. John D. Guman, III, former City Councilman, 133 Hickory Street, Bridgeport, CT.  Mr. Guman's anticipated testimony will include, but is not limited to the following:

     a.  Regarding his knowledge and information of the Plaintiff, Cecil Young's activities as a community activist and his employment with the Bridgeport Housing Authority and City of Bridgeport.

     b.  The alleged misappropriation of Bridgeport housing Authority funds.

14. Charles Carroll, Assistant to Mayor of the City of Bridgeport, 45 Lyon Terrace, Bridgeport, CT 06604.  Mr. Carroll's anticipated testimony will include, but is not limited to the following:

     a.  Regarding conversations with Plaintiff, present and past employment with the City of Bridgeport.

15. Mariah Natee, 150 Highland Avenue, Bridgeport, CT 06604. Ms. Natee's anticipated testimony will include, but is not limited to the following:

     a.  Her knowledge and information regarding the Plaintiff, Cecil Young's employment with the Bridgeport Housing Authority.

16. Joseph P. Ganim, former mayor of the City of Bridgeport, 45 Lyon Terrace, Bridgeport, CT 06604.  Mr. Ganim's anticipated testimony will include, but is not limited to the following:

   a. Conversations with city officials, employees, agents, and/or servants regarding employment issues with the Plaintiff, Cecil Young.

   b. Knowledge and information regarding the Plaintiff's claims, which are the subject of the instant action.

17. John Fabrizi, mayor of the City of Bridgeport, 45 Lyon Terrace, Bridgeport, CT 06604.
Mayor Fabrizi's anticipated testimony will include, but is not limited to:

   a. Conversations with city officials regarding employment issues with the Plaintiff, Cecil Young.

18. Attorney Michael LaVelle, Pullman & Comley, LLC, 850 Main Street, Bridgeport, CT 06604.  Attorney LaVelle's testimony will include, but is not limited to the following:

   a. Non-privileged communications and conversations he had with the Bridgeport Housing Authority through its employees regarding Plaintiff's employment.

19. Ms. Olive Harbor, employee of the Bridgeport Housing Authority, 150 Highland Avenue, Bridgeport, CT 06604.  Anticipated testimony will include, but is not limited to the following:

   a. Conversations relevant to employment of her friends and relatives at the Bridgeport Housing Authority.

20. Comptroller for the City of Bridgeport, 45 Lyon Terrace, Bridgeport, CT 06604
Anticipated testimony will include, but is not limited to the following:

    a. Payments and personnel information regarding employees of the City of Bridgeport, including the Plaintiff, Cecil Young.

21. State Senator Ernie E. Newton, 190 Read Street, Bridgeport, CT. State Senator Newton's anticipated testimony will include, but is not limited to the following:

    a. His knowledge of Plaintiff's activities as a community activist and his information and observations regarding the tours conducted by the Plaintiff on Bridgeport Housing Authority property and the Plaintiff's speech concerning the safety conditions of the Bridgeport Housing Authority's property.

22. Linda Delgado, former Secretary of Defendant Collin Vice, 150 Highland Avenue, Bridgeport, CT 06604. Ms. Delgado's anticipated testimony will include, but is not limited to the following:

    a. Conversations regarding the Plaintiff, Cecil Young's employment with the Bridgeport Housing Authority.

23. State Representative Charles D. Clemmons, 300 Capitol Avenue, Hartford, CT 06106. Stated Representative Clemmons's testimony will include, but is not limited to the following:

    a. Conversations Mr. Clemmons had with City of Bridgeport Officials regarding employment issues with the Plaintiff, Cecil Young.

10

24. John Cottell, Dept. of Public Facilities, City of Bridgeport, 999 Broad Street, Bridgeport. CT 06604. Anticipated testimony will include, but is not limited to the following:

   a. His knowledge and awareness of the Plaintiff's reading handicap.

25. Jolanta Liezuk, CFO Bridgeport Housing Authority, 150 Highland Avenue, Bridgeport, CT 06604. Ms. Liezuk's anticipated testimony will include, but is not limited to the following:

   a. Employee benefits and how they relate to the Plaintiff, Cecil Young, and how the discharge effected Plaintiff's wages and benefits

26. James Wood, former employee of Bridgeport Housing Authority, 80 Norlan Avenue, Bridgeport, CT. Anticipated testimony includes, but is not limited to the following:

   a. The treatment he received from the Defendant, Collin Vice, during his employment with the Bridgeport Housing Authority.

27. Gary Cooper, BHA Union President, 500 Railroad Avenue, Bridgeport, CT. Mr. Cooper's anticipated testimony includes, but is not limited to the following:

   a. His knowledge and information of the Plaintiff, Cecil Young's employment with the Bridgeport Housing Authority and the actions taken by the Bridgeport Housing Authority against the Plaintiff.

28. Bill Cummings, Reporter, Connecticut Post, 410 State Street, Bridgeport, CT 06604. Mr. Cummings anticipated testimony includes, but is not limited to the following:

    a.  His observations during the public tour conducted by the Plaintiff, Cecil Young, on July 11, 2000, of Bridgeport Housing Authority complexes and the Plaintiff's speech concerning the safety conditions of the Bridgeport Housing Authority's property.

29.  Michael Daley, Managing Editor, Connecticut Post, 410 State Street, Bridgeport, CT 06604.  Mr. Daley's anticipated testimony will include, but is not limited to the following:

    a.  His observations, knowledge, and/or information regarding the public tours conducted by the Plaintiff, Cecil Young, of Bridgeport Housing Authority complexes and the Plaintiff's speech concerning the safety conditions of the Bridgeport Housing Authority's property.

    b.  His knowledge, observations, and/or information regarding the conditions of the Bridgeport Housing Authority complexes, which conditions the Plaintiff, Cecil Young spoke out about pursuant to his rights under the United States Constitution and the State of Connecticut Constitution.

30.  Gill Hernandez, Supervisor, City of Bridgeport Public Works, 45 Lyon Terrace, Bridgeport, CT 06604.  Mr. Hernandez's anticipated testimony includes, but is not limited to the following:

    a.  His knowledge, observations, and/or information regarding the conditions of the Bridgeport Housing Authority complexes, which conditions the Plaintiff, Cecil Young spoke out about pursuant to his rights under the United States Constitution and the State of Connecticut Constitution.

        b. His knowledge and information regarding the Plaintiff, Cecil Young's employment with the Bridgeport Housing Authority and the City of Bridgeport.

**b. Exhibits**

    i. A list of exhibits – including a brief description of their contents – to be offered at trial by the Plaintiff, Cecil Young, is attached hereto.

9. **STIPULATIONS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

**a. Bench Trial:** N/A

**b. Jury Trial**

    i. **Stipulation of Uncontroverted Facts**

        1. The Plaintiff, Cecil Young, resides at 99 Carroll Avenue, Bridgeport, Connecticut 06607.

        2. The Defendant, City of Bridgeport, is a municipaility established in accordance with the laws of the State of Connecticut and is a municipal employer within the meaning of the Municipal Employee Relations Act.  Connceticut General Statute §7-467, et seq.  The Defendant, City of Bridgeport's principal place of business is 45 Lyons Terrace, Bridgeport, Connecticut 06604.

        3. In addition to being employed by the City of Bridgeport Housing Authority, Plaintiff has been employed by the City of Bridgeport in various capacities since 1978.

        4. Between July 27, 1998 and June 30, 2002, Plaintiff was employed by the Defendant, City of Bridgeport, as a Public

Facility Inspector with the City of Bridgeport Department of Public Facilities.

5. On February 28, 2002, Plaintiff addressed the City of Bridgeport Council concerning replacing the BHA and City Police Commissioners.

6. On or about September 16, 2001, Plaintiff filed a citizen complaint (Case No. OIA 011-343) of police harassment with the City of Bridgeport Police department.

ii. **Proposed Voir Dire Questions**

1. The Plaintiff, Cecil Young's list of questions to be submitted to the jury panel is attached hereto.

iii. **Proposed Jury Instructions**

1. The Plaintiff, Cecil Young's requests for jury instructions is attached hereto.

iv. **Proposed Verdict Form**

1. The Plaintiff, Cecil Young's proposed verdict form is attached hereto.

10. **OBJECTIONS:**

a. **Trial to Court:** N/A

b. **Trial to Jury:** N/A

The Plaintiff, Cecil Young, hereby reserves the right to amend the exhibits and the witnesses.

14

THE PLAINTIFF


BY:_____
Thomas J. Weihing, Esq., ct 08235
Daly, Weihing & Bochanis
1115 Main Street, Suite 710
Bridgeport, CT 06604
(203) 333-8500


## <u>CERTIFICATION</u>

I hereby certify that a copy of the foregoing was mailed postage prepaid in this the 31st day of January, 2005 to:

Barbara Brazzel-Massaro
Associate City Attorney
Office of the City Attorney
999 Broad Street
Bridgeport, CT 06604

Michael T. Ryan, Esq.
James Mahar, Esq.
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street
Stamford, CT 06905


_____
THOMAS J. WEIHING
Commissioner of the Superior Court