## PLAINTIFF'S EXHIBITS

1.  City of Bridgeport Housing Authority Audit Report dated July 5, 2000.

    a.  This exhibit concerns the City of Bridgeport Housing Authority's Private Initiative account and its alluded to purpose by Chairman of the Board of Commissioners.

2.  Correspondence, dated March 23, 2003, from Plaintiff to Attorney General Richard Blumenthal.

    a.  This exhibit is a cover letter for the forwarding of a correspondence, dated March 17, 2003, received by the Plaintiff from Carlos Garcia of the Bridgeport Housing Authority's Board of Commissioners.

3.  Correspondence, dated April 15, 2003, from Plaintiff to Congressman Christopher Shays.

    a.  This exhibit is in regard to Plaintiff's concern that the Bridgeport Housing Authority's funds were being misappropriated.

4.  Memo, dated October 15, 2001, from Plaintiff to the Bridgeport Housing Authority's Board of Commissioners.

    a.  This exhibit is in regards to Plaintiff's lay-off from the Bridgeport Housing Authority and the seasonal position offered to him.

5.  Memo, dated February 17, 2002, from Plaintiff to the Bridgeport Housing Authority's Board of Commissioner.

    a.  This exhibit is in regard to the Defendant, Collin Vice's threat to terminate the Plaintiff from his job if he does not remove his motor home from Bridgeport Housing Authority property.

6.  Correspondence, dated March 3, 2002, from Plaintiff to Dolores Tarnowski, Clerk of the Freedom of Information Commission.

a. This exhibit is in regard to the Plaintiff's Freedom of Information complaint, case no. FIC 2002-415, Cecil Young vs. Exec. Director, Bridgeport Housing Authority, and how he has not received documents he was informed he would be.

7. Correspondence, dated October 3, 2002, from Plaintiff to the Freedom of Information Commission.
   a. This exhibit is in regard to the Plaintiff's Freedom of Information complaint, case no. FIC 2002-415, Cecil Young vs. Exec. Director, Bridgeport Housing Authority.  Plaintiff requested that a scheduled hearing go forward because his freedom of information requests were not complied with.

8. Correspondence, dated December 13, 2001, from Plaintiff to Carlos Garcia of the Bridgeport Housing Authority's Board of Commissioners.

   a. This exhibit is in regard to Plaintiff's request for information from the Defendant, Collin Vice, under the Freedom of Information Act and how those requests have not been complied with.

9. Correspondence, dated December 13, 2001, from Plaintiff to Jeri Boyd of the Bridgeport Housing Authority's Board of Commissioners.

   a. This exhibit is in regard to Plaintiff's request for information from the Defendant, Collin Vice, under the Freedom of Information Act and how those requests have not been complied with.

10. Correspondence, dated December 13, 2001, from Plaintiff to Wayne J. Haschak of the Bridgeport Housing Authority's Board of Commissioners.

    a. This exhibit is in regard to Plaintiff's request for information from the Defendant, Collin Vice, under the Freedom of Information Act and how those requests have not been complied with.

11. Correspondence, dated December 13, 2001, from Plaintiff to Roberto Rodriguez of the Bridgeport Housing Authority's Board of Commissioners.

a. This exhibit is in regard to Plaintiff's request for information from the Defendant, Collin Vice, under the Freedom of Information Act and how those requests have not been complied with.

12. Correspondence, dated December 13, 2001, from Plaintiff to Bessie L. Thomas of the Bridgeport Housing Authority's Board of Commissioners.

a. This exhibit is in regard to Plaintiff's request for information from the Defendant, Collin Vice, under the Freedom of Information Act and how those requests have not been complied with.

13. Correspondence, dated April 11, 2003, from Plaintiff to Sherman D. London who is a Commissioner with the Freedom of Information Commission.

a. This exhibit is in regard to the Plaintiff's Freedom of Information complaint, case no. FIC 2002-415, Cecil Young vs. Exec. Director, Bridgeport Housing Authority in which it is alleged that the Bridgeport Housing Authority's funds are being misappropriated.

14. Correspondence, dated May 14, 2003, from Plaintiff to the State Ethics Commission.

a. This exhibit is in regards to the Plaintiff's inquiry of whether any action can be taken against the officials and/or commissioners of the Bridgeport Housing Authority for violation of ethical laws.

15. Correspondence, dated March 25, 2003, from Plaintiff to Congressman Christopher Shays.

a. This exhibit is a cover letter for the forwarding of a correspondence, dated March 17, 2003, and received by the Plaintiff from Carlos Garcia of the Bridgeport Housing Authority's Board of Commissioners.

16. Correspondence, dated November 14, 2001, from Plaintiff to Congressman Christopher Shays.

a. This exhibit is in reference to the alleged misappropriation of the Bridgeport Housing Authority's funds.

17. Correspondence, dated November 14, 2001, from Plaintiff to Governor John G. Rowland.

a. This exhibit is in reference to the alleged misuse of funds by the Bridgeport Housing Authority and how a complaint was filed with the Freedom of Information Commission because of Defendant, Collin Vice's noncompliance with requests for information under the Freedom of Information Act ("FOIA").

18. Memo, dated October 15, 1999, from Plaintiff to Congressman Christopher Shays.

a. This exhibit is in reference to the harassment inflicted upon the Plaintiff by the Defendant, Collin Vice.

19. Correspondence, dated October 30, 2002, from Plaintiff to the United States Department H.U.D. regarding HUD File No. NE 02 00241 C.

a. This exhibit is in regard to the Defendant, Collin Vice's noncompliance with the Plaintiff's request for information under the FOIA.

20. Correspondence, dated October 28, 2002, from Plaintiff to the Freedom of Information Commission regarding case no. FIC-2002-415.

a. This exhibit is a request that the Freedom of Information Commission hearing remain as scheduled because of the Defendant, Collin Vice's noncompliance with Plaintiff's request for information under the FOIA.

21. Correspondence, dated May 27, 2002, from Plaintiff to Attorney General Richard Blumenthal.

    a. This exhibit is the Plaintiff's request that an investigation be undertaken of the alleged misappropriation of Bridgeport Housing Authority funds.

22. Correspondence, dated October 29, 2001, from Plaintiff to Congressman Christopher Shays.

    a. This exhibit concerns the Plaintiff being laid-off on September 30, 2001 from the Bridgeport Housing Authority.

23. Correspondence, dated November 21, 2001, from Plaintiff to Defendant, Collin Vice.

    a. This exhibits is in regard to Plaintiff's request to be placed on the Bridgeport Housing Authority's Board of Commissioner's next agenda.

24. Correspondence, dated November 14, 2001, from Plaintiff to the United States Department of H.U.D.

    a. This exhibit is in reference to the alleged misappropriation of the Bridgeport Housing Authority's funds.

25. Correspondence, dated October 10, 2002, from Plaintiff to the State of Connecticut Department of Environmental Protection.

    a. This exhibit is in regard to the Plaintiff's request that an investigation be undertaken of the alleged human waste in the sewage storm drains at the P.T. Barnum housing complex.

26. Correspondence, dated June 11, 2003, from Plaintiff to City of Bridgeport Mayor John Fabrizi.

    a. This exhibit is in regard to the alleged police harassment towards the Plaintiff.

27. Correspondence, dated October 12, 2003, from Plaintiff to the Freedom on Information Commission.

    a. This exhibit is in regard to Plaintiff's intent of filing a complaint with the Freedom of Information Commission against Bridgeport Police Chief Wilbur Chapman.

28. Correspondence, dated February 23, 2001, from Plaintiff to Judge Robert C. Leuba, Chief Court Administrator.

    a. This exhibit is in regard to the Plaintiff inquiry into the scope of police searches based on a search warrant.

29. Correspondence, dated March 2, 2002, from Plaintiff to Attorney General Richard Blumenthal.

    a. This exhibit is in regards to the Plaintiff's request that the Attorney General's office investigate the police harassment towards him.

30. Correspondence, dated September 19, 2002, from Plaintiff to Thomas Gicewicz of the Bridgeport Health Department.

    a. This exhibit is in regard to the Plaintiff's request that the alleged unsanitary conditions at the Bridgeport Housing Authority's Greene Homes Complex be inspected.

31. Correspondence, dated January 7, 2004, from the Defendant, City of Bridgeport, to the Plaintiff.

    a. This exhibit is in regard to the Defendant, City of Bridgeport's offer to the Plaintiff of the position of Security Guard with the Health Department of the City of Bridgeport.

32. Correspondence, dated November 21, 2001, from the Plaintiff to Mayor Joseph P. Ganim.

    a. This exhibit is in regard to the Plaintiff's request that an investigation be undertaken towards the alleged misappropriation of the City of Bridgeport Housing Authority's funds.

33. Memo, dated July 24, 2000, from Plaintiff to Mayor Joseph P. Ganim.

    a. This exhibit is in regard to the Plaintiff's inquiry why the Defendant, City of Bridgeport, was denying the Plaintiff longevity pay.

34. Correspondence, dated January 21, 2002, from Plaintiff to Mayor Joseph P. Ganim.

    a. This exhibit is in regard to the Bridgeport Housing Authority Commissioner's actions toward the Plaintiff while he was addressing the Bridgeport Housing Authority's Board of Commissioners.

35. Correspondence, dated May 27, 2002, from Plaintiff to Mayor Joseph P. Ganim.

    a. This exhibit is in regard to the Plaintiff's that an investigation be undertaken regarding the threats he received from Bridgeport Housing Authority staff, alleged misappropriation of funds, and his fear for his life.

36. Memo, dated February 1, 1999, from Plaintiff to Earl Mellow, Public Safety Director of the Bridgeport Housing Authority.

    a. This exhibit is in regard to the Plaintiff reporting the harassment by Defendant, Collin Vice, towards him.

37. Memo, dated May 9, 2002, from Plaintiff to Fleeta Hudson, City Clerk for the City of Bridgeport.

    a. This exhibit is in regard to the Plaintiff's request to speak before the city council to discuss the possibility of forming a Citizen police Review Board.

38. Memo, dated May 16, 2002, from Ann L. Murray, Assistant City Clerk, to Plaintiff.

a. This exhibit is in regard to the Plaintiff being scheduled to speak before the city council on Monday, May 20, 2002.

39. Public invitation, dated February 3, 2001.

a. This exhibit is in regard to the Plaintiff's attempt to create a Public Safety Advisory Committee.

40. Correspondence, dated May 21, 2002, from the Defendant, City of Bridgeport, to the Plaintiff.

a. This exhibit is the notice provided Plaintiff informing him that he was laid off from him position as Inspector in the Public Facilities Department.

41. Memo, dated July 10, 2000, from Earl Mellow, Bridgeport Housing Authority Chief of Security, to Defendant, Collin Vice.

a. This exhibit is in regard Earl Mellow's reaction to the proposed public tours of the Bridgeport Housing Authority complexes by the Plaintiff.

42. Memo, dated August 9, 2000, from Earl Mellow, Bridgeport Housing Authority Chief of Security, to Plaintiff.

a. This exhibit is the Defendant, City of Bridgeport Housing Authority's notice to Plaintiff of future disciplinary action if the Plaintiff's proposed second tour of the Bridgeport Housing Authority's complexes goes forward.

43. Memo, dated August 9, 2000, from Earl Mellow, City of Bridgeport Housing Authority Chief of Security, to Plaintiff.

a. This exhibit is the Defendant, City of Bridgeport Housing Authority's notice to Plaintiff of future disciplinary action if the Plaintiff's proposed second tour of the Bridgeport Housing Authority's complexes goes forward.

44. Memo, dated August 24, 2000, from Earl Mellow, City of Bridgeport Housing Authority Chief of Security, to Plaintiff.

   a. This exhibit is the Defendant, City of Bridgeport Housing Authority's notice to Plaintiff that future disciplinary action may be taken as a result of the second public tour of the Bridgeport Housing Authority's complexes by the Plaintiff.

45. Correspondence, dated August 8, 2000, from Defendant, Collin Vice, to Congressman Christopher Shays.

   a. This exhibit states that the Defendant, City of Bridgeport Housing Authority, was not involved with the planning of the public tour of the Bridgeport Housing Authority's complexes.

46. Correspondence, dated August 9, 2000, from Plaintiff to Congressman Christopher Shays.

   a. This exhibit is an invitation to Congressman Shays to participate in the second public tour of the City of Bridgeport Housing Authority's complexes.

47. Public invitation, dated August 2, 2000.

   a. This exhibit is a public invitation for the second tour of the Bridgeport Housing Authority's complexes.

48. Public invitation, dated July 6, 2000.

   a. This exhibit is a public invitation for the first tour of the Bridgeport Housing Authority's complexes.

49. Correspondence, dated August 29, 2000, from Plaintiff to Congressman Christopher Shays.

     a.  This exhibit is a thank you letter to Congressman Shays for his participation in the second public tour of the Bridgeport Housing Authority's complexes.

50. Public thank you letter dated July 11, 2000.

     a.  This exhibit is a thank you letter addressed to the public who participated in the first tour of the City of Bridgeport Housing Authority's complexes.

51. Correspondence, dated April 15, 2003, from Plaintiff to Attorney General Richard Blumenthal.

     a.  This exhibit is in regard to the alleged misappropriation of the Bridgeport Housing Authority's funds.

52. Correspondence, dated August 25, 2000, from Defendant, Collin Vice, to Attorney Michael LaVelle.

     a.  This exhibit is in regards to the Defendants, Bridgeport Housing Authority and Collin Vice's request for a recommendation from Attorney LaVelle on how to terminate Plaintiff's employment.

53. City of Bridgeport's personnel file for the Plaintiff, Cecil Young.

     a.  This exhibit is in regard to the Plaintiff's employment history with the Defendant, City of Bridgeport.

54. Bridgeport Housing Authority's personnel file for the Plaintiff, Cecil Young.

     a.  This exhibit is in regard to the Plaintiff's employment history with the Defendant, Bridgeport Housing Authority.

55. Wage and benefits history and records for the Plaintiff, Cecil Young, while employed with the City of Bridgeport.

     a. This exhibit is in regard to the wage and benefits the Plaintiff received while employed with the Defendant, City of Bridgeport.

56. Wage and benefits history and records for the Plaintiff, Cecil Young, while employed with the Bridgeport Housing Authority.

     a. This exhibit is in regard to the wage and benefits the Plaintiff received while employed with the Defendant, City of Bridgeport.

57. Plaintiff's income tax returns from 1997 – 2003.

     a. These exhibits are in regards to the Plaintiff's income from 1997- 2003.

58. Correspondence, dated April 7, 2003, from Mayor John M. Fabrizi to the Plaintiff, Cecil Young.

     a. This exhibit is in regards to Mayor Fabrizi looking forward to working with the Plaintiff during the term of his mayoral term.

59. Notice of Right to Sue issued on January 23, 2003 by the Equal Employment Opportunity Commission ("EEOC").

     a. This exhibit is regard to the EEOC closing the Plaintiff's EEOC case and allowing him to sue in court.

60. Release of Jurisdiction issued on January 28, 2003 by the State of Connecticut's Commission on Human Rights and Opportunities ("CHRO").

     a. This exhibit is in regard to the CHRO releasing its jurisdiction and authorizing the Plaintiff to commence a civil action.

61. Official minutes, transcripts, and/or tapes of Bridgeport Housing Authority's Board of Commissioner's meeting of January 14, 2002.

     a. This exhibit is in reference to the actions taken at the Board of Commissioner's meeting on January 14, 2002.

62. Correspondence, dated May 27, 2002, from Plaintiff to Christopher Shays.

63. Job advertisement, dated December 29, 2003, for the position of Public Safety
Officer.

    a. This exhibit is in regard to the posting of the Plaintiff, Cecil Young's
       position after he was terminated from said position.

64. Job description of the Plaintiff, Cecil Young's position with the Defendant, City of
Bridgeport.

    a. This exhibit is in regard to the Plaintiff's job duties with the City of
       Bridgeport.

65. Job description of the Plaintiff, Cecil Young's position with the Defendant,
Bridgeport Housing Authority.
    a. This exhibit is in regard to the Plaintiff's job duties with the Bridgeport
       Housing Authority.

66. Correspondence, dated August 17, 2001, from the Defendant, Bridgeport
Housing Authority, to the Plaintiff, Cecil Young.

    a. This exhibit is the notice given to Plaintiff that his position as Public Safety
       Officer was eliminated and that a seasonal position as Lawn Care
       Supervisor was being offered if Plaintiff signed the Release of Claim.

67. Memo, dated January 31, 2000, from Earl Mellow to Mariah Natee.

    a. This exhibit is in regard to the Plaintiff's revised duties as Public Safety
       Officer as a result of the outside overtime police detail being suspended.

68. Memo, dated July 10, 2000, from Earl Mellow to Defendant, Collin Vice.

    a. This exhibit is in regard to Mr. Mellow's reaction upon learning of Plaintiff's
       proposed tour.

69. Flyer distributed by Plaintiff, Cecil Young.

   a. This exhibit is in regard to the Plaintiff speaking out about how he is being treated after speaking up for the residents of Bridgeport.

70. Correspondence, dated March 5, 2003, from former-Mayor Joseph Ganim to the Plaintiff, Cecil Young.

   a. This exhibit is in regard to Mr. Ganim's acknowledging receipt of documents forwarded to him by the Plaintiff.

71. Photos and posters on the issue of Community Policing.

   a. These exhibits are in regard to the photos and posters used by the Plaintiff, Cecil Young, while speaking out on the issue for the need of community policing.

72. Bridgeport Housing Authority employment attendance records.

   a. This exhibit is in regard to the Plaintiff, Cecil Young's employment attendance with the Defendant, Bridgeport Housing Authority.

73. City of Bridgeport employment attendance records.

   a. This exhibit is in regard to the Plaintiff, Cecil Young's employment attendance with the Defendant, City of Bridgeport.

74. Fax, dated January 21, 2003, from the Plaintiff, Cecil Young, to Fleeta Hudson.

   a. This exhibit is in regard to the Plaintiff's request to speak before the City Council to address the issue of Non-Union Employee Rights.

75. Memo, dated January 30, 2003, from Fleeta Hudson to the Plaintiff, Cecil Young.

      a.  This exhibit is in regard to the Plaintiff being scheduled to address the City Council on Monday, February 3, 2003.

76. Correspondence, dated July 16, 2003, from City of Bridgeport Mayor John Fabrizi to the Plaintiff, Cecil Young.

      a.  This exhibit is in regard to Mayor Fabrizi's request for the Plaintiff's political support.  This exhibit also contains a hand written note from Mayor Fabrizi to the Plaintiff stating that the Plaintiff "hang in there".

77. Correspondence, dated August 29, 2003, from Diane DelMedico, Human Resources Coordinator for the City of Bridgeport, to the Plaintiff, Cecil Young.

      a.  This exhibit is in regard to the Defendant, City of Bridgeport, offering the Plaintiff the position of Public Facilities Inspector with the Public Facilities Department of the City of Bridgeport.

78. Correspondence from Diane DelMedico, Human Resources Coordinator for the City of Bridgeport, to Industrial Medical Center, 226 Mill Hill Avenue, Bridgeport, CT.

      a.  This exhibit is in regard to the request made by the Defendant, City of Bridgeport, for a per-employment physical examination to be administered to the Plaintiff.

79. Acceptance Form of the Security Guard position with the Health Department of the City of Bridgeport.

      a.  This exhibit contains the Plaintiff, Cecil Young's reasons for accepting the position of Security Guard with the Health Department of the City of Bridgeport.

80. Correspondence, dated April 8, 2002, from Tamara L. Miller, Deputy Chief Criminal Section of the United States Department of Justice to the Plaintiff, Cecil Young.

      a. This exhibit is in regard to the Plaintiff's complaint of continued police harassment.

81. Email, dated February 8, 2000, from Mary Otero to Marie Hoffman.

      a. This exhibit is in regards to the Plaintiff's accumulated time as of February 4, 2000.

82. Correspondence, dated November 14, 2001, from Plaintiff, Cecil Young, to former City of Bridgeport Mayor Joseph Ganim.

      a. This exhibit is regard to the Plaintiff's request that the misappropriation of Bridgeport Housing Authority funds be investigated.

83. Correspondence, dated May 30, 2002, from the Plaintiff, Cecil Young, to former City of Bridgeport Mayor Joseph Ganim.

      a. This exhibit is in regard to the Plaintiff being denied to address the Board of Police Commissioners.

84. Photos of unsafe conditions at the Bridgeport Housing Authority properties.

      a. These exhibits are in regard to the unsafe conditions at the Bridgeport Housing Authority properties.

85. Community Policing book created by the Plaintiff, Cecil Young.

      a. This exhibit is in regard to the Community Policing program the Plaintiff was involved in.

86. Resume of the Plaintiff, Cecil Young.

      a. This exhibit is in regard to the activities the Plaintiff has been involved in.

87. Memo, dated October 27, 1992, from Earl Mellow, Safety Coordinator, to Joseph R. Papa, Director of Maintenance, Bridgeport Housing Authority.

    a. This exhibit is in regard to the employment of the Plaintiff, Cecil Young, as a Security Assistant for the Bridgeport Housing Authority.

88. Correspondence, dated October 28, 1992, from Clarence Craig, former Executive Director of the Bridgeport Housing Authority, to Bridgeport Police Sergeant Robert Studivant.

    a. This exhibit is in regard to the Bridgeport Housing Authority hiring the Plaintiff, Cecil Young, as an assistant to Earl Mellow.

89. Award, dated February 12, 1998, from the Students of Longfellow School to the Plaintiff, Cecil Young.

    a. This exhibit is in regard to the Plaintiff's enthusiasm, dedication, and hard work.

90. Certificate of Appreciation, dated May 15, 1998, from Columbus School to the Plaintiff, Cecil Young.

    a. This exhibit is in regard to the Plaintiff giving an outstanding presentation during Career day.

91. Memo, dated January 24, 1999, from Plaintiff to Earl Mellow, Public Safety Director.

    a. This exhibit is in regard to Plaintiff's suggestions for another police detail.

92. Correspondence, dated August 16, 2002, from Warren Blunt, Supervisors of Sanitarians, to Defendant, Collin Vice.

    a. This is exhibit is in referenced to observed violations during an inspection.

93. Billing statement from Pullman & Comley, LLC to the Defendant, Bridgeport Housing Authority.

a. This exhibit is in regard to the Release of Claims which was prepared for the Plaintiff to sign.

94. Memo, dated December 4, 1998, from Earl Mellow, Chief of Security, to Plaintiff.

a. This exhibit is in regard to the Plaintiff getting a raise and praise for being a dependable employee.

95. Affidavit, dated March 3, 2003, of the Defendant, Collin Vice.

a. This exhibit is in regard to the allegations that Bridgeport Housing Authority funds were misappropriated to pay for limo services.

96. Newspaper article date March 1, 2003.

a. This exhibit is in regard to the Defendant, Collin Vice, being fined for not complying with the Freedom of Information Commission's order.

The Plaintiff, Cecil Young, hereby reserves the right to amend the above exhibits.

THE PLAINTIFF


BY:_____
Thomas J. Weihing, Esq., ct 08235
Daly, Weihing & Bochanis
1115 Main Street, Suite 710
Bridgeport, CT 06604
(203) 333-8500

## <u>CERTIFICATION</u>

I hereby certify that a copy of the foregoing was mailed postage prepaid in this the 31st day of January, 2005 to:

Barbara Brazzel-Massaro
Associate City Attorney
Office of the City Attorney
999 Broad Street
Bridgeport, CT 06604

Michael T. Ryan, Esq.
James Mahar, Esq.
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street
Stamford, CT 06905

_____
THOMAS J. WEIHING
Commissioner of the Superior Court