**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **CECIL YOUNG,** | : | |
| | : | **CIV. NO. 3:03CV1010 (JBA)** |
| **Plaintiff** | : | |
| | : | |
| **VS.** | : | |
| | : | |
| **CITY OF BRIDGEPORT HOUSING** | : | |
| **AUTHORITY, ET AL** | : | |
| | : | |
| **Defendants** | : | **JANUARY 26, 2005** |

**PROPOSED JURY INSTRUCTIONS**

**I. Plaintiff's Proposed Jury Instructions**

1) Plaintiff claims that the Defendants, City of Bridgeport Housing Authority, Collin Vice, and City of Bridgeport, retaliated against him by terminating him, in part, because he asserted his rights of free speech pursuant to the First Amendment to the Constitution of the United States and Article First Section 4 of the Constitution of the State of Connecticut. In addition, the Plaintiff claims that the Defendants, City of Bridgeport Housing Authority, Collin Vice, and City of Bridgeport, retaliated against him by terminating him, in violation of Connecticut General Statutes §§ 31-51q and 31-51m, because he asserted his rights of free speech pursuant to the First Amendment to the

1

Constitution of the United States and Article First Section 4 of the Constitution of the State of Connecticut.

2) Plaintiff has filed this lawsuit under 42 U.S.C. § 1983, which provides a remedy for individuals who claim they have been deprived of their constitutional rights under color of statute law. Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States constitution and federal statutes. In enacting the statute, Congress intended to create a remedy as broad as the protection provided by the Fourteenth Amendment and federal laws.

Section 1983 provides: "Every person, who under color of any statute, ordinance, regulation, custom or usage of any state…, subjects or causes to be subjected any citizen of the united states or other person within the jurisdiction thereof, to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proceedings for redress…"

To establish her claim under section 1983, plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

2

Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution of the United States; and

Third, that the defendants' acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

3) The Plaintiff has specifically alleged that the following constitutional provisions were violated: The First Amendment to the United States Constitutions establishes and guarantees the freedom of speech.  The First Amendment to the United States Constitution states in pertinent part;

"Congress shall make no law . . . abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

4) Article First Section 4 of the Constitution of the State of Connecticut establishes and guarantees the freedom of speech.  Article First Section 4 of the Constitution of the State of Connecticut states in pertinent part;

"Every citizen may freely speak, write and publish his sentiments on all subjects, being responsible for the abuse of that liberty."

5) The Plaintiff has alleged the Defendants have subjected the Plaintiff to the deprivation of rights and privileges secured and protected by the Constitution and laws of the United

3

States, namely the Constitutional right of free speech.  In order for the Plaintiff to prevail

on her civil rights deprivation claim she need not prove that the Defendants intended to

deprive her of her Constitutional rights.  It is also not necessary to prove an intent, motive

or purpose to discriminate.  It is sufficient to establish that the deprivation of

Constitutional rights or privileges was the natural consequences of the actions of the

Defendants acting under color of law, irrespective of whether such consequence was

intended.  <u>Gomez vs. Toledo</u>, 446 U.S. 635, 100 S. CT, 1920, 64 L.Ed.2d. 572

(1980);<u>Ury vs. Santee</u>, 303 F. Supp. 119(N.D. Ill. 1969); <u>Richardson vs. Indianapolis</u>,

658 F.2d 494 (7th Cir. 1981).

6)  The Plaintiff has also alleged that the Defendant violated certain State Statutes.

Connecticut General Statute §31-51m prohibits an employer from retaliating against an

employee because an employee has complained of suspected safety violations, violations

at law, or unethical practices. Connecticut General Statutes § 31-51m states in pertinent

part;

> "(b) No employer shall discharge, discipline or otherwise penalize
> any employee because the employee, or a person acting on behalf
> of the employee, reports verbally or in writing, a violation or
> suspected violation of any state or federal law or regulation of any
> municipal ordinance or regulation to a public body, or because an
> employee is requested by a public body to participate in an

4

> investigation, hearing or inquiry held by that public body, or a
> court action. No municipal employer shall discharge, discipline or
> otherwise penalize any employee because the employee, or a
> person acting on behalf of the employee, reports, verbally or in
> writing, to a public body concerning the unethical practices,
> mismanagement or abuse of authority by such employer."

Connecticut General Statute §31-51q prohibits an employer from retaliating against an employee because an employee has exercised his constitutional rights. CGS 31-51q states in pertinent part;

> "Any employer…who subjects any employee to discipline or
> discharge on account of the exercise by such employee of rights
> guaranteed by the first amendment to the United States
> Constitution or section 3, 4, or 14 of article first of the Constitution
> of the state, provided such activity does not substantially or
> materially interfere with the employee's bona fide job performance
> or the working relationship between the employee and the
> employer, shall be liable to such employee for damages caused by
> such discipline or discharge…"

7) To prove his claim under §§31-51m and 31-51q Plaintiff must prove by a

preponderance of the evidence that the Plaintiff's comments concerning suspected

safety violations, violation of laws and unethical practices by the Defendants was a

factor that made a difference in the decision to terminate him.

8) A Plaintiff who presents direct evidence of a Defendant's retaliatory motivation is not

required to prove other facts, such as the Plaintiff's qualification for particular jobs or the

pretextual nature of the Defendant's stated reason for events leading to the Plaintiff's

5

discharge. Direct evidence, such as statements reflecting retaliatory conduct, may by itself, show that retaliation made a difference in the employment decisions concerning Plaintiff.

If you find that such evidence demonstrates retaliation was a factor in the Defendant's decisions concerning Plaintiff's employment, you must find for the Plaintiff unless Defendant can prove that Defendant would have made those decisions in any event without regard to Plaintiff's reporting of suspected safety, legal and/or ethical violations or exercising his constitutional rights[1].

Plaintiff may also rely on circumstantial evidence from which you may draw an inference of retaliation[2].

9) To prove that Defendants' discharge of Plaintiff occurred under circumstances giving rise to an inference of retaliation, Plaintiff may demonstrate that he was treated in a manner different than employees who had not complained of safety and/or ethical violations or exercised their constitutional rights. A discriminatory motive on the part of the

---

[1] Transworld Airlines vs. Thurston, 469, U.S. 111, 121 (1985); Berl vs. County of Westchester, 849, F2d 712, (2d Cir. 1988); Hagelthorn vs. Kennecott Corp., 710 F2d, 76, 81 (2d Cir. 1983.)
[2] Ford vs. Blue Cross & Blue Shield of Conn., 216 Conn 40 (1980).

6

Defendants may be inferred from such facts[3]. If the Plaintiff proves that his reporting of

safety and/or ethical violations or exercising his constitutional rights, was a motivating

factor behind his termination, even if other factors were involved, then Plaintiff has

established proof of discrimination.

10) The Plaintiff exercising his right to complain of alleged safety, legal and ethical

violations or exercising his constitutional rights does not have to be the sole factor.

Plaintiff may prevail if he proves that Plaintiff's exercising his protected rights as

described was one of the number of factors, as long as he proves that his exercising his

such rights made a difference in the decision making process.

11) If you find from the evidence that the Plaintiff's exercising his protected rights under the

constitution and statutes as I have described them to you was, more likely than not, a

determining factor in the Defendant's decision to terminate the Plaintiff, you should so

indicate on the verdict forms.

12) Where more than one claim is made, as Plaintiff does here, you must consider each claim

and the evidence pertaining to it, separately, and as to each Defendant, as you would had

each claim been tried before you separately. Your determination as to whether or not one

---

[3] Airline Pilots Association Int'l vs. Tuck, 713, F2d 940 (2d Cir. 1983), aff'd in part, rev'd in part, 466 U.S. 11 (1984); Sousa vs. Hunter, 739 F. Supp 756 (E.D.N.Y. 1990); Kreiger vs. Gold Bond Building Products, 863, F.2d 1091 (2dCir. 1988); Ramseur vs. Chase Manhattan Bank, 865, F.2d 460 (2d Cir. 1989).

claim has been proven should not control your decision as to whether or not one or more

of the other claim has been proven.

THE PLAINTIFF
CECIL YOUNG


BY_____
Thomas J. Weihing, ct 08235
Daly, Weihing & Bochanis
1115 Main Street, Suite 710
Bridgeport, CT 06604
(203) 333-8500

8