UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CECIL YOUNG | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v, | : | CIVIL ACTION NO. 3:03 CV 1010 (JBA) |
| | : | |
| CITY OF BRIDGEPORT HOUSING | : | |
| AUTHORITY, AND COLLIN VICE, | : | |
| IN HER OFFICIAL CAPACITY AS | : | |
| EXECUTIVE DIRECTOR OF THE | : | FEBRUARY 7, 2005 |
| BRIDGEPORT HOUSING AUTHORITY | : | |
| AND IN HER PERSONAL CAPACITY; | : | |
| AND THE CITY OF BRIDGEPORT | : | |
| | : | |
| Defendants. | : | |

## **ANSWER TO AMENDED COMPLAINT AND AMENDED AFFIRMATIVE DEFENSES**

### **JURISDICTION**

1-2.   With respect to the allegations of paragraphs one and two, the defendants lack sufficient knowledge or information to form a belief as to the truth of said allegations and, therefore, leave the plaintiff to his proof.

### **PARTIES**

3-4.   With respect to the allegations of paragraphs three and four, the defendants lack sufficient knowledge or information to form a belief as to the truth of said allegations and, therefore, leave the plaintiff to his proof.

5. The defendants admit that the defendant BHA is a public corporation housing authority as defined by Connecticut General Statute § 8-39 *et seq.,* employing over 150 individuals, with its principal place of business at 150 Highland Avenue, Bridgeport, CT 06604. With respect to the balance of the allegations contained in this paragraph, the defendants lack sufficient knowledge or information to form a belief as to the truth of said allegations and, therefore, leave the plaintiff to his proof.

6. The defendants admit that additionally, the BHA provides monthly rental assistance to 2, 500 lower income families living in privately owned housing in Bridgeport through the administration of the Section 8 Housing Assistance and Voucher Program, as well as a wide range of resident social support services. With respect to the balance of the allegations contained in this paragraph, the defendants lack sufficient knowledge or information to form a belief as to the truth of said allegations and, therefore, leave the plaintiff to his proof.

7-8. Paragraphs seven and eight are admitted.

9. With respect to the allegations of paragraph nine, the defendants lack sufficient knowledge or information to form a belief as to the truth of said allegations and, therefore, leave the plaintiff to his proof.

## FACTS

10. The defendants admit that Cecil Young has been employed by the BHA in various capacities. With respect to the balance of the allegations contained in this paragraph, the defendants lack sufficient knowledge or information to form a belief as to the truth of said allegations and, therefore, leave the plaintiff to his proof.

11. The defendants admit that between February 1, 1993 and September 28, 2001, Cecil Young was employed by the BHA as a "Public Safety Officer." With respect to the balance of the allegations contained in this paragraph, the defendants lack sufficient knowledge or information to form a belief as to the truth of said allegations and, therefore, leave the plaintiff to his proof.

12-14. With respect to the allegations of paragraphs twelve, thirteen and fourteen, the defendants lack sufficient knowledge or information to form a belief as to the truth of said allegations and, therefore, leave the plaintiff to his proof.

15-17. Paragraphs fifteen, sixteen and seventeen are admitted.

18. With respect to the allegations of paragraph eighteen, the defendants lack sufficient knowledge or information to form a belief as to the truth of said allegations and, therefore, leave the plaintiff to his proof.

19-20.  Paragraphs nineteen and twenty are admitted.

21.  With respect to the allegations of paragraph twenty-one, the defendants lack sufficient knowledge or information to form a belief as to the truth of said allegations and, therefore, leave the plaintiff to his proof.

22.  Paragraph 22 is denied.

23-26.  Paragraphs twenty-three, twenty-four, twenty-five and twenty-six are denied.

27.  The defendants admit that Vice as the Executive Director of the BHA has failed to recall Young for work with the BHA.  The balance of the allegations contained in this paragraph are denied.

28-37.  With respect to the allegations of paragraphs twenty-eight, twenty-nine, thirty, thirty-one, thirty- two, thirty-three, thirty-four, thirty-five, thirty-six and thirty-seven, the defendants lack sufficient knowledge or information to form a belief as to the truth of said allegations and, therefore, leave the plaintiff to his proof.

## AS AND FOR A FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983 violation by the Bridgeport Housing Authority)
### (First Amendment Retaliation Because of Speech)

38. The answers to the allegations of paragraphs one through thirty-seven of this Complaint are incorporated by reference as the answer to this paragraph thirty-eight.

39. With respect to the allegations of paragraph thirty-nine, the defendants lack sufficient knowledge or information to form a belief as to the truth of said allegations and, therefore, leave the plaintiff to his proof.

40-45. Paragraphs forty, forty-one, forty-two, forty-three, forty-four and forty-five are denied.

## AS AND FOR A SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983 violation by Collin Vice, in her official capacity)
### (First Amendment Retaliation Because of Speech)

46. The answers to the allegations of paragraphs one through forty-five of this Complaint are incorporated by reference as the answer to this paragraph forty-six.

47. With respect to the allegations of paragraph forty-seven, the defendants lack sufficient knowledge or information to form a belief as to the truth of said allegations and, therefore, leave the plaintiff to his proof.

48-51. Paragraphs forty-eight, forty-nine, fifty and fifty-one are denied.

### AS AND FOR A THIRD CAUSE OF ACTION
### (42 U.S.C. § 1983 violation by Collin Vice, in her individual capacity)
### (First Amendment Retaliation Because of Speech)

52. The answers to the allegations of paragraphs one through fifty-one of this Complaint are incorporated by reference as the answer to this paragraph fifty-two.

53. With respect to the allegations of paragraph fifty-three, the defendants lack sufficient knowledge or information to form a belief as to the truth of said allegations and, therefore, leave the plaintiff to his proof.

54-57. Paragraphs fifty-four, fifty-five, fifty-six and fifty-seven are denied.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (42 U.S.C. § 1983 violation by the City of Bridgeport)
### (First Amendment Retaliation Because of Speech)

The undersigned defendants do not plead to this Count as it is addressed to another defendant.

### AS AND FOR A FIFTH CAUSE OF ACTION
### (violation of CGS § 31-51q by all Defendants)

63. The answers to the allegations of paragraphs one through sixty-two of this Complaint are incorporated by reference as the answer to this paragraph sixty-three.

64. With respect to the allegations of paragraph sixty-four, the defendants lack sufficient knowledge or information to form a belief as to the truth of said allegations and, therefore, leave the plaintiff to his proof.

65-66. Paragraphs sixty-five and sixty-six are denied.

<b>AS AND FOR A SIXTH CAUSE OF ACTION<br>(violation of CGS § 31-51m by all Defendants)</b>

67. The answers to the allegations of paragraphs one through sixty-six of this Complaint are incorporated by reference as the answer to this paragraph sixty-seven.

68. With respect to the allegations of paragraph sixty-eight, the defendants lack sufficient knowledge or information to form a belief as to the truth of said allegations and, therefore, leave the plaintiff to his proof.

69-70. Paragraphs sixty-nine and seventy are denied.

<b>FIRST AFFIRMATIVE DEFENSE</b>

The complaint fails to state a claim upon which relief may be granted.

<b>SECOND AFFIRMATIVE DEFENSE</b>

Plaintiff has failed to mitigate his damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of governmental immunity.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his administrative remedies.

### FIFTH AFFIRMATIVE DEFENSE

1. The Defendant, BHA, is a "state or local agency" within the meaning of 5 U.S.C. § 1501, et seq. (The Hatch Act) and receives funding and grants from the United States Department of Housing and Urban Development.

2. The Plaintiff, Cecil Young, at the time of his initial employment with the Defendant, BHA, and continuing throughout his employment therewith, was a candidate in a public election and held the office of City Sheriff in the City of Bridgeport.

3. The plaintiff's political activities as aforementioned violate the "Hatch Act," 5 U.S.C. § 1505 and required the BHA to terminate his employment therewith and precluded the BHA from re-hiring the plaintiff subsequent to his separation form the BHA in September 2001.

### SIXTH SPECIAL DEFENSE

The Defendant, Collin Vice, is entitled to qualified immunity.

- 8 -

        THE DEFENDANTS,
        CITY OF BRIDGEPORT HOUSING
        AUTHORITY AND COLLIN VICE

By: _____
        James A. Mahar, Esq., (CT 21854)
        Ryan, Ryan, Johnson & Deluca, LLP
        80 Fourth Street, P.O. Box 3057
        Stamford, CT   06905
        Phone No. 203-357-9200

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February __, 2005, a copy of the above was mailed to the following counsel and pro se parties of record:

Barbara Brazzel-Massaro, Esq.
City of Bridgeport
Office of the City Attorney
999 Broad Street
Bridgeport, CT 06604-4328
Attorney for Defendant, City of Bridgeport

Thomas J. Weihing, Esq.
Daly, Weihing & Bochanis
1115 Main Street
Suite 710
Bridgeport, CT 06604
Attorney for Plaintiff, Cecil Young

                                                  _____
                                                  James A. Mahar, Esq.

I:\Procases\1742.008\answerandspecdef.wpd
1742.008