UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **CECIL YOUNG** | : | |
| | : | |
| Plaintiff, | : | CIV. NO. 3:03CV1010 (JBA) |
| | : | |
| vs. | : | |
| | : | |
| **CITY OF BRIDGEPORT HOUSING AUTHORITY, ET AL** | : | |
| | : | |
| Defendants | : | FEBRUARY 4, 2005 |

### DEFENDANT CITY OF BRIDGEPORT'S PROPOSED TRIAL MEMORANDUM

I.   **TRIAL COUNSEL**

   1.   **For the Plaintiff**
        Thomas J. Weihing, Esq.
        Daly, Weihing & Bochanis
        1115 Main Street, Suite 710
        Bridgeport, CT 06604

   2.   **For the Defendant City of Bridgeport**
        Barbara Brazzel-Massaro, Esq.
        Associate City Attorney
        City Hall Annex
        999 Broad Street, 2nd Floor
        Bridgeport, CT 06604

   3.   **For the Defendants Housing Authority and Collin Vice**
        Michael T. Ryan, Esq./James Mahar, Esq.
        Ryan, Ryan, Johnson & Deluca, LLP
        80 Fourth Street
        Stamford, CT 06905

BMF05021                                1

II. **JURISDICTION**

See the Plaintiff's claims and Trial Memorandum.

III. **JURY/ NON-JURY**

This has been claimed as a jury case by the Plaintiff.

IV. **LENGTH OF TRIAL**

The Defendants anticipate that the trial of this matter will take 8 days inclusive of jury charge and deliberation.

V. **FURTHER PROCEEDINGS**

The Defendant may request the Court to rule upon motions in limine concerning testimony and exhibits at trial.

VI. **NATURE OF CASE**

The Plaintiff contends that the action of the Defendant City of Bridgeport in terminating him from employment in the Public Facilities Department was solely for the purpose of retaliation for his exercise of his First Amendment Rights. The Defendant City of Bridgeport contends that the termination of the position that Mr. Young had with the City of Bridgeport was based upon financial considerations and a review of the necessity for the funding of the position that Mr. Young had with the City of Bridgeport because: (1) the job duties he had been performing were duplicative and were under the auspices of the Police Department and not the Public Facilities Department of the City of Bridgeport, and (2) said duties could be

performed by others in a more cost effective manner. There was a reorganization and review which eliminated the need for a review by Mr. Young. It is also contended that the Director of Public Facilities was questioning the performance of these duties by Mr. Young and that his accountability was questionable.

## VII. **TRAIL BY MAGISTRATE JUDGE**

The Defendant City of Bridgeport consents to a trial by Magistrate Judge.

## VII. **LIST OF WITNESSES**

1. George Estrada, Director of Public Facilities, 999 Broad Street, Bridgeport, Connecticut

   It is anticipated that Mr. Estrada will testify as to the organization of the Public Facilities Department and the budget of the Department. He will testify as to his efforts to assist Mr. Young in employment issues.

2. John Cottell, Public Facilities Department, 999 Broad Street, Bridgeport, Connecticut

   Mr. Cottell may testify as to the employment by the City of Bridgeport of Mr. Young. He may testify as to the job performance and the decision to eliminate the position that Mr. Young was performing. He may also testify as to the work hours, job performance and the difficulties he had with obtaining the necessary work records of Mr. Young. Mr. Cottell may testify as to the elimination of the position regarding the checking of street lights within the Public Facilities Department and how these duties are not handled by the City of Bridgeport. Mr. Cottell may also testify about the concerns regarding public safety at buildings owned by the Bridgeport Housing Authority prior to a change in security procedures in 2002.

3. Attorney Mark T. Anastasi, City Attorney, 999 Broad Street, Bridgeport, Connecticut

Attorney Anastasi may testify as to his knowledge of Mr. Young and discussions he has had with Mr. Young concerning his work (as a Sheriff) for the Office of the City Attorney. Attorney Anastasi may testify as to his attempts to provide Mr. Young with work from the City of Bridgeport. He may testify as to City efforts to consolidate the police activities within the Housing complex. Attorney Anastasi may also testify about the concerns regarding public safety at buildings owned by the Bridgeport Housing Authority prior to a change in security procedures in 2002.

4. Thomas McCarthy, Labor Relations Department, 45 Lyon Terrace, Bridgeport, Connecticut

Mr. McCarthy may testify as to conversations he has had with Mr. Young and his attempts to help employ Mr. Young. He may testify as to the basis for the elimination of his position as an Inspector for the Public Facilities Department.

5. Lawrence Osborne, Labor Relations Office, 45 Lyon Terrace, Bridgeport, Connecticut

Mr. Osborne may testify as to the employment opportunities provided to Mr. Young and as to the decision to eliminate the position as Inspector. He may also testify as to conversations that he had with Mr. Young regarding his claims.

6. Keeper of Records, Bridgeport Hospital, 267 Grant Street, Bridgeport, Connecticut

May testify concerning health evaluations for employment with the City by Mr. Young.

7. Thomas Sherwood, City of Bridgeport, 999 Broad Street, Bridgeport, Connecticut

Mr. Sherwood may testify as to the financial condition of the City and the preparation of a budget that required the elimination of the position

BMF05021

4

of Inspector of Public Facilities. He may testify as to the financial condition of the City and his instructions to all City departments regarding attempts to establish a balanced budget.

8. Director, Office of Internal Affairs, 999 Broad Street, Bridgeport, Connecticut

This individual may testify as to the multiple complaints by Mr. Young and the attempts to investigate the claims and Mr. Young's statements during the course of these investigations.

9. Police Officer Robert Winkler, Bridgeport Police Department, 300 Congress Street, Bridgeport, Connecticut

Officer Winkler will testify as to his duties as a Police Officer, his contact with Mr. Young and the actions of Mr. Young concerning this officer's performance of his duties. Officer Winkler will testify as to the attempts of the Bridgeport Police Department to assist Mr. Young and their inability to do so.

10. Police Officer Brian Fitzgerald, Bridgeport Police Department, 300 Congress Street, Bridgeport, Connecticut

Officer Fitzgerald will testify as to his duties as a Police Officer, his contact with Mr. Young and the actions of Mr. Young concerning this officer's performance of his duties. Officer Fitzgerald will testify as to the attempts of the Bridgeport Police Department to assist Mr. Young and their inability to do so.

11. Keeper of the Records, Grants Personnel, 45 Lyon Terrace, Bridgeport, Connecticut

This individual will provide records concerning the various jobs, positions or assignments of Mr. Young in the City of Bridgeport.

12. Deputy Chief Anthony Armeno, Bridgeport Police Department, 300 Congress Street, Bridgeport, Connecticut

   Deputy Chief Armeno may provide testimony concerning the Bridgeport Police Department and contact with Cecil Young while he was employed by the Bridgeport Housing Authority.

13. Retired Deputy Chief David Boston, Bridgeport Police Department, 300 Congress Street, Bridgeport, Connecticut

   Retired Deputy Chief Boston may testify as to his contact with Mr. Cecil Young during the time the Deputy Chief was involved with patrol units and the community policing in the Bridgeport Police Department.

14. Retired Deputy Chief Hector Torres, Bridgeport Police Department, 300 Congress Street, Bridgeport, Connecticut

   Retired Deputy Chief Torres may testify regarding his contact with Mr. Young when he was employed by the Housing Authority. He may also testify as to the difficulties that were created in the police duties as a result of the interference by Mr. Young and the lack of authority that Mr. Young had regarding police work.

15. Keeper of Records, Bridgeport Superior Court, 1061 Main Street, Bridgeport, Connecticut

   This individual may provide records of the legal actions involving Mr. Young in both the criminal and civil divisions of the Superior Court.

16. Janet Finch, Benefits Department, 45 Lyon Terrace, Bridgeport, Connecticut

   Ms. Finch may testify concerning City records concerning the employment and pay records of Cecil Young.

17. Charles Carroll, Administrative Assistant, City of Bridgeport, 999 Broad Street, Bridgeport, Connecticut

    Mr. Carroll will testify about the numerous discussions he has had with Mr. Young concerning employment with the City of Bridgeport and his assistance concerning helping Mr. Young to gain employment with the City of Bridgeport.

18. Attorney John Stafstrom, 850 Main Street, Bridgeport, Connecticut

    Attorney Stafstrom may testify about the many conversations that he had with Mr. Young and his attempts to help him acquire a job.

19. John Marsilio, Aquarion Company, 600 Lindley Street, Bridgeport, Connecticut

    Mr. Marsilio will testify as to his employment with the City of Bridgeport as the Director of Public Facilities and his decisions regarding the budget. He may testify as to the employment of Mr. Young and the decision to eliminate the position of Inspector as to Mr. Young.

20. James Holloway, Public Facilities Department, 999 Broad Street, Bridgeport, Connecticut

    Mr. Holloway may testify as to his knowledge of the job positions in the Department of Public Facilities, his knowledge and contact with Mr. Young and his knowledge of the decision to eliminate the position of Inspector.

21. Sgt. Uliano or Keeper of Records Bridgeport Police Department, Overtime Office, 300 Congress Street, Bridgeport, Connecticut

    He may testify concerning the efforts of Cecil Young to interfere in the police duties and responsibilities at the Housing Complex.

22. Retired Chief of Police Thomas Sweeney, Glastonbury Police Department, Glastonbury, Connecticut

Retired Chief Sweeney may testify concerning his involvement with Cecil Young and the measures he took to address the concerns by members of the Department about the activities of Mr. Young.

23. Lt. Robert Evans, Bridgeport Police Department, 300 Congress Street, Bridgeport, Connecticut

Lt. Evans may testify as to the complaints submitted to the Bridgeport Police Department involving Cecil Young.

24. Sergeant Donald Jacques, Bridgeport Police Department, 300 Congress Street, Bridgeport, Connecticut

Sergeant Jacques may testify about the decision of the City to offer additional police services to the Housing Authority in the City of Bridgeport.

## IX. STIPULATIONS OF FACT

1. The Defendant, City of Bridgeport, is a municipal corporation organized and existing under the laws of the State of Connecticut.

2. The Plaintiff, Cecil Young, is presently employed by the City of Bridgeport in the capacity as a Security Guard in the Department of Welfare Assistance in the City of Bridgeport.

3. The present employment by the City of Bridgeport for Mr. Young was created at the request of the Office of the Mayor after discussions with Cecil Young.

BMF05021                                  8

4. Mr. Young was delayed in beginning the new position as security guard for the City of Bridgeport because he could not pass the drug test given to him in pre-employment screening.

## X. **EXHIBITS**

1. The personnel records of Mr. Cecil Young while in the employment of the City of Bridgeport in grants as well as City employment.

2. The time records of Mr. Young during the time period 1999 to 2002.

3. The payments to Mr. Young upon separation from the employ of the City of Bridgeport

4. Any and all sums paid to Mr. Young for services outside of the position as inspector.

5. Citizen Complaints by Mr. Young against Bridgeport Police Officers.

6. Letter of separation of employment to Mr. Young.

7. Budget documents of the City of Bridgeport for the fiscal year 2002-2003.

8. Superior Court Criminal action concerning the breach of peace of Mr. Cecil Young and the decision of the judge after trial.

9. August 31, 2001 Agreement for Settlement with Cecil Young.

10. May 30, 2001 letter from Angel Hooks to Lawrence Osborne concerning service of Young with the City of Bridgeport.

11. August 11, 1998 letter of employment to Cecil Young from Labor Relations Office.

12. December 9, 1991 letter from Lt. Hector Torres to Mary Maglione.

13. Inter-Office Memo dated August 17, 1989 from Harold Fair to R. Garcia concerning violations of the Hatch Act with campaigning.

14. Letter dated October 17, 1988 to Cecil Young from Roberto Garcia regarding disciplinary hearing.

15. June 4, 1992 letter to Cecil Young from Edward Boman regarding the termination of employment.

16. December 31, 1996 letter from Lawrence Osborne regarding termination of employment.

17. Letter dated February 19, 1998 from Clarence Craig to Sgt. Uliano concerning officers assigned to the housing complex.

18. Letter dated October 2, 1987 from Jose Ortiz to Cecil Young concerning reporting duties.

19. City of Bridgeport Grants Personnel Request Form for March 1998, July 1998 and September 1998 and January 2004.

20. List of Employees Laid off from the City Employment in 2002

21. Document concerning Officer Robert Winkler circulated by Cecil Young.

22.  January 7, 2004 letter with offer of employment as Security Guard to Cecil Young

XI. **FURTHER PROCEEDINGS**

1.  Motion in Limine to preclude any statements of settlement efforts by the Defendants to Cecil Young.

XII. **PROPOSED VOIR DIRE QUESTIONS**

Attached hereto

XIII. **PROPOSED JURY INSTRUCTIONS**

Attached hereto

                                  THE DEFENDANT
                                  CITY OF BRIDGEPORT

By: _____
     Barbara Brazzel-Massaro
     Associate City Attorney
     OFFICE OF THE CITY ATTORNEY
     999 Broad Street - 2nd Floor
     Bridgeport, CT 06604
     Telephone #203/576-7647
     Fed. Bar No. 05746

## CERTIFICATION

This is to certify that a copy of the foregoing "Defendant City of Bridgeport's Proposed Trial Memorandum" has been mailed, postage prepaid, on this 4TH day of February, 2005, to:

**Thomas J. Weihing, Esq.**
**Daly, Weihing & Bochanis**
**1115 Main Street, Suite 710**
**Bridgeport, CT 06604**

**Michael T. Ryan, Esq./James Mahar, Esq.**
**Ryan, Ryan, Johnson & Deluca, LLP**
**80 Fourth Street**
**Stamford, CT 06905**

**Magistrate Judge Joan G. Margolis**
**United States District Court**
**141 Church Street**
**New Haven, CT 06510**

_____
Barbara Brazzel-Massaro

BMF05021                              12