UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CECIL YOUNG                               :
                                          :
        Plaintiff,                        :
                                          :
   v,                                     :   CIVIL ACTION NO. 3:03 CV 1010 (JBA)
                                          :
CITY OF BRIDGEPORT HOUSING                :
AUTHORITY, AND COLLIN VICE,               :
IN HER OFFICIAL CAPACITY AS               :
EXECUTIVE DIRECTOR OF THE                 :   FEBRUARY 7, 2005
BRIDGEPORT HOUSING AUTHORITY              :
AND IN HER PERSONAL CAPACITY;             :
AND THE CITY OF BRIDGEPORT                :
                                          :
        Defendants.                       :

## DEFENDANTS', CITY OF BRIDGEPORT HOUSING AUTHORITY AND COLLIN VICE, TRIAL MEMORANDUM

The Defendants, City of Bridgeport Housing Authority ("BHA") and Collin Vice,

respectfully submit this Trial Memorandum.

1.   **TRIAL COUNSEL**

     Michael T. Ryan (ct 05685)
     James A. Mahar (ct 21845)
     Ryan, Ryan, Johnson & Deluca, LLP
     80 Forth Street
     Stamford, CT 06905
     (203) 357-9200

2.    **JURISDICTION**

The Plaintiff alleges jurisdiction pursuant to 42 U.S.C. § 1983 and the First and
Fourteenth Amendments to the United States Constitution. The Plaintiff further
alleges jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a) and the
principles of supplemental and pendent jurisdiction.

The Plaintiff alleges that conduct alleged in the Amended Complaint occurred
within the territorial jurisdiction of the United States District Court for the District
of Connecticut.

3.    **JURY/NON-JURY**

This is a jury case.

4.    **LENGTH OF TRIAL**

The Defendants anticipate that the trial of this matter will take 8 days inclusive of
jury charge and deliberation.

5.    **FURTHER PROCEEDINGS**

The Defendants may request the Court to rule upon motions in limine concerning
testimony and exhibits offered at trial.

6.    **NATURE OF THE CASE**

Plaintiff purports to allege an action against the BHA and Collin Vice pursuant to
42 U.S.C. § 1983 claiming retaliation for the exercise of the Plaintiff's rights of
free speech and pursuant to the First Amendment of the Constitution of the United
States and Article First Section 4 of the Constitution of the State of Connecticut.
Additionally, Plaintiff purports to allege an action for violation of Connecticut

General Statutes § 31-51q and § 31-51m, claiming retaliation for the exercise of his rights of free speech.

7.    **TRIAL BY MAGISTRATE**
The Defendants BHA and Collin Vice do not consent to a trial by Magistrate Judge.

8.    **LIST OF WITNESSES**

1.    **Collin Vice, former Executive Director of the BHA.  24 Asia Circle, Bridgeport, CT.**
Ms. Vice is a defendant in this action.  She is expected to testify concerning the facts and circumstances surrounding the events stated in plaintiff's complaint including, but not limited to, the plaintiff's employment history with the BHA, problems the plaintiff has had with the BHA and its employees, the creation of a public housing police unit in 2000, the elimination of plaintiff's position as a "public safety officer," the facts and circumstances regarding the tours organized and conducted by the plaintiff in the summer of 2000, and plaintiff's conduct before, during and after said tours.

2.    **Earl Mellow, former Head of Security of the BHA. 150 Highland Ave., Bridgeport, CT.**
Mr. Mellow is a fact witness who is expected to testify concerning the facts and circumstances surrounding the events stated in the plaintiff's complaint including, but not limited to, the plaintiff's employment with the BHA, problems plaintiff had with the BHA and other employees, the creation of a public housing police unit in the year 2000 and the reasons for its creation, the facts and circumstances surrounding the tours organized and conducted by the plaintiff in the summer of 2000, the plaintiff's conduct before, during, and after said tours, and the conduct of the BHA relative thereto.

- 3 -

3.     **Mariah Natee, Human Resources Director of the BHA. 150 Highland Ave., Bridgeport, CT.**
       Ms. Natee is a fact witness who is expected to testify concerning the facts and circumstances surrounding the events stated in the plaintiff's complaint, including but not limited to, the plaintiff's employment with the BHA, problems the plaintiff had with the BHA and other employees, conversations she had with the plaintiff concerning the events as stated in the plaintiff's complaint, the facts and circumstances surrounding the tours organized and conducted by the plaintiff, his conduct before, during and after said tours.

4.     **Jonas DeGuzman, Special Assistant to the BHA Executive Director. 150 Highland Ave. Bridgeport, CT.**
       Mr. DeGuzman is a fact witness who is expected to testify concerning the facts and circumstances surrounding the events stated in plaintiff's complaint, including but not limited to, plaintiff's employment with the BHA, problems plaintiff had with the BHA and employees thereof, the creation of the Public Housing Police Unit in the year 2000 and the reasons for its creation, the facts and circumstances surrounding the tours organized and conducted by the plaintiff in the summer of 2000 and the plaintiff's conduct, before, during and after said tours.

5.     **Hector Torres, former Acting Chief of Police of the City of Bridgeport. 45 Lyon Terrace, Bridgeport, CT.**
       Mr. Torres is a fact witness is expected to testify concerning the facts and circumstances surrounding the events stated in the plaintiff's complaint, his contact with the Plaintiff when he was employed by the BHA, problems that were created in the police duties as a result of the interference by plaintiff and the lack of authority that plaintiff had with respect to police work, and the creation of a public housing police unit in the year 2000.

6.    **Donald P. Jacques, Bridgeport Police Officer. 45 Lyon Terrace, Bridgeport, CT.**
       Mr. Jacques is a fact witness who is expected to testify concerning the facts and circumstances surrounding the events stated in plaintiff's complaint, including but not limited to, the creation of the public housing police unit in the year 2000. He may also testify concerning his contact with the plaintiff when he was employed by the BHA and his dealings with the plaintiff in general.

7.    **Capt. Richard Petite, Bridgeport Police Officer. 45 Lyon Terrace, Bridgeport, CT.**
       Capt. Petite is a fact witness who is expected to testify concerning the facts and circumstances surrounding the events stated in the plaintiff's complaint, including but not limited to, his contact with the plaintiff while plaintiff was employed by the BHA and the City of Bridgeport.

8.    **Attorney Mark T. Anastasi, City Attorney, 999 Broad Street, Bridgeport, CT.**
       Attorney Anastasi is a fact witness who is expected to testify concerning the facts and circumstances surrounding the events stated in the plaintiff's complaint, including but not limited to, the creation of a public housing police unit in the year 2000, his knowledge of the plaintiff while he was employed with the BHA and thereafter, as well as conversations he had with the plaintiff concerning the events surrounding this case.

9.    **Attorney Joseph Siciliano, 3333 Main Street, Stratford, CT.**
       Attorney Siciliano is the former private attorney for the BHA. He is expected to testify regarding the facts and circumstances surrounding the events in the plaintiff's complaint, plaintiff's past conduct with the BHA, including, but not limited to, prior lawsuits brought by the plaintiff, prior complaints brought by plaintiff's, plaintiff's conduct in general, as well as his knowledge of the plaintiff through personal contact and conversations with him.

10. **Wayne Haschak: Former BHA Commissioner, 150 Highland Ave., Bridgeport, CT.**
Mr. Haschak is expected to testify regarding the facts and circumstances surrounding the events stated in the plaintiff's complaint. He is also expected to testify regarding plaintiff's position as City Sheriff, plaintiff's contact with the Board of Commissioners before and after September 28, 2001.

11. **Attorney Michael LaVelle, Pullman & Comely, LLC, 850 Main Street, Bridgeport, CT 06604.**
Attorney LaVelle may be called upon to testify concerning non-privileged communications he had with the Defendants regarding plaintiff's employment and conduct.

The Defendants, BHA and Collin Vice, reserve the right to cross-examine any and all of the witnesses called by the plaintiff or the co-defendant, City of Bridgeport, and to call as witnesses any of the witnesses identified by either the plaintiff or co-defendant, but who are not called to testify by either party.

9. **STIPULATION OF FACT**

1. Cecil Young was an employee of the BHA in the summer of 2000.
2. The BHA is a public corporation housing authority.
3. Collin Vice was the Executive Director of the BHA in the summer of 2000.
4. In the summer of 2000, the BHA managed the Pequonnock Apartment complex, which no loner exists, and the Greene Homes complex.
5. Cecil Young was employed by the BHA as a "Public Safety Officer" between February 1, 1993 and September 28, 2001.
6. On July 11, 2000, the BHA Human Resource Director, Mariah Natee notified Cecil Young that he was suspended for two weeks without pay for organizing a tour of the Charles F. Greene Homes Site.

- 6 -

7.  Cecil Young's conduct of organizing and conducting the tour on BHA property without permission of the BHA, violated BHA policy.

8.  Cecil Young was informed that any future violations would result in his termination.

9.  On August 9, 2000, Earl Mellow, the BHA Chief of Security notified Cecil Young that if he conducted a second tour of Charles F. Greene Homes, he would be subject to further disciplinary action.

10. On August 24, 2000, Cecil Young was informed by Earl Mellow that his conduct of a second tour on August 23, 2000 of the Charles F. Greene Homes was subject to review for further disciplinary action.

## 10.  **EXHIBITS**

The Defendants reserve the right to offer any of the following exhibits at trial.

1.  The personnel records of Mr. Cecil Young while in the employment of the Bridgeport Housing Authority.

2.  The time records of Mr. Young.

3.  Correspondence from Sgt. Donald P. Jacques to Earl Mellow dated January 11, 2000, concerning the Bridgeport Housing Authority Village Police Detail, with attached proposal.

4.  Letter from Harry B. Elliot to Hector Torres dated March 20, 2000 concerning the creation of a Housing Authority Police Unit.

5.  Correspondence from Collin Vice to Hector Torres dated March 9, 2000 concerning a proposal for creation of a public housing police unit with attached proposal.

6.  Memorandum from Collin Vice to Olive Harbor dated April 17, 2000 concerning the creation of the public housing police unit.

7.  Memorandum from Olive Harbor to Collin Vice dated May 2, 2000 regarding the creation of a public housing police unit.

8.  Memorandum from Edmund Winterbottom to Mark Anastasi dated June 22, 2000, concerning the creation of a public housing police unit.

9.    E-mail memorandum from Mark Anastasi to Jonas DeGuzman, dated July 27, 2000 regarding the draft agreement for a public housing police unit, with attached draft agreement.

10.    E-mail memorandum from Mark Anastasi to Jonas DeGuzman dated August 25, 2000 concerning the draft agreement for a public housing police unit, with agreement.

11.    E-mail memorandum from Mark Anastasi to Jonas DeGuzman dated September 12, 2000 regarding the Agreement concerning the public housing police unit.

12.    Correspondence from Collin Vice to Phyllis Smelkinson dated September 14, 2000 concerning the implementation of the public housing police unit.

13.    Letter from Collin Vice to Cecil Young dated December 29, 1992 regarding the position of 'public safety officer' with the BHA.

14.    Memorandum from Collin Vice to Earl Mellow dated February 11, 1993 concerning the job description of 'public safety officer,' with attached job description.

15.    Performance Appraisal from the BHA regarding the Plaintiff dated October 1, 1999.

16.    Memorandum from Earl Mellow to Mariah Natee, dated January 31, 2000 concerning the revised job description of 'public safety officer,' with attached job description.

17.    Memorandum from Mariah Natee to Cecil Young dated January 31, 2000 concerning the change in plaintiff's job duties.

18.    JOB DESCRIPTION: Public Safety Officer.

19.    Notice from Cecil Young dated July 6, 2000 advising of first tour.

20.    Same notice as 18, with memo from Earl Mellow to Sgt. Jacques regarding the plaintiff's tour.

21.    Memorandum from Earl Mellow to Collin Vice dated July 10, 2000 regarding plaintiff's proposed tour.

22.    Memorandum from Mariah Natee to Ruth Hankerson, dated July 11, 2000 concerning suspension of plaintiff.

23.    Notice of Personnel Action dated July 12, 2000.

24. Memorandum from Mariah Natee to Cecil Young dated July 11, 2000 regarding plaintiff's suspension.
25. Notice from Cecil Young dated August 2, 2000 regarding the second tour.
26. Memorandum from Earl Mellow to Cecil Young dated August 9, 2000 regarding the second tour.
27. Notes of Mariah Natee dated August 23, 2000 regarding her meeting with the plaintiff.
28. Memorandum from Earl Mellow to Cecil Young, dated August 24, 2000 concerning the second tour.
29. Correspondence from Collin Vice to Cecil Young dated August 17, 2001 concerning the elimination of his position of 'public safety officer.'
30. E-mail memorandum from Avone Santana to Mariah Natee dated August 28, 2001 regarding plaintiff's lack of response to the August 17, 2000 letter.
31. Correspondence from Collin Vice to Cecil Young dated September 7, 2001 advising of termination.
32. Unemployment notice.
33. Correspondence from Collin Vice to Congressman Christopher Shays dated August 8, 2000 regarding plaintiff's tour.
34. Notice prepared by Cecil Young concerning the tours.
35. Memorandum from Earl Mellow to Cecil Young dated February 19, 1998 regarding the sending of letters to the police department, with correspondence from Clarence H. Craig, Jr. to Sgt. John Uliano dated February 19, 1998.
36. Memorandum from Earl Mellow to Cecil Young dated February 20, 1998 concerning plaintiff's unacceptable conduct.
37. Memorandum from Earl Mellow to Cecil Young dated June 13, 1996 regarding plaintiff's use of personal vehicle for BHA business.
38. Memorandum from Earl Mellow to Cecil Young dated September 17, 1996 concerning plaintiff's request for compensatory time and documents attached thereto, including memorandum from Young to Earl Mellow dated September 10, 1996 and Memorandum from Collin Vice to Earl Mellow and Cecil Young dated March 30, 1993.

39.  Memorandum from Earl Mellow to Cecil Young dated June 4, 1999 regarding plaintiff's work hours and use of vehicle.
40.  Memorandum from Sally Carter to Collin Vice dated August 29, 2000 regarding plaintiff's conduct on August 27, 2000.
41.  Memorandum from Earl Mellow to Cecil Young dated September 11, 2000 regarding plaintiff's conduct on August 27, 2000.
42.  Memorandum from Cecil Young to Earl Mellow dated January 10, 2001 regarding security at Pequonnock Apartments.
43.  Portions from the Affidavit of Illegal Discriminatory Practice filed by Plaintiff with the EEOC dated February 11, 2003.
44.  Portions from the Affidavit of Illegal Discriminatory Practice filed with the Commission on Human Rights and Opportunities dated December 6, 2001.
45.  Portions of the BHA's response to plaintiff's CHRO Complaint dated January 9, 2002.
46.  Portions of Plaintiff's "Rebuttal" to the BHA's Answer, dated February 27, 2002.

## 11.    VOIR DIRE QUESTIONS

1.  Have you ever been employed by a governmental employer?
2.  Have you ever been fired from a job?
3.  Have you ever been involved in an employment dispute?
4.  Have you ever sued an employer?
5.  Have you or any close family members lived in public housing?
6.  Have you ever been a party to a lawsuit as a plaintiff?
7.  Have you ever been a party to a lawsuit as a defendant?
8.  Do you or have you ever lived in the City of Bridgeport?
9.  Have you read any newspaper articles or seen any news reports about the Bridgeport Housing Authority or Collin Vice?
10.  Have you ever lived in property owned by the BHA?
11.  Have you ever had any complaints concerning the BHA?
12.  Have you ever had any dealings, personal or professional, with the BHA?

- 10 -

13. Do you have any strong feelings one way or the other about public housing or public housing authorities?

14. Do you know anything about the BHA or any of the individual parties that would influence your decision in this case?

15. Have you read any newspaper articles or seen any television reports regarding the plaintiff, Cecil Young.

16. Have you heard any radio programs about Cecil Young or the BHA?

## 12. **DEPOSITION TESTIMONY**

The Defendants reserve the right to cross-examine the plaintiff, Cecil Young, with the transcript from his deposition.

## 13. **REQUEST FOR JURY INSTRUCTIONS**

See attached.

## 14. **PROPOSED JURY VERDICT FORMS**

To be provided.

THE DEFENDANTS,
CITY OF BRIDGEPORT HOUSING
AUTHORITY AND COLLIN VICE

By: _____

James A. Mahar, Esq., (CT 21854)
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, CT   06905
Phone No. 203-357-9200

- 12 -

## CERTIFICATE OF SERVICE

I hereby certify that on February ___ , 2005, a copy of the above was mailed to the

following counsel and pro se parties of record:

Barbara Brazzel-Massaro, Esq.
City of Bridgeport
Office of the City Attorney
999 Broad Street
Bridgeport, CT 06604-4328
Attorney for Defendant, City of Bridgeport

Thomas J. Weihing, Esq.
Daly, Weihing & Bochanis
1115 Main Street
Suite 710
Bridgeport, CT 06604
Attorney for Plaintiff, Cecil Young

James A. Mahar, Esq.

I:\Procases\1742.008\trialbrief.wpd
1742.008

- 13 -