UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CECIL YOUNG | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v, | : | CIVIL ACTION NO. 3:03 CV 1010 (JBA) |
| | : | |
| CITY OF BRIDGEPORT HOUSING | : | |
| AUTHORITY, AND COLLIN VICE, | : | |
| IN HER OFFICIAL CAPACITY AS | : | |
| EXECUTIVE DIRECTOR OF THE | : | FEBRUARY 16, 2005 |
| BRIDGEPORT HOUSING AUTHORITY | : | |
| AND IN HER PERSONAL CAPACITY; | : | |
| AND THE CITY OF BRIDGEPORT | : | |
| | : | |
| Defendants. | : | |

**OBJECTION TO PLAINTIFF'S TRIAL EXHIBITS**

The undersigned Defendants, City of Bridgeport Housing Authority and Collin Vice Object to the Plaintiff's proposed trial exhibits in accordance with the following.

The Defendants object to exhibits 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 30, 32, 34, 35, 36, 49, 51, 54, 59, 60, 61, 62, 63, 71, 84, 85, 86, 89, 90, 91, 93, 94, 95, and 96.

1. Exhibit 1:   City of Bridgeport Housing Authority Report dated July 5, 2000. The Plaintiff states that this exhibit concerns the BHA's private initiative account and "its alluded to purpose by Chairman of the Board of Commissioners."

**Objection:**   The Defendants object to this exhibit because it is irrelevant, and it is hearsay. Even if this exhibit is probative to any of issue in this case, any probative value is substantially outweighed by the danger unfair prejudice, confusion of the issues, and the danger it would mislead the jury.  It should be excluded, pursuant to Fed. R. Evid. § 403.

It is anticipated that the plaintiff will attempt to offer this exhibit to show that the Chairman of the BHA Board of Commissioners admitted that the BHA operated a secret fund that is used for illegal purposes.  However, in this lawsuit, the plaintiff claims that the Defendant, Collin Vice, was not "using the federal funds allocated for police protection in the Pequonnock Apartment and Green Homes complexes." See Amended Complaint ¶ 14.  The excerpt of the report provided by plaintiff through discovery states:

> In December 1999, the Chairman of the Board of Commissioners wrote to Secretary Cuomo expressing concerns over our review of the Private Initiative projects.  **"The Chairman suggested that <u>we</u> alluded to the Private Initiative account as a "secret fund that is used for illegal purposes."**

Far from being an admission on the part of the BHA, as the Plaintiff seems to assert, the statement in the document references a characterization of the Chairman of the BHA Board of Commissioners regarding a statement **made by HUD auditors**.  This statement has nothing to do with the Plaintiff's claims as alleged in his Amended Complaint.  Moreover, even if this exhibit has some probative value regarding the Plaintiff's claims, any such probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and that it would mislead the jury.

The Plaintiff does not make any claims regarding the Private Initiative Account in his Complaint or Amended Complaint.  The fact that the BHA was criticized by HUD auditors can only serve to unduly prejudice the jury against the Defendants.

Finally, Plaintiff's Exhibit 1 is an a hearsay document, pursuant to Fed. R. Evid. 802, and does not fall into any of the exceptions to the rule.

 2. Exhibit 2: Correspondence, dated March 23, 2003, from Plaintiff to Attorney General Richard Blumenthal.

**Objection:** The Defendants object to this exhibit on the grounds that it is irrelevant, and that it is hearsay. This exhibit concerns the Plaintiff's allegations that the Defendant BHA paid for funeral services and buses, as well as a relative of the BHA Controller having a painting contract with the BHA. Accordingly, this document should be excluded pursuant to Fed. R. Evid. 402.

 These issues have nothing to do with the allegations contained in the Plaintiff's Complaint or Amended Complaint and can only serve to confuse the jury and should be excluded pursuant to Fed. R. Evid. 403. Moreover, the document is self-serving hearsay and should be excluded pursuant to Fed. R. Evid. 802.

 3. Exhibit 3: Correspondence, dated April 15, 2003, from Plaintiff to Congressman Christopher Shays.

**Objection:** This exhibit is irrelevant and should be excluded pursuant to Fed. R. Evid. 402. This document concerns an Freedom of Information request made by the Plaintiff regarding Plaintiff's attempts to obtain documents concerning alleged payments for funeral services for a former BHA employee. The subject matter of this document has nothing to do with the claims Plaintiff makes in his Complaint and Amended Complaint.

 Moreover, this letter is self-serving hearsay and should be excluded pursuant to Fed. R. Evid. 802.

 4. Exhibit 4: Memo dated October 15, 2001, from Plaintiff to the Bridgeport Housing Authority's Board of Commissioners.

**Objection:** This exhibit is a hearsay document pursuant to Fed. R. Evid. 802. Moreover, it contains opinions of the plaintiff that are inadmissible pursuant to Fed. R. Evid. 701. Plaintiff attempts to give his opinion regarding the state of mind of the Defendants.

    5.    Exhibit 5:    Memo, dated February 17, 2002, from Plaintiff to the Bridgeport Housing Authority's Board of Commissioners.

**Objection:** This exhibit is not relevant to any of the claims as stated in the Plaintiff's Complaint and Amended Complaint and should be excluded, pursuant to Fed. R. Evid. 402. The subject matter of this document concerns disputes Plaintiff had with the Defendants about his renting a trailer to a security firm hired by the BHA. Additionally, any probative value this exhibit may have, which is denied, it would be substantially outweighed by the danger of unfair prejudice against the Defendants, confusion of the issues and the danger that it will mislead the jury. As such, it should be excluded pursuant to Fed. R. Evid. 403.

Additionally, this document is self-serving hearsay that should be excluded pursuant to Fed. R. Evid. 802.

    6.    Exhibit 6:    Correspondence, dated March 3, 2002, from Plaintiff to Dolores Tamowski, Clerk of the Freedom of Information Commission.

**Objection:** This exhibit is irrelevant to any of the Plaintiff's claims as stated in his Complaint and Amended Complaint and should be excluded, pursuant to Fed. R. Evid. 402. This document concerns Plaintiff's attempts to obtain documents about a trip to a funeral. Moreover, inasmuch as this documents discusses a fine imposed on the Defendants for allegedly failing to comply with an FOI request, any probative value this document may have, which is denied, is substantially outweighed by the danger of unfair prejudice against the Defendant, confusion of the issues and the danger it will mislead the jury. Accordingly, it should be excluded pursuant to Fed. R. Evid. 403.

                This document is also inadmissible, self-serving hearsay, and should be excluded pursuant to Fed. R. Evid. 802.

7.     Exhibit 7:    Correspondence, dated October 3, 2002, from Plaintiff to the Freedom of Information Commission.

**Objection:** This exhibit is irrelevant to any of the Plaintiff's claims as stated in his Complaint and Amended Complaint and should be excluded, pursuant to Fed. R. Evid. 402. This document concerns Plaintiff's attempts to obtain documents about a trip to a funeral. Moreover, inasmuch as this document discusses a fine imposed on the Defendants for allegedly failing to comply with an FOI request, any probative value this document may have, which is denied, is substantially outweighed by the danger of unfair prejudice against the Defendant, confusion of the issues and the danger it will mislead the jury. Accordingly, it should be excluded pursuant to Fed. R. Evid. 403.

This document is also inadmissible, self-serving hearsay, and should be excluded pursuant to Fed. R. Evid. 802.

8.     Exhibit 8 through 12:
                Correspondence, dated December 13, 2001, from Plaintiff to Carlos Garcia, Jeri Boyd. Wayne J. Haschak, Roberto Rodriguez, and Bessie Thomas, of the Bridgeport Housing Authority's Board of Commissioners.

**Objection:** These five letters from the Plaintiff to members of the BHA Board of Commissioners should be excluded, pursuant to Fed. R. Evid. 402. These letters concern Plaintiff's Freedom of Information request for information concerning alleged payments by the Defendants for funerals. The subject matter of these documents have nothing to do with any of the allegations contained in the Plaintiff's Complaint or Amended Complaint. Additionally, these documents are inadmissible hearsay and should be excluded pursuant to Fed. R. Evid. 802.

      9.      Exhibit 13:      Correspondence, dated April 11, 2003, from Plaintiff to Sherman D. London who is a Commissioner with the Freedom of Information Commission.

**Objection:** This document is irrelevant to the allegations contained in the Plaintiff's Complaint and Amended Complaint and should be excluded pursuant to Fed. R. Evid. 402. This document concerns a Freedom of Information request made by the Plaintiff after his separation from the BHA, concerning the alleged payments for funeral expenses of a former employee.

The document also contains inadmissible opinion evidence of the Plaintiff that should be excluded pursuant to Fed. R. Evid. 701. Additionally, this document constitutes inadmissible hearsay and should be excluded pursuant to Fed. R. Evid. 802.

      10.      Exhibit 14:      Correspondence, dated May 14, 2003, from Plaintiff to the State Ethics Commission.

**Objection:** This document is irrelevant and should be excluded pursuant to Fed. R. Evid. 402. This exhibit concerns Plaintiff's accusations of unethical behavior of employees of the BHA, regarding painting contracts, and has nothing to do with the allegations contained in the Plaintiff's Complaint and Amended Complaint. Any probative value this exhibit may have, which is denied, would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or the danger it would mislead the jury.

      11.      Exhibit 15:      Correspondence, dated March 25, 2003, from Plaintiff to Congressman Christopher Shays.

**Objection:** This exhibit is irrelevant to any issues in this case and should be excluded pursuant to Fed. R. Evid. 402. The subject matter of this document is related to Plaintiff's allegations that the former Executive Director of the BHA, who is not a

party to this case, paid for funeral services, and painting contracts. Additionally, this document constitutes inadmissible hearsay and should be excluded pursuant to Fed. R. Evid. 802.

12.     Exhibit 16:     Correspondence, dated November 14, 2001, from Plaintiff to Congressman Christopher Shays.

**Objection:** This exhibit is inadmissible, self serving hearsay and should be excluded pursuant to Fed. R. Evid. 802. Moreover, the content of this document is irrelevant to the claims made by the Plaintiff in his Complaint and Amended Complaint and should be excluded pursuant to Fed. R. Evid. 402. The Plaintiff claims he was retaliated against due to two tours he conducted in the summer of the year 2000. This letter was written over a year after this conduct.

13.     Exhibit 17:     Correspondence, dated November 14, 2001, from Plaintiff to Governor John G. Rowland.

**Objection:** This exhibit is inadmissible, self serving hearsay and should be excluded pursuant to Fed. R. Evid. 802. Moreover, the content of this document is irrelevant to the claims made by the Plaintiff in his Complaint and Amended Complaint and should be excluded pursuant to Fed. R. Evid. 402. The Plaintiff claims he was retaliated against due to two tours he conducted in the summer of the year 2000. This letter was written over a year after this conduct.

14.     Exhibit 18:     Memo, dated October 15, 1999, from Plaintiff to Congressman Christopher Shays.

**Objection:** This exhibit is irrelevant and should be excluded pursuant to Fed. R. Evid. 402. Additionally, it is inadmissible self-serving hearsay and should be excluded pursuant to Fed. R. Evid. 802. The subject matter of this document does not concern any of the allegations contained in Plaintiff's Complaint or Amended Complaint.

| | | |
|---|---|---|
| 15. | Exhibit 19: | Correspondence, dated October 20, 2002, from Plaintiff to the United States Department of Housing and Urban Development regarding HUD File No. NE 02 00241 C. |

**Objection:** The subject matter of this exhibit is irrelevant to any of the claims made by the Plaintiff in his Complaint or Amended Complaint and should be excluded pursuant to Fed. R. Evid. 402 and 403. It concerns his requests for information concerning the alleged use of BHA funds for funeral services and the transportation of BHA employees to funerals. Any probative value this document may have, which is denied, would be substantially outweighed by the danger of unfair prejudice to the Defendants, confusion of the issues in this case and/or the danger that it would mislead the jury. Moreover, this exhibit is self-serving hearsay, and should be excluded pursuant to Fed. R. Evid. 802.

| | | |
|---|---|---|
| 16. | Exhibit 20: | Correspondence, dated October 28, 2002, from Plaintiff to the Freedom of Information Commission regarding case no. FIC-2002-415. |

**Objection:** The subject matter of this exhibit is irrelevant to any of the claims made by the Plaintiff in his Complaint or Amended Complaint and should be excluded pursuant to Fed. R. Evid. 402 and 403. It concerns his requests for information concerning the alleged use of BHA funds for funeral services and the transportation of BHA employees to funerals. Any probative value this document may have, which is denied, would be substantially outweighed by the danger of unfair prejudice to the Defendants, confusion of the issues in this case and/or that it would mislead the jury. Moreover, this exhibit is self-serving hearsay, and should be excluded pursuant to Fed. R. Evid. 802.

| | | |
|---|---|---|
| 17. | Exhibit 21: | Correspondence, dated May 27, 2002, from Plaintiff to Attorney General Richard Blumenthal. |

**Objection:** The subject matter of this exhibit is irrelevant to any of the claims made by the Plaintiff in his Complaint or Amended Complaint and should be excluded

pursuant to Fed. R. Evid. 402 and 403. It concerns his requests for information concerning the alleged use of BHA funds for funeral services and the transportation of BHA employees to funerals. Any probative value this document may have, which is denied, would be substantially outweighed by the danger of unfair prejudice to the Defendants, confusion of the issues in this case and/or that it would mislead the jury. Moreover, this exhibit is self-serving hearsay, and should be excluded pursuant to Fed. R. Evid. 802.

18. Exhibit 22: Correspondence, dated October 29, 2001, from Plaintiff to Congressman Christopher Shays.

**Objection:** This exhibit is self-serving hearsay and should be excluded pursuant to Fed. R. Evid. 802. It also contains statements that are irrelevant to the subject matter of the Plaintiff's allegations contained in the Complaint and Amended Complaint, which should be excluded pursuant to Fed. R. Evid. 402 and 403.

19. Exhibit 23: Correspondence, dated November 21, 2001, from Plaintiff to Defendant, Collin Vice.

**Objection:** The subject matter of this exhibit is irrelevant to the claims made by the Plaintiff in his Complaint and Amended Complaint and it should be excluded pursuant to Fed. R. Evid. 402. It concerns Plaintiff's claim for Workers' Compensation benefits and is not related to his termination from the BHA or the tours he organized and conducted on BHA property.

20: Exhibit 24: Correspondence, dated November 14, 2001, from Plaintiff to the U.S. Dept. Of HUD.

**Objection:** This exhibit is almost identical to Plaintiff's proposed exhibit number 16. This document is inadmissible, self serving hearsay and should be excluded pursuant to Fed. R. Evid. 802. Moreover, the content of this document is irrelevant to the claims made by the Plaintiff in his Complaint and Amended Complaint and should be excluded pursuant to Fed. R. Evid. 402. The Plaintiff claims he was

retaliated against due to two tours he conducted in the summer of the year 2000. This letter was written over a year after this conduct.

21. Exhibit 25: Correspondence, dated October 10, 2002, from Plaintiff to the State of Connecticut Department of Environmental Protection.

**Objection:** The subject matter of this exhibit concerns plaintiff's unfounded allegations of sewage discharge into the basement of buildings located in the PT Barnum complex in the summer of the year 2002. This information is irrelevant to the claims made in the Plaintiff's Complaint and Amended Complaint, and should be excluded pursuant to Fed. R. Evid. 402. Further, any probative value this document may have to the allegations contained in Plaintiff's Complaint and Amended Complaint, which is denied, would be substantially outweighed by the danger of unfair prejudice against the Defendants, confusion of the issues, the danger it would mislead the jury. As such, it should also be excluded pursuant to Fed. R. Evid. 403.

This document is also self-serving, inadmissible hearsay that should be excluded pursuant to Fed. R. Evid. 802.

22. Exhibit 30: Correspondence, dated September 19, 2002, from Plaintiff to Thomas Gicewicz of the Bridgeport Health Department.

**Objection:** The subject matter of this document is irrelevant to the claims made by the Plaintiff in his Complaint and Amended Complaints, and should be excluded pursuant to Fed. R. Evid. 402. It has to do with Plaintiff's allegations of the discharge of sewage into the basement of one of the building located in the PT Barnum Housing complex in the summer of 2002. The allegations contained in the Plaintiff's pleadings concern the tours Plaintiff conducted on BHA property in the summer of the year 2000 and the elimination of Plaintiff's position with the BHA, in the summer of 2001, after the implementation of a public housing complex police unit.

|  |  |  |  |
|---|---|---|---|
| 23. | Exhibit 32: | Correspondence, dated November 21, 2001, from the Plaintiff to Mayor Joseph P. Ganim. |

**Objection:** This exhibit is almost identical to Plaintiff's proposed exhibit number 16 and 24. This document is inadmissible, self serving hearsay and should be excluded pursuant to Fed. R. Evid. 802. Moreover, the content of this document is irrelevant to the claims made by the Plaintiff in his Complaint and Amended Complaint. The Plaintiff claims he was retaliated against due to two tours he conducted in the summer of the year 2000. This letter was written over a year after this conduct.

24. Exhibit 34: Correspondence, dated January 21, 2002, from Plaintiff to Mayor Joseph P. Ganim.

**Objection:** This exhibit is irrelevant to the allegations contained in the Plaintiff's Complaint and Amended Complaint and should be excluded pursuant to Fed. R. Evid. 402. It concerns Plaintiff's dispute regarding his claim for Workers' Compensation benefits and has nothing to do with his claims in this lawsuit. Additionally, it is self-serving hearsay and should be excluded pursuant to Fed. R. Civ. 802.

25. Exhibit 35: Correspondence, dated May 27, 2002, from Plaintiff to Mayor Joseph P. Ganim.

**Objection:** This exhibit is irrelevant to any of the claims in the Plaintiff's Complaint or Amended Complaint and should be excluded pursuant to Fed. R. Evid. 402. Additionally, this exhibit should be excluded pursuant to Fed. R. Evid. 403, because, any probative value it may have, which is denied, is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and the danger it will mislead a jury. Moreover, this exhibit constitutes self-serving hearsay and it should be excluded pursuant to Fed. R. Evid. 802.

|  |  |  |
|---|---|---|
| 26. | Exhibit 36: | Memo, dated February 1, 1999, from Plaintiff to Earl Mellow, Public Safety Director of the Bridgeport Housing Authority. |

**Objection:** This exhibit is irrelevant to the claims made by the Plaintiff in his Complaint and Amended Complaint and should be excluded pursuant to Fed. R. Evid. 402. Additionally, some of the statements contained in the document are inflammatory and should be excluded pursuant to Fed. R. Evid. 403. Any probative value this document has, which is denied, would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and the danger it will mislead the jury. The document also constitutes self-serving hearsay and should be excluded pursuant to Fed. R. Evid. 802.

The document concerns an alleged incident between Plaintiff and the Defendant, Collin Vice, that occurred over a year and a half before Plaintiff organized tours of BHA facilities without permission. The Plaintiff makes allegations in this document that the Defendant, Collin Vice physically assaulted him.

|  |  |  |
|---|---|---|
| 27. | Exhibit 49: | Correspondence, dated August 29, 2000, from Plaintiff to Congressman Christopher Shays. |

**Objection:** This document is self-serving hearsay and should be excluded pursuant to Fed. R. Evid. 802. It is also irrelevant to any of the Plaintiff's claims in his Complaint or Amended Complaint and should be excluded pursuant to Fed. R. Evid. 402.

|  |  |  |
|---|---|---|
| 28. | Exhibit 51: | Correspondence, dated April 15, 2003, from Plaintiff to Attorney General Richard Blumenthal. |

**Objection:** The Defendants do not have a copy of this exhibit. The Plaintiff's exhibit list indicates that this document "is in regard to the alleged misappropriation of the Bridgeport Housing Authority's funds." This exhibit is irrelevant to any of the Plaintiff's claims as stated in his Complaint and Amended Complaint and should be excluded pursuant to Fed. R. Evid. 402. Paragraph 14 of the Amended Complaint states that, during the tours the Plaintiff conducted, "he informed the

audience of the fact that Vice was not using the federal funds allocated for police protection in the Pequonnock Apartment and Green Homes Complexes." There is no allegation contained in either the original Complaint or the Amended Complaint that the Defendants misappropriated funds. Even if the document had any probative value, which is denied, it would be substantially outweighed by the danger of unfair prejudice against the Defendants, the danger that it would confuse the issues and mislead the jury. As such, this document should be excluded pursuant to Fed. R. Evid. 403.

This document is also self-serving hearsay and should be excluded pursuant to Fed. R. Evid. 802.

29.     Exhibit 54:     Bridgeport Housing Authority's personnel file for the Plaintiff, Cecil Young.

**Objection:** The Defendants object to the Plaintiff offering his entire personnel file as an exhibit at the trial of this matter. Plaintiff's file is quite voluminous and includes documents from the late 1960's when Plaintiff first became employed by the BHA in various capacities. Additionally, the file contains many irrelevant documents and documents that contain objectionable material. Many of the documents listed on Plaintiff's exhibit list are contained in this file.

Plaintiff should identify the specific documents he would like to enter into evidence in order for the Defendant to voice an objection and to allow the Court to pass upon said objection.

30.     Exhibit 59:     Notice of Right to Sue issued on January 23, 2003 by the Equal Employment Opportunity Commission ("EEOC").

**Objection:** This document is not relevant to any of the claims stated in the Plaintiff's Complaint and Amended Complaint and would only serve to confuse the issues and the jury. Moreover, any probative value this exhibit may have, which is denied would be substantially outweighed by the danger of unfair prejudice to the

          Defendants. Accordingly, it should be excluded pursuant Fed. R. Evid. 402 and 403.

31.    Exhibit 60:    Release of Jurisdiction issued on January 28, 2003 by the State of Connecticut's Commission on Human Rights and Opportunities ("CHRO").

**Objection:**    This document is not relevant to any of the claims stated in the Plaintiff's Complaint and Amended Complaint and would only serve to confuse the issues and the jury. Moreover, any probative value this exhibit may have, which is denied would be substantially outweighed by the danger of unfair prejudice to the Defendants. Accordingly, it should be excluded pursuant Fed. R. Evid. 402 and 403.

32.    Exhibit 61:    Official Minutes, transcripts, and/or tapes of Bridgeport Housing Authority's Board of Commissioner's meeting of January 14, 2002.

**Objection:**    This exhibit does not contain any evidence that is relevant to the Plaintiff's claims as stated in his Complaint or Amended Complaint. The Plaintiff appeared before the BHA Board of Commissioners on January 14, 2002 to discuss a denial of Worker's Compensation benefits for an alleged injury that occurred in August of 2001. Accordingly, this exhibit should be excluded pursuant to Fed. R. Evid. 402.

33.    Exhibit 62:    Correspondence, dated May 27, 2002, from Plaintiff to Christopher Shays.

**Objection:**    The Defendants do not have a copy of this document and the Plaintiff does not indicate its subject matter. The Defendants reserve the right to object to this document after they have had a chance to review it.

34.    Exhibit 63:    Job advertisement, dated December 29, 2003, for the position of Public Safety Officer.

**Objection:**   This document is not relevant to any of the claims made in Plaintiff's Complaint or Amended Complaint and should be excluded pursuant to Fed. R. Civ. 402.

    35.    Exhibit 82:    Correspondence, dated November 14, 2001, from Plaintiff, Cecil Young, to former City of Bridgeport Mayor Joseph Ganim.

**Objection:**   This document is self-serving, inadmissible hearsay and should be excluded pursuant to Fed. R. Evid. 802.  Additionally, this document should be excluded pursuant to Fed. R. Evid. 403.  According to the Plaintiff, this exhibit concerns the Plaintiff's request that "the misappropriation of Bridgeport Housing Authority funds be investigated."  However, the Plaintiff alleges in paragraph 14 of the Amended Complaint, that "As part of the discussion, he [the plaintiff] informed the audience of the fact that Vice was not using federal funds allocated for police protection in the Pequonnock Apartment and Green Homes complexes."  The Plaintiff claims that this is the protected speech that formed the basis for the Defendants to retaliated against him.  Nowhere in the Complaint or Amended Complaint is it alleged that the Plaintiff accused the Defendants of misappropriating any funds.  Accordingly, the mention by the Plaintiff that the Defendants allegedly misappropriated funds is extremely prejudicial.  As such, this exhibit should be excluded pursuant to Fed. R. Evid. 403.

Finally, given that this letter was written over a year after the Plaintiff conducted tours of BHA property, and two months after he separated from the BHA, it is irrelevant to any of the Plaintiff's claims and should be excluded pursuant to Fed. R. Evid. 402.

    36.    Exhibit 84:    Photos of unsafe conditions at the Bridgeport Housing Authority properties.

**Objection:**   This exhibit is irrelevant to any of the Plaintiff's claims as stated in his Complaint and Amended Complaint and should be excluded pursuant to Fed. R. Evid. 402.  Any probative value which this exhibit may have, which is denied, is substantially outweighed by the danger of unfair prejudice towards the Defendants, the danger

of confusion of the issues and/or the danger that said exhibit will mislead the jury. There is no mention in the Plaintiff's Trial Memorandum regarding the date these photos were taken or the specific subject matter of these photos. However, the Plaintiff does not allege that is position with the BHA was eliminated because he made statements concerning unsafe physical conditions at BHA properties.

37.    Exhibit 85:    Community Policing book created by the Plaintiff, Cecil Young.

**Objection:** This exhibit is self-serving hearsay and should be excluded pursuant to Fed. R. Evid. 802.

38.    Exhibit 86:    Resume of the Plaintiff Cecil Young.

**Objection:** The Plaintiff should be precluded from offering this exhibit pursuant to FRCP Rule 37 (c). The Defendants specifically requested a copy of Plaintiff resume in their First Set of Interrogatories and Requests for Production. Request for Production No. 6 sought "all documents related to your efforts to obtain employment sent or received by you or at your direction, including, but not limited to, **resumes**, cover letters, letters of inquiry, and responses thereto, since October 1, 2000." The Plaintiff's response to this request was "Will be provided when located and/or upon receipt." This document has never been provided by the Plaintiff.

39.    Exhibit 87:    Memo, dated October 27, 1992, from Earl Mellow, Safety Coordinator, to Joseph R. Papa, Director of Maintenance, Bridgeport Housing Authority.

**Objection:** This document is irrelevant to any of the Plaintiff's claims as stated in his Complaint and Amended Complaint and should be excluded pursuant to Fed. R. Evid. 402. Additionally, any probative value contained in this exhibit, which is denied, will be substantially outweighed by the danger that it would confuse the issues and mislead the jury.

    40.    Exhibit 89:    Award, dated February 12, 1998, from the Students of Longfellow School to the Plaintiff, Cecil Young.

**Objection:** This exhibit should be excluded, pursuant to Fed. R. Evid. 402 because it is irrelevant to any of the Plaintiff's claims as stated in his Complaint and Amended Complaint. Any probative value this exhibit may have, which is denied, would be substantially outweighed by the danger that it will confuse the issues and mislead the jury. Accordingly, it should be excluded pursuant to Fed. R. Evid. 403.

    41:    Exhibit 90.    Certificate of Appreciation, dated May 15, 1998, from Columbus School to the Plaintiff Cecil Young.

**Objection:** This exhibit should be excluded, pursuant to Fed. R. Evid. 402 because it is irrelevant to any of the Plaintiff's claims as stated in his Complaint and Amended Complaint. Any probative value this exhibit may have, which is denied, would be substantially outweighed by the danger that it will confuse the issues and mislead the jury. Accordingly, it should be excluded pursuant to Fed. R. Evid. 403.

    42.    Exhibit 91:    Memo, dated January 24, 1999 from Plaintiff to Earl Mellow, Public Safety Director.

**Objection:** This exhibit is irrelevant to any of the claims stated in the Plaintiff's Complaint and Amended Complaint and should be excluded pursuant to Fed. R. Evid. 402. Any probative value this exhibit may have, which is denied, would be substantially outweighed by the danger that it will confuse the issues and mislead the jury. Accordingly, it should be excluded pursuant to Fed. R. Evid. 403.

    43.    Exhibit 92:    Correspondence, dated August 16, 2002, from Warren Blunt, Supervisor of Sanitarians, to Defendant, Collin Vice.

**Objection:** This exhibit concerns Plaintiff's allegations that the BHA allowed the discharge of sewage into the basement of a building located in the PT Barnum complex in the year 2002. As such, it is irrelevant to any of the claims contained in the

        Plaintiff's Complaint and Amended Complaint, and should be excluded pursuant to Fed. R. Evid. 402.  Moreover, any probative value this document may have, which is denied, would be substantially outweighed by the danger of unfair prejudice against the Defendants and the danger that it will confuse the issues and mislead the jury.  Accordingly, it should be excluded pursuant to Fed. R. Evid. 403.

44.     Exhibit 93.     Billing Statement from Pullman & Comley, LLC to the Defendant, Bridgeport Housing Authority.

**Objection:**     This document is irrelevant to any of the claims contained in Plaintiff's Complaint and Amended Complaint and should be excluded pursuant to Fed. R. Evid. 402.  The author of the Release of Claims Plaintiff was asked to sign has not relevancy to any of the Plaintiff's claims.

45:     Exhibit 96.     Newspaper article dated March 1, 2003.

**Objection:**     This document is not relevant to any of the Plaintiff's claims as stated in his Complaint and Amended Complaint and should be excluded pursuant to Fed. R. Evid. 402.  The newspaper article concerns Plaintiff's complaint to the Freedom of Information Commission about documents Plaintiff sought concerning alleged payments for a trip to a funeral made by the BHA. These claims have nothing to do with this case and the newspaper article should be excluded.  Moreover, the newspaper article is inadmissible hearsay and should be excluded pursuant to Fed. R. Evid. 802.

        THE DEFENDANTS,
        CITY OF BRIDGEPORT HOUSING
        AUTHORITY AND COLLIN VICE

By:_____
    James A. Mahar, Esq., (CT 21854)
    Ryan, Ryan, Johnson & Deluca, LLP
    80 Fourth Street, P.O. Box 3057
    Stamford, CT   06905
    Phone No. 203-357-9200

## **CERTIFICATE OF SERVICE**

I hereby certify that on February ___, 2005, a copy of the above was mailed to the following counsel and pro se parties of record:

Barbara Brazzel-Massaro, Esq.
City of Bridgeport
Office of the City Attorney
999 Broad Street
Bridgeport, CT 06604-4328
Attorney for Defendant, City of Bridgeport

Thomas J. Weihing, Esq.
Daly, Weihing & Bochanis
1115 Main Street
Suite 710
Bridgeport, CT 06604
Attorney for Plaintiff, Cecil Young

                                                                             _____
                                                                             James A. Mahar, Esq.

I:\Procases\1742.008\objpltexhibits021105.wpd
1742.008