UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CECIL YOUNG : | |
| : | |
| Plaintiff, : | |
| : | |
| v, : | CIVIL ACTION NO. 3:03 CV 1010 (JBA) |
| : | |
| CITY OF BRIDGEPORT HOUSING : | |
| AUTHORITY, AND COLLIN VICE, : | |
| IN HER OFFICIAL CAPACITY AS : | |
| EXECUTIVE DIRECTOR OF THE : | FEBRUARY 18, 2005 |
| BRIDGEPORT HOUSING AUTHORITY : | |
| AND IN HER PERSONAL CAPACITY; : | |
| AND THE CITY OF BRIDGEPORT : | |
| : | |
| Defendants. : | |

## MOTION FOR CONTINUANCE OF TRIAL DATE

The undersigned Defendants, City of Bridgeport Housing Authority ("BHA") and Collin Vice respectfully move this Court to continue the trial date in this matter to a date after September 1, 2005. For the reasons set forth below, said continuance is necessary in the interests of justice, judicial economy and to afford the Defendant Collin Vice the opportunity to attend and participate in the trial of this matter.

By order dated November 30, 2004, the Court granted plaintiff's motion for an extension of time regarding the deadlines in the Scheduling Order and ordered that the case be trial ready

by June 1, 2005.  By order dated February 3, 2005, the Court ordered jury selection to begin on March 2, 2005 and trial to begin on March 4, 2005.

Counsel for the defendants, Michael T. Ryan and James A. Mahar, also represent the Bridgeport Housing Authority in a class action, discrimination case that is pending before Magistrate-Judge William F. Garfinkel.  <u>Matyasovszky v. BHA, et al.</u>  3:03 cv 00968 (WIG).  The parties have been involved in on-going negotiations to come to a resolution of the case and are making significant progress.  While there are a number of outstanding issues to be negotiated the parties are making substantial progress.  Magistrate Judge Garfinkel would like all counsel in that case to remain focused on resolving the outstanding issues in a timely fashion.

This firm is defending the <u>Matyzsovszky</u> under an insurance policy which is a "claims made" policy with an aggregate limit of one-million dollars.  The policy limit also includes the costs of defense including attorney's fees.  This case, involving Cecil Young, is also being defended under the same policy and subject to the same limit.  There is an additional claim that is also being defended under this policy and subject to the aggregate limit, <u>Goss v. BHA</u>, 3:03 cv 00934 (WIG).

Pursuant to federal regulations, any settlement entered into by the BHA that involves the potential expenditure of federal funds provided by HUD to the BHA, requires HUD to approve

said settlement, which can take several weeks to complete. It is anticipated that the settlement of the class claims in the Matyasovszky action will require the expenditure of a significant portion of the funds available under insurance policy issued to the BHA. If this present case goes forward before final settlement is completed and approved by HUD, it could jeopardize the defendants ability to resolve the class action case. If the Matyasovszky case needs to be tried, it will require numerous trial days, estimated to be at least thirty days given the nature of the claims and the voluminous number of documents that will have to be reviewed by the Court in order to reach a decision.

Additionally, the Defendant, Collin Vice, recently started a new job in New Jersey and is in a probationary period until mid-May. Taking time off from the new job before the end of this period could jeopardize Ms. Vice's position. After the probationary period, Ms. Vice will be able to take time off to attend and participate in the trial of this matter. Inasmuch as this case was not scheduled to be trial ready until June 1, 2005, the trial would not have interfered with Ms. Vice's new job.

For the foregoing reasons, a continuance of the trial date in this matter to a date after September 1, 2005, will allow time for the Matyasovszky case to be resolved and the settlement reviewed by HUD, thereby avoiding the necessity of tying up scarce judicial resources for a

significant period of time and allow the Defendant, BHA, the opportunity to get back to its primary function of housing low income families.  It will also allow the Defendant, Collin Vice, the opportunity to complete the probation period at her new job without jeopardizing her position, thereby affording her the opportunity to attend and participate in the trial of this matter.

Based upon the foregoing, and in the interests of justice and judicial economy, the Defendants respectfully move this Court to continue the trial date to a date after September 1, 2005.

This is the second motion to continue the trial date filed by the BHA and Collin Vice.  The first Motion for Continuance requested a postponement until April 18, 2005 and has not been ruled upon.  Counsel for the Co-defendant, City of Bridgeport objects to a continuance.  Counsel for plaintiff does not object to a continuance until June, but objects to a continuance until after September.

        THE DEFENDANTS,
        CITY OF BRIDGEPORT HOUSING
        AUTHORITY AND COLLIN VICE


By:_____
    James A. Mahar, Esq., (CT 21854)
    Ryan, Ryan, Johnson & Deluca, LLP
    80 Fourth Street, P.O. Box 3057
    Stamford, CT   06905
    Phone No. 203-357-9200

## CERTIFICATE OF SERVICE

      I hereby certify that on February ___, 2005, a copy of the above was mailed to the following counsel and pro se parties of record:

Barbara Brazzel-Massaro, Esq.
City of Bridgeport
Office of the City Attorney
999 Broad Street
Bridgeport, CT 06604-4328
Attorney for Defendant, City of Bridgeport

Thomas J. Weihing, Esq.
Daly, Weihing & Bochanis
1115 Main Street
Suite 710
Bridgeport, CT 06604
Attorney for Plaintiff, Cecil Young

                              _____
                              James A. Mahar, Esq.

I:\Procases\1742.008\motcontinuetrial021705.wpd
1742.008