UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| CECIL YOUNG : | |
| : | |
| Plaintiff, : | |
| : | |
| v, : | CIVIL ACTION NO. 3:03 CV 1010 (JBA) |
| : | |
| CITY OF BRIDGEPORT HOUSING : | |
| AUTHORITY, AND COLLIN VICE, : | |
| IN HER OFFICIAL CAPACITY AS : | |
| EXECUTIVE DIRECTOR OF THE : | FEBRUARY 25, 2005 |
| BRIDGEPORT HOUSING AUTHORITY : | |
| AND IN HER PERSONAL CAPACITY; : | |
| AND THE CITY OF BRIDGEPORT : | |
| : | |
| Defendants. : | |

## RESPONSE TO PLAINTIFF'S OBJECTION TO MOTION TO AMEND AFFIRMATIVE DEFENSES

The undersigned Defendants, City of Bridgeport Housing Authority and Collin Vice hereby respond to Plaintiff's Objection to the Defendants' Request to Amend Affirmative Defenses. For the reasons stated below the Plaintiff will not suffer any unfair prejudice if the amendment is permitted. The proposed amended Affirmative Defenses are meant to clarify the Affirmative Defenses already asserted by the Defendants. The Plaintiff has been on notice that the Defendants intended to assert the doctrine of governmental immunity as a defense to the Plaintiff's action and that the Defendants intended to assert that the Plaintiff failed to mitigate his

damages. The revised Affirmative Defenses seek to clarify the specific defenses claimed by the Defendants. The Plaintiff cannot claim unfair surprise or that he will suffer undue prejudice if the amendment is permitted. Accordingly, the Plaintiff's objection should be overruled, and the Motion to Amend the Affirmative Defenses should be granted.

Plaintiff originally brought this matter by Complaint dated June 5, 2003. The undersigned Defendants filed an Answer and Affirmative Defenses dated September 18, 2003. Four Affirmative Defenses were asserted at that time. The First Affirmative Defense was that the Complaint failed to state a claim upon which relief may be granted. The Second Affirmative Defense was that the Plaintiff failed to mitigate his damages. The Third Affirmative Defense was that the Plaintiff's claim was barred by the doctrine of governmental immunity. And the Fourth Affirmative Defense was that the Plaintiff failed to exhaust his administrative remedies.

Plaintiff filed a motion to amend his complaint, which was ultimately granted. The undersigned Defendants filed an Answer and Affirmative Defenses to the Amended Complaint on or about January 12, 2005. The Affirmative Defenses were the same as in the Answer to the original complaint.

On or about February 7, 2005, the undersigned Defendants filed a Motion requesting leave to amend the Affirmative Defenses. The Defendants seek to state an Affirmative Defense

pursuant to the Hatch Act, 5 U.S.C. § 1501 et seq. and a qualified immunity defense for the Defendant Collin Vice.  The Plaintiff objects to the addition of these defenses and claims they will suffer prejudice because by they will not have "an adequate opportunity to explore the basis of the Defendants' new defenses though discovery and to seek to have the defenses revised or eliminated through dispositive pretrial motions."

However, the revised affirmative defenses arise out of the same conduct, transaction or occurrence set forth in or attempted to be set forth in the original Affirmative Defenses.  The new language merely serves to clarify the affirmative defenses previously asserted.  These are not new Defenses.

Even if the Affirmative Defenses were new, the evidence the Defendants intend to rely upon to prove the defenses has already been disclosed to the Plaintiff.  It should be noted that the Plaintiff never sought to take the depositions of any of the parties or witnesses in this case.

With respect to the Affirmative Defense under the Hatch Act, 5 U.S.C. § 1501, et seq., the Defendants previously asserted an Affirmative Defense that the Plaintiff failed to mitigate his damages.  The Defendants seeks to show that, under the Hatch Act, it would have been illegal for the BHA to have the Plaintiff work for them because of his political activity in running for an elected position as a City Sheriff.  The BHA receives the majority of its funding from the U.S.

Department of Housing and Urban Development.  This defense is an expansion of the previously asserted Affirmative Defense that Plaintiff failed to mitigate his damages.  The new language is intended to put the Plaintiff and the Court on notice of the specific statutes the Defendants will rely on.

With respect to further discovery, there is no dispute that the Plaintiff participated in partisan elections as a candidate for the office of City Sheriff both while he was employed by the BHA and after his employment ended.  These facts are well known to the Plaintiff who should be aware of his own conduct.  Accordingly, there is no further discovery necessary on this issue.

With respect to the additional Affirmative Defense that the Defendant, Collin Vice, is entitled to qualified immunity, the Defendants previously asserted the defense of governmental immunity.  The doctrine of qualified immunity falls within the parameters of governmental immunity and is not new to the Defendants' case.  The Plaintiff has been on notice throughout this case that the Defendants were claiming immunity to his claims.  This revision merely clarifies that the Defendants are specifically claiming that Collin Vice is entitled to qualified immunity against the Plaintiff's claims..

With respect to additional discovery, the Defendants intend to rely on the fact that Collin Vice sought the advise of legal counsel regarding Plaintiffs's employment situation and that she

relied on the advise of counsel in making her decision regarding the elimination of Plaintiff's position.  The Plaintiff obtained a copy of a letter written by Collin Vice to Attorney Mark LaVelle of Pullman & Comely.  The Defendants intend to rely on that document and Collin Vice's testimony to establish that Ms. Vice objectively believed that her conduct did not violate any clearly established right of the Plaintiff.

     The Plaintiff already possesses the documentary evidence the Defendants intend to rely on to establish the qualified immunity defense on behalf of Collin Vice.  The Plaintiff's made the decision not to take Ms. Vice's deposition and cannot now be heard to claim will be prejudiced because they do not know what her testimony will be.

     For the reasons set forth above, the Defendants respectfully request this Court to overrule the Plaintiff's Objection and grant the Defendants' Motion for Leave to Amend the Answer and Affirmative Defenses.

        THE DEFENDANTS,
        CITY OF BRIDGEPORT HOUSING
        AUTHORITY AND COLLIN VICE

By: _____
    James A. Mahar, Esq., (CT 21854)
    Ryan, Ryan, Johnson & Deluca, LLP
    80 Fourth Street, P.O. Box 3057
    Stamford, CT   06905
    Phone No. 203-357-9200

**CERTIFICATE OF SERVICE**

      I hereby certify that on February ___, 2005, a copy of the above was mailed to the following counsel and pro se parties of record:

Barbara Brazzel-Massaro, Esq.
City of Bridgeport
Office of the City Attorney
999 Broad Street
Bridgeport, CT 06604-4328

Thomas J. Weihing, Esq.
Daly, Weihing & Bochanis
1115 Main Street
Suite 710
Bridgeport, CT 06604

                                                        _____
                                                        James A. Mahar, Esq.

I:\Procases\1742.008\respndamenddefs022505.wpd
1742.008