FILED

2005 MAR -2 A 11: 59

U.S. DISTRICT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CECIL YOUNG | : |
| Plaintiff, | : CIV. NO. 3:03CV1010 (JBA) |
| vs. | : |
| CITY OF BRIDGEPORT HOUSING AUTHORITY, ET AL | : |
| Defendants | : MARCH 2, 2005 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGEMENT

### FACTS

The Plaintiff, Cecil Young, has filed this civil rights action alleging a violation pursuant to 42 U.S.C. §1983. Specifically, he claims retaliation for the exercise of his rights of free speech pursuant to the First Amendment. He contends that the claims arise from his public comments regarding the safety of the residents within the Bridgeport Housing Authority facilities and Collin Vice's retaliation based on this protected speech; and from his comments regarding other public issues concerning the residents of the City of Bridgeport (Plaintiff's Complaint, Nature of the Action).

The Plaintiff also alleges as to the Defendant City of Bridgeport that he was employed from July 27, 1998 to June 30, 2002 as a Public Facilities Inspector with the City of Bridgeport Department of Public Facilities (Complaint, Paragraph 29). In

BMF05041                                    1

this position with the City, he was responsible to monitor and report unlighted streetlights which, according to the Municipal Ordinance, was a responsibility of the police officers on the night shift (Affidavit of John Cottell, Bridgeport Municipal Ordinance Sec. 2.40.130). The other job responsibility of this position was to catch illegal dumping within the City of Bridgeport during non-regular working hours (Affidavit of John Cottell).

The Plaintiff alleges that his position was eliminated because he exercised his First Amendment rights. He specifically states that the retaliation was because he spoke to the City Council concerning replacing Commissioners of the Bridgeport Housing Authority and the Commissioners of the Police Board, that he filed a citizens complaint and a complaint with the Department of Justice against a police officer alleging harassment from the Police Department and, lastly, that he requested the establishment of a Citizen Police Review Board on May 20, 2002 (Plaintiff's Complaint, Paragraphs 31 to 35).

The Defendant, City of Bridgeport, contends that the financial condition of the City was such that the budgetary restraints required that the City eliminate non-essential positions and to reduce other budgetary items for the fiscal year 2002-2003. The Plaintiff filled one of a number of positions and/or cuts that were eliminated to reduce the budget of the City Council after recommendations from the department heads. The Mayor, Joseph Ganim, did not make the recommendations

or final cuts to eliminate an approximately six million gap in the original proposed budget. For financial reasons only the position of Public Facilities Inspector, along with other positions, was eliminated for the fiscal year beginning July 1, 2002.

**ARGUMENT**

**A.     The Defendant, City Of Bridgeport, Is Entitled To Judgment As A Matter Of Law On The Claims Of A Violation Of First Amendment Rights**

Federal Rule 50 (a) (1) states that: "If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue." In the present action the Defendant indicates that the basis of the termination of the Plaintiff was because of financial considerations and did not arise because of any speech or complaint that was filed by Mr. Young. The Defendant has provided below the law and the facts that support a judgment in its favor.

In order for the Plaintiff to be successful in demonstrating that his termination was in retaliation for the actions alleged in his complaint as specifically set forth in paragraphs 31 through 37 inclusive, the Plaintiff must prove the following:

1.     the speech was constitutionally protected;

2.     the employer took adverse employment action against the employee; and

BMF05041                                3

3.   a causal connection exists between the speech and the adverse employment action such that the speech was a substantial and motivating factor in the determination.

> Gorman-Bakos v. Cornell Co-Op Extension of Schenectady City, 252 F. 3d 545, 553, (2d Cir. 2001); Morris v. Landau, 196 F.3d 102, 109 (2d Cir. 1999).

In the instant action the Plaintiff has no evidence other than his own speculation that the elimination of the position of Public Facilities Inspector was in any way, shape or form a retaliation for expression of the First Amendment rights enunciated in the Plaintiff's complaint. Plaintiff has not and will not be able to satisfy his burden as set forth above.

The Plaintiff, in his deposition, was requested to provide any documents that he had to support his claim. He was asked to provide the documents to support his claims about the public concerns he already expressed to the City Council or to the Board of Police Commissioners or the Department of Justice (Exhibit A, Deposition of Young at pages 185-187). In his response he indicated, "I believe when they threw that thing out of court, I ended up getting rid, I think, of that stuff" (Exhibit A at page 185). In this statement he was referring to the criminal action that gave rise to the Internal Affairs complaint that is referred to in this action. He specifically stated that "After Internal Affairs said there was nothing found, that they couldn't find anything, so I just disregarded that, if I recall." (Exhibit A at page 185). There are no

BMF05041                                                        4

documents to support the Plaintiff's claims because he has thrown everything out. Therefore, the Court is only left with the Plaintiff's contention that he made a speech to the council or Commissioners and that such speech discussed issues of public concern and were not personal.

The first element of this claim requires that the speech is constitutionally protected. The Plaintiff has alleged two general areas that he contends are within the parameters of the First Amendment. However, neither of these situations involve a matter protected by the First Amendment as a subject of public concern. The Plaintiff's citizen complaint, which is referred to in his civil rights action, involves not a public concern but stems from his arrest on a charge of creating a public disturbance (Exhibit B, Incident Report of September 16, 2001; Exhibit C, Citizens Complaint). In particular, the citizens complaint form actually signed by the Plaintiff in this action sets forth in his own words the basis of the complaint. It is clear from the citizens complaint that the concern of Mr. Young was personal, that is the motor vehicle stop of his daughter and his subsequent arrest. Whether particular speech addresses a matter of public concern is a question of law for this Court to determine taking into account the content, form and context of a given statement as revealed by the whole record. Lewis v. Cowen, 165 F. 3d 154, 163 (2d Cir. 1999). In this regard if the Plaintiff's speech is not as a citizen upon matters of public concern but instead as an employee upon matters only of personal interest, absent the most

unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision. Connick v. Myers, 461 U.S. 138 at 147, 103 S. Ct. 1684 (1983).

In the instant action, the Plaintiff has indicated that he filed a citizen complaint of police harassment on or about September 16, 2001 and, thereafter, at some unspecified time, he filed the same complaint with the U.S. Department of Justice Civil Rights Division (Plaintiff's Complaint Paragraphs 33 and 34). In viewing the citizen complaint of the Plaintiff, it is clear that he was not making the complaint about the activities related to his employment. In fact, in his initial complaint form, he states that "I was listening to the calls on my scanner. I heard a call Carroll Ave. and Mildner. I looked out the porch window and saw the police had my daughter stopped talking to her. I went to ask what was wrong with my daughter when the officer #171 started yelling at me to get on the sidewalk, get back on the sidewalk . . . watching the officers go back into their police car with my daughter's papers (appearing to be finished) I walked towards my daughter's car. Officer #171 yelled loudly on his police mic I said get back on the sidewalk. On the sidewalk right now. On my way back to the sidewalk, I motioned to my daughter (who was still sitting in her car) what happened? Officer #171 then jumped out of his car, grabbed my arm and started twisting my arm . . ." (Exhibit C). This is the complete

explanation of the event which Plaintiff contends sparked his complaint and thereafter this complaint.

In his deposition testimony the Plaintiff further confirms that the incident which he contends gives rise to the First Amendment violation is actually a complaint about the way the officers treated him when he interfered with the police stop of his daughter's car (Exhibit D, Deposition of Young at pages 191-192). At the same time the Plaintiff indicated that the FBI investigation was also related to this personal complaint (Exhibit D at page 192). This series of events did not occur as an outgrowth of the position of Public Facilities Inspector, nor did they in any way have a connection to the Plaintiff's employment. The are not statements or actions made as an employee. In Ezekwo v. NYC Health and Hasps. Corp., 940 F.2d 775 (2d Cir. 1991) the court found that the plaintiff's speech was unprotected where her complaints were personal in nature and generally related to her own situation within the Harlem Hospital Center residency program. The court in Ezekwo found that the prolific writings demonstrate not a mission to protect the public welfare but rather a mission to protect her own individual development. So, too, in White Plains Towing Corp. v. Patterson, 991 F.3d 1049, 1059-1060 (2d Cir. 1993). The court stated: "Even as to an interest that could arguably be viewed as a matter of public concern if the employee has raised the issue solely in order to further his own employment interest, his First Amendment right to comment on that issue is entitled to little

weight in the balancing analysis." Given the admissions in Young's deposition, as well as the limited documents available, it is clear under the law that even if there was a speech involving these complaints, it was not a public concern. Connick, supra.

The Plaintiff has also failed to prove that his unspecified complaint to the City Council or other City boards or agencies has any public concern. It is already clear that the complaint about the police is related to his personal confrontation. Likewise, there is no evidence that the Plaintiff engaged in any First Amendment speech about the Housing Authority that would have an impact upon the City of Bridgeport. As stated above, he readily admits he has no transcripts, no documentation, and no correspondence that would satisfy his burden of proof about the public concern. Without any documentation, how can the Plaintiff satisfy his burden of demonstrating that the content of the speech he allegedly made was such as to create a First Amendment claim. Given the admissions and lack of any credible evidence, the Plaintiff cannot satisfy the first element to demonstrate he was engaged in speech that is constitutionally protected.

In the event the Court does not find the speech is personal, then the Court should determine that the action cannot succeed because the Plaintiff cannot satisfy the remaining two elements to prove retaliation.

BMF05041                                       8

Going to the last of the three elements, the Defendant has contended that the termination was based upon fiscal restraints of the City. The Plaintiff ignores the lack of funds and, in fact, based upon his deposition testimony, money is not a concern. His only concern is that he should be provided some type of City employment for his loyalty to the party for getting votes (Exhibit E, Deposition of Young at pages 175-177). However, the affidavit testimony of Mr. John Cottell and Mr. Thomas Sherwood concerning the basis for the layoffs by the City of Bridgeport during the establishment of a City budget demonstrates the financial considerations for the termination. These affidavits also address the Plaintiff's unsubstantiated claim that Mayor Ganim conspired to eliminate his position (Exhibit F, Affidavit of John Cottell; Exhibit G, Affidavit of Thomas Sherwood). The affidavit of Thomas Sherwood indicates that the time period for the budget cuts had already placed employment positions in the City in jeopardy of being eliminated when the Board made its findings (Exhibit H) because of an approximate six million dollar gap. The affidavit of John Cottell outlines the rational basis for the elimination of a position that either duplicated work of others or resulted in no productive work product. The affidavits clearly establish that the elimination of the position of Public Facilities Inspector was based upon a budget crunch. There is no evidence that the City of Bridgeport made a determination to eliminate a number of jobs and make spending cuts simply because Cecil Young addressed someone at some point about his

displeasure with his arrest, his treatment by the police officers, the finding by the Internal Affairs Department, or changes in the Housing Authority for policing the various housing complexes (Exhibits H & I).

Love-Lane v. Martin, 355 F.3d 766, 776 (4th Cir. 2004) requires that the protected speech was a motivating factor in the decision to take the allegedly retaliatory action. In the instant case we do not have any evidence of any public statements or substantial evidence that the elimination of the position was for any purpose other than financial constraints. In fact, a number of the events that the Plaintiff has referred to occurred either long before the decision was made by the City Council to eliminate the position or were statements not known at the time there was a recommendation to eliminate the position of Public Facilities Inspector (Exhibits H & I). There is no causal link to the events claimed by the Plaintiff and the elimination of his position. His claim is no more than speculative and conclusory. This will not satisfy his burden. Cobb v. Pozzi, 363 F.3d 89, 108 (2d Cir. 2004).

Because the Plaintiff has no evidence to demonstrate that there were any speeches of public concern that adversely affected his employment or that any person in the City intentionally eliminated his position as retaliation for supposed comments, judgment should enter for the Defendant, City of Bridgeport.

THE DEFENDANT<br>
CITY OF BRIDGEPORT

By: *Barbara B. Massaro*
Barbara Brazzel-Massaro
Associate City Attorney
OFFICE OF THE CITY ATTORNEY
999 Broad Street - 2nd Floor
Bridgeport, CT 06604
Telephone #203/576-7647
Fed. Bar No. 05746

## CERTIFICATION

This is to certify that a copy of the foregoing "Memorandum of Law in Support of Motion for Judgment" has been hand delivered on this 2nd day of March, 2005, to:

**Thomas J. Weihing, Esq.**
**Daly, Weihing & Bochanis**
**1115 Main Street, Suite 710**
**Bridgeport, CT 06604**

**Michael T. Ryan, Esq./James Mahar, Esq.**
**Ryan, Ryan, Johnson & Deluca, LLP**
**80 Fourth Street**
**Stamford, CT 06905**

**Magistrate Judge Joan G. Margolis**
**United States District Court**
**141 Church Street**
**New Haven, CT 06510**

*Barbara B. Massaro*
Barbara Brazzel-Massaro