

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CECIL YOUNG | : |
| Plaintiff, | : CIV. NO. 3:03CV1010 (JBA) |
| vs. | : |
| CITY OF BRIDGEPORT HOUSING AUTHORITY, ET AL | : |
| Defendants | : MARCH 2, 2005 |

## AFFIDAVIT

I, John F. Cottell, Jr., being of sound mind and body do hereby say:

1.  I am over the age of eighteen and making this affidavit of my own personal knowledge and information.

2.  I am employed by the City of Bridgeport in the Public Facilities Department. I am presently the Utilities Manager. In January 2002 through June 2002 I was the Deputy Director of Public Facilities.

3.  As a part of my job responsibilities as Deputy Director I directed and created the budget requests for the various divisions within the Public Facilities Department.

BMF05040                    1

4.     Each year the departments propose a document with specific line item financing which is reviewed by the Office of Policy and Management for purposes of submitting a proposed budget for the City of Bridgeport.

5.     The budget process is directed by the Office of Policy and Management ("OPM"). In the Spring of each year the Office of Policy and Management requires each department or division to submit to them a proposed budget that satisfies the spending limits established by OPM.

6.     On April 11, 2002 I received a notice from the Director of Public Facilities to provide him with a report of a reduction of the budget amount for the various divisions as specifically outlined for each division.

7.     The Office of Policy and Management requested budget reduction for the Administrative Division of the Public Facilities Department between $75,000 and $93,500 for fiscal year 2002-2003.

8.     In addition to the directive of the Office of Policy and Management to reduce Public Facilities Administration, I was also aware that other divisions that I worked with within the Public Facilities Department, such as the City Engineer, Building Maintenance Sikorsky Airport, Parks Administration, Harbormaster, Roadway, Municipal Garage and Construction Management, were also requested to reduce their budgets in various amounts ranging from $54,000 to $446,534.

BMF05040                                    2

9. All of the requests that I received originated from the Director of the Office of Policy and Management, Thomas Sherwood.

10. I was charged with the responsibility of determining how I could recommend a reduction between $75,000 and $93,500 for the fiscal year 2002-2003. I reviewed all of the job duties of the employees within the Department, as well as other line items, to accomplish this task. After review, I determined that the only way to satisfy the required budget reductions would be to recommend the elimination of positions in Public Facilities Administration.

There were eleven employees in Public Facilities Administration. I reviewed the job responsibilities of each position. I made a determination that two of the positions in Public Facilities Administration could be eliminated if the reductions were required. They were the Public Facilities Inspector and the Office Coordinator.

11. In making this decision, I notified Thomas Sherwood that the two positions could be eliminated because "the Public Facilities Inspector has predominately been performing the monitoring and reporting of unlighted streetlights. This function, per City Ordinance 2.40.130, is that of police officers on the night shift. This vigilant reporting and follow-up with UI was not occurring which prompted this position. The other duty of this job is to catch illegal dumping being performed during non-regular working hours. Elimination of this position would require the Police Department to

BMF05040                              3

perform these duties." As to the Office Coordinator, I indicated that he "was given the responsibility of overseeing the trash/recycling collection and payment for the Board of Education during this last fiscal year. If this function is returned to the BOE, this particular task will no longer be required. This position also performs deposits of money collected from parking meters, permits and licenses; monthly reports of deposits; tonnage verification of weigh slips; and, as a backup, for issuance of permits and licenses for trash haulers and contractors. With the BOE reassigned their trash and recycling, the loss of this position could be absorbed by remaining office personnel. From my understanding, the individual holding this position may be receptive to voluntarily leaving providing he is able to get a 2½ year credit for receiving medical benefits."

12. In addition to the positions that I targeted as being expendable each of the divisions that are within the Public Facilities proposed elimination of employees and/or budgeted line item reductions.

13. My decision to eliminate the position of Public Facilities Inspector was based solely upon the fact that the position was one that duplicated work of other City employees and was not a necessary or essential employee given my analysis.

14. I made this decision, which I forwarded to the Office of Policy and Management, without any orders, advice or assistance from any employee or official

BMF05040                     4

in the City of Bridgeport. I did not discuss this proposal with any elected or appointed official until I was required to justify my proposal. Based upon the financial difficulties of the City of Bridgeport, I believed the Public Facilities Inspector position should be eliminated.

*John F. Cottell, Jr.*

Sworn and subscribed before me this 1st day of March, 2005

*Barbara B. Massaro*
Barbara Brazzel-Massaro
Commissioner of the Superior Court