UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CECIL YOUNG,                          :
                                      :   CIV. NO. 3:03CV1010 (JBA)
      Plaintiff              :
                                      :
VS.                                   :
                                      :
CITY OF BRIDGEPORT HOUSING            :
     AUTHORITY, ET AL                 :
                                      :
     Defendants            :   MARCH 8, 2005

<u>JOINT TRIAL MEMORANDUM</u>

1. <u>TRIAL COUNSEL:</u>

    a. **For the Plaintiff:**

        Thomas J. Weihing, ct 08235
        Daly, Weihing & Bochanis
        1115 Main Street, Suite 710
        Bridgeport, CT 06604
        (203) 333-8500
        lawdwb@sbcglobal.net

    b. **For the Defendant, City of Bridgeport:**

        Barbara Brazzel-Massaro, ct 06192
        Associate City Attorney
        Office of the City Attorney
        999 Broad Street
        Bridgeport, CT 06604
        (203) 576-7647

FILED
2005 MAR -9 P 1: 10
U.S. DISTRICT COURT
NEW HAVEN, CT

1

c. **For the Defendants, Bridgeport Housing Authority and Colin Vice:**

James Mahar, Esq., ct 21854
Michael T. Ryan, Esq., ct 05685
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street
Stamford, CT 06905
(203) 357-9200

2. **JURISDICTION:**

a. **Subject Matter Jurisdiction**

This action is brought pursuant to 42 U.S.C. §1983 and the First and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §1331 and 28 U.S.C. §1343(a) and the principles of supplemental and pendent jurisdiction.

b. **Venue**

The Plaintiff alleges that venue is proper pursuant to 28 U.S.C. §1391 in that the acts and claims Plaintiff alleges arose in the District of Connecticut and the Defendants conduct business in said District.

c. **Personal Jurisdiction**

Not Applicable ("N/A")

d. **Defendants, Bridgeport Housing Authority and Collin Vice's claim of jurisdiction:**

The Plaintiff alleges jurisdiction pursuant to 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution. The Plaintiff further alleges jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a) and the principles of supplemental and pendent jurisdiction.

The Plaintiff alleges that conduct alleged in the Amended Complaint occurred within the territorial jurisdiction of the United States District Court for the District of Connecticut.

**e. Defendant, City of Bridgeport's claim of jurisdiction:**

Refer to Plaintiff's claim of jurisdiction.

**3. JURY/NON-JURY :**

The instant action shall be tried to a jury.

**4. LENGTH OF TRIAL :**

a. Counsel for the Plaintiff estimates that the Plaintiff's portion will require 5 days.

b. The Defendants anticipate that the trial of this matter will take 8 days inclusive of jury charge and deliberation.

**5. FURTHER PROCEEDINGS :**

a. The Plaintiff, Cecil Young, requests a Court proceeding prior to trial to resolve any and all outstanding discovery issues in the instant action.

b. The Defendants may request the Court to rule upon motions in limine concerning testimony and exhibits at trial.

c. Motion in Limine to preclude any statements of settlement efforts by the Defendants to Cecil Young.

**6. NATURE OF CASE :**

a. **Claims of Plaintiff**

3

This is an action under 42 U.S.C. §1983 alleging retaliation for the exercise of the Plaintiff's right of free speech and pursuant to the First Amendment to the Constitution of the United States and Article First Section 4 of the Constitution of the State of Connecticut. In addition, this is an action under Connecticut General Statutes §§31-51q and 31-51m alleging retaliation for the exercise of the Plaintiff's rights of free speech and pursuant to the First Amendment to the Constitution of the United States and Article First Section 4 of the Constitution of the State of Connecticut. These claims arise from the Plaintiff's public comments regarding the safety of the residents within Bridgeport Housing Authority facilities and Collin Vice's retaliation based on this protected speech. These claims, also, arise from the Plaintiff's comments regarding other public issues concerning the residents of the City of Bridgeport. The retaliation has taken the form of discharge from his positions with the City of Bridgeport Housing Authority and the City of Bridgeport.

b. **Relief Sought by Plaintiff**

By this action, the Plaintiff seeks the following relief for violation of 42 U.S.C. §1983 and related State claims:

    i. compensatory damages;

    ii. punitive damages in an amount not less than five million dollars;

    iii. attorney's fees;

    iv. Interest and costs; and

    v. such other and further relief as the Court feels just.

c. **Defendants, Bridgeport Housing Authority's Nature of Case:**

Plaintiff purports to allege an action against the BHA and Collin Vice pursuant to 42 U.S.C. § 1983 claiming retaliation for the exercise of

4

the Plaintiff's rights of free speech and pursuant to the First Amendment of the Constitution of the United States and Article First Section 4 of the Constitution of the State of Connecticut. Additionally, Plaintiff purports to allege an action for violation of Connecticut General Statutes § 31-51q and § 31-51m, claiming retaliation for the exercise of his rights of free speech.

The BHA and Collin Vice deny the plaintiff's allegations and contend that the plaintiff's position was eliminated after the BHA contracted with the City of Bridgeport Police Dept. to provide a public housing police unit. With the institution of the new unit, the plaintiff's position became unnecessary and was eliminated. The plaintiff was offered another position, which he did not accept.

d.    **Defendant, City of Bridgeport's Nature of Case:**

The Plaintiff contends that the action of the Defendant City of Bridgeport in terminating him from employment in the Public Facilities Department was solely for the purpose of retaliation for his exercise of his First Amendment Rights. The Defendant City of Bridgeport contends that the termination of the position that Mr. Young had with the City of Bridgeport was based upon financial considerations and a review of the necessity for the funding of the position that Mr. Young had with the City of Bridgeport because: (1) the job duties he had been performing were duplicative and were under the auspices of the Police Department and not the Public Facilities Department of the City of Bridgeport, and (2) said duties could be performed by others in a more cost effective manner. There was a reorganization and review which eliminated the need for a review by Mr. Young. It is also contended that the Director of Public Facilities was questioning the performance of these duties by Mr. Young and that his accountability was questionable.

7. **TRIAL BY MAGISTRATE JUDGE:**

    a.  The Plaintiff in the instant action does not consent to a trial by Magistrate Judge.

    b.  The Defendants, BHA and Collin Vice, do not consent to a trial by Magistrate Judge.

    c.  The Defendant, City of Bridgeport, consents to a trial by Magistrate Judge.

## 8. <u>LIST OF WITNESSES</u>:

    a.  **Witnesses**

        i. The Plaintiff will call the following witnesses at trial:

            1.  Cecil Young, 99 Carroll Avenue, Bridgeport, CT 06607  The Plaintiff, Cecil Young's anticipated testimony will include, but is not limited to the following:

                a. His public comments regarding the safety of the residents within Bridgeport Housing Authority facilities and Defendant, Collin Vice's retaliation based on this protected speech;

                b.  His public comments regarding other public issues concerning the residents of the City of Bridgeport;

                c.  The retaliation taken by the Defendants, City of Bridgeport Housing Authority, Collin Vice, and City of Bridgeport, based on the Plaintiff's protected speech; and

                d.  The injuries and damages sustained by Plaintiff as a result of the retaliation taken by the Defendants, City of Bridgeport Housing Authority, Collin Vice, and City of Bridgeport.

            2.  Collin Vice, former Director of Bridgeport Housing Authority, 150 Highland Avenue, Bridgeport, CT 06604.  The Defendant, Collin

6

Vice's anticipated testimony will include, but is not limited to the following:

a. Her knowledge of the Plaintiff's activities as a community activist and the Plaintiff's employment with the Bridgeport Housing Authority.

b. The Defendant, Bridgeport Housing Authority, may call Ms. Vice to testify about the following:

    i. Ms. Vice is a defendant in this action.  She is expected to testify concerning the facts and circumstances surrounding the events stated in plaintiff's complaint including, but not limited to, the plaintiff's employment history with the BHA, problems the plaintiff has had with the BHA and its employees, the creation of a public housing police unit in 2000, the elimination of plaintiff's position as a "public safety officer," the facts and circumstances regarding the tours organized and conducted by the plaintiff in the summer of 2000, and plaintiff's conduct before, during and after said tours.

3. Clarence Craig, former Director of the Bridgeport Housing Authority, 150 Highland Avenue, Bridgeport, CT 06604.
Mr. Craig's anticipated testimony will include, but is not limited to the following:

a. Conversations with the Plaintiff, Cecil Young, regarding the Plaintiff's employment.

4. Attorney Russell Liskov, City Attorney, Office of the City Attorney, 999 Broad Street, Bridgeport, CT 06604.
Attorney Liskov's anticipated testimony will include, but is not limited to the following:

7. Congressman Christopher Shays, 10 Middle Street, Bridgeport, CT 06604. Congressman Shays's anticipated testimony will include, but is not limited to the following:

   a. His knowledge of Plaintiff's activities as a community activist and his information and observations regarding the tours conducted by the Plaintiff on Bridgeport Housing Authority property and the Plaintiff's speech concerning the safety conditions of the Bridgeport Housing Authority's property.

8. State Representative Edna Garcia, 1465 East Main Street, Bridgeport, CT 06608. State Representative Garcia's anticipated testimony will include, but is not limited to the following:

   a. Her knowledge of Plaintiff, Cecil Young's activities as a community activist and her information and observations regarding the tours conducted by the Plaintiff on Bridgeport Housing Authority property and the Plaintiff's speech concerning the safety conditions of the Bridgeport Housing Authority's property.

9. State Representative Lydia Martinez, 1137 Pembroke Street, Bridgeport, CT 06608. State Representative Martinez's anticipated testimony will include, but is not limited to the following:

   a. Her knowledge of Plaintiff, Cecil Young's activities as a community activist and her information and observations regarding the tours conducted by the Plaintiff on Bridgeport Housing Authority property and the Plaintiff's speech concerning the safety conditions of the Bridgeport Housing Authority's property.

10. Alderman Andres Ayala, Jr., 582 Ogden Street, Bridgeport, CT 06608. Alderman Ayala's testimony will include, but is not limited to the following:

9

    a.  His knowledge of Plaintiff's activities as a community activist and his information and observations regarding the tours conducted by the Plaintiff on Bridgeport Housing Authority property and the Plaintiff's speech concerning the safety conditions of the Bridgeport Housing Authority's property.

11.   Robert Graham, Interim Executive Director of the Bridgeport Housing Authority, 150 Highland Avenue, Bridgeport, CT 06604. Mr. Graham's anticipated testimony will include, but is not limited to the following:

    a.  His knowledge and information regarding the Plaintiff, Cecil Young's employment with the Bridgeport Housing Authority.

12.   Stephanie Sanchez, former candidate for United States House of Representatives, Stamford, CT. Ms. Sanchez's anticipated testimony will include, but is not limited to the following:

    a.  Her knowledge of Plaintiff's activities as a community activist and her information and observations regarding the tours conducted by the Plaintiff on Bridgeport Housing Authority property and the Plaintiff's speech concerning the safety conditions of the Bridgeport Housing Authority's property.

13.   John D. Guman, III, former City Councilman, 133 Hickory Street, Bridgeport, CT. Mr. Guman's anticipated testimony will include, but is not limited to the following:

    a.  Regarding his knowledge and information of the Plaintiff, Cecil Young's activities as a community activist and his employment with the Bridgeport Housing Authority and City of Bridgeport.

    b.  The alleged misappropriation of Bridgeport housing Authority funds.

10

14.   Charles Carroll, Assistant to Mayor of the City of Bridgeport, 45 Lyon Terrace, Bridgeport, CT 06604. Mr. Carroll's anticipated testimony will include, but is not limited to the following:

    a.   Regarding conversations with Plaintiff, present and past employment with the City of Bridgeport.

    b.   The Defendant, City of Bridgeport, may call Mr. Carroll to testify about the following:

        i.   Mr. Carroll will testify about the numerous discussions he has had with Mr. Young concerning employment with the City of Bridgeport and his assistance concerning helping Mr. Young to gain employment with the City of Bridgeport.

15.   Mariah Natee, 150 Highland Avenue, Bridgeport, CT 06604. Ms. Natee's anticipated testimony will include, but is not limited to the following:

    a.   Her knowledge and information regarding the Plaintiff, Cecil Young's employment with the Bridgeport Housing Authority.

    b.   The Defendants, Bridgeport Housing Authority and Collin Vice, may call Ms. Natee to testify about the following:

        i.   Ms. Natee is a fact witness who is expected to testify concerning the facts and circumstances surrounding the events stated in the plaintiff's complaint, including but not limited to, the plaintiff's employment with the BHA, problems the plaintiff had with the BHA and other employees, conversations she had with the plaintiff concerning the events as stated in the plaintiff's complaint, the facts and circumstances surrounding the tours organized and conducted by the plaintiff, his conduct before, during and after said tours.

11

16.   Joseph P. Ganim, former mayor of the City of Bridgeport, 45 Lyon Terrace, Bridgeport, CT 06604.  Mr. Ganim's anticipated testimony will include, but is not limited to the following:

a.   Conversations with city officials, employees, agents, and/or servants regarding employment issues with the Plaintiff, Cecil Young.

b.   Knowledge and information regarding the Plaintiff's claims, which are the subject of the instant action.

17.   John Fabrizi, mayor of the City of Bridgeport, 45 Lyon Terrace, Bridgeport, CT 06604.  Mayor Fabrizi's anticipated testimony will include, but is not limited to:

a.   Conversations with city officials regarding employment issues with the Plaintiff, Cecil Young.

18.   Attorney Michael LaVelle, Pullman & Comley, LLC, 850 Main Street, Bridgeport, CT 06604.  Attorney LaVelle's testimony will include, but is not limited to the following:

a.   Non-privileged communications and conversations he had with the Bridgeport Housing Authority through its employees regarding Plaintiff's employment.

b. The Defendants, Bridgeport Housing Authority and Collin Vice, may call Attorney LaVelle to testify about the following:

i. Attorney LaVelle may be called upon to testify concerning non-privileged communications he had with the Defendants regarding plaintiff's employment and conduct.

12

19.   Ms. Olive Harbor, employee of the Bridgeport Housing Authority, 150 Highland Avenue, Bridgeport, CT 06604.  Anticipated testimony will include, but is not limited to the following:

      a.  Conversations relevant to employment of her friends and relatives at the Bridgeport Housing Authority.

20.   Comptroller for the City of Bridgeport, 45 Lyon Terrace, Bridgeport, CT 06604 Anticipated testimony will include, but is not limited to the following:

      a.  Payments and personnel information regarding employees of the City of Bridgeport, including the Plaintiff, Cecil Young.

21.   State Senator Ernie E. Newton, 190 Read Street, Bridgeport, CT. State Senator Newton's anticipated testimony will include, but is not limited to the following:

      a.  His knowledge of Plaintiff's activities as a community activist and his information and observations regarding the tours conducted by the Plaintiff on Bridgeport Housing Authority property and the Plaintiff's speech concerning the safety conditions of the Bridgeport Housing Authority's property.

22.   Linda Delgado, former Secretary of Defendant Collin Vice, 150 Highland Avenue, Bridgeport, CT 06604.  Ms. Delgado's anticipated testimony will include, but is not limited to the following:

      a.  Conversations regarding the Plaintiff, Cecil Young's employment with the Bridgeport Housing Authority.

23.   State Representative Charles D. Clemmons, 300 Capitol Avenue, Hartford, CT 06106.  Stated Representative Clemmons's testimony will include, but is not limited to the following:

a. Conversations Mr. Clemmons had with City of Bridgeport Officials regarding employment issues with the Plaintiff, Cecil Young.

24.   John Cottell, Dept. of Public Facilities, City of Bridgeport, 999 Broad Street, Bridgeport. CT 06604.  Anticipated testimony will include, but is not limited to the following:

a. His knowledge and awareness of the Plaintiff's reading handicap.

b. The Defendant, City of Bridgeport, may call Mr. Cotell to testify about the following:

i. Mr. Cottell may testify as to the employment by the City of Bridgeport of Mr. Young.  He may testify as to the job performance and the decision to eliminate the position that Mr. Young was performing.  He may also testify as to the work hours, job performance and the difficulties he had with obtaining the necessary work records of Mr. Young.  Mr. Cottell may testify as to the elimination of the position regarding the checking of street lights within the Public Facilities Department and how these duties are not handled by the City of Bridgeport.  Mr. Cottell may also testify about the concerns regarding public safety at buildings owned by the Bridgeport Housing Authority prior to a change in security procedures in 2002.

25.   Jolanta Liezuk, CFO Bridgeport Housing Authority, 150 Highland Avenue, Bridgeport, CT 06604.  Ms. Liezuk's anticipated testimony will include, but is not limited to the following:

14

     a. Employee benefits and how they relate to the Plaintiff, Cecil Young, and how the discharge effected Plaintiff's wages and benefits

26. James Wood, former employee of Bridgeport Housing Authority, 80 Norlan Avenue, Bridgeport, CT. Anticipated testimony includes, but is not limited to the following:

     a. The treatment he received from the Defendant, Collin Vice, during his employment with the Bridgeport Housing Authority.

27. Gary Cooper, BHA Union President, 500 Railroad Avenue, Bridgeport, CT. Mr. Cooper's anticipated testimony includes, but is not limited to the following:

     a. His knowledge and information of the Plaintiff, Cecil Young's employment with the Bridgeport Housing Authority and the actions taken by the Bridgeport Housing Authority against the Plaintiff.

28. Bill Cummings, Reporter, Connecticut Post, 410 State Street, Bridgeport, CT 06604. Mr. Cummings anticipated testimony includes, but is not limited to the following:

     a. His observations during the public tour conducted by the Plaintiff, Cecil Young, on July 11, 2000, of Bridgeport Housing Authority complexes and the Plaintiff's speech concerning the safety conditions of the Bridgeport Housing Authority's property.

29. Michael Daley, Managing Editor, Connecticut Post, 410 State Street, Bridgeport, CT 06604. Mr. Daley's anticipated testimony will include, but is not limited to the following:

15

    a. His observations, knowledge, and/or information regarding the public tours conducted by the Plaintiff, Cecil Young, of Bridgeport Housing Authority complexes and the Plaintiff's speech concerning the safety conditions of the Bridgeport Housing Authority's property.

    b. His knowledge, observations, and/or information regarding the conditions of the Bridgeport Housing Authority complexes, which conditions the Plaintiff, Cecil Young spoke out about pursuant to his rights under the United States Constitution and the State of Connecticut Constitution.

30. Gill Hernandez, Supervisor, City of Bridgeport Public Works, 45 Lyon Terrace, Bridgeport, CT 06604. Mr. Hernandez's anticipated testimony includes, but is not limited to the following:

    a. His knowledge, observations, and/or information regarding the conditions of the Bridgeport Housing Authority complexes, which conditions the Plaintiff, Cecil Young spoke out about pursuant to his rights under the United States Constitution and the State of Connecticut Constitution.

    b. His knowledge and information regarding the Plaintiff, Cecil Young's employment with the Bridgeport Housing Authority and the City of Bridgeport.

31. Helen Dunham, Bridgeport, CT. Ms. Dunham's anticipated testimony includes, but is not limited to the following:

    a. Her knowledge and information regarding the Plaintiff, Cecil Young's employment with the Bridgeport Housing Authority.

16

32.  Geneva Gant, 509 Pembroke Street, Bridgeport, CT.  Ms. Gant's anticipated testimony includes, but is not limited to the following:

   a.  Her knowledge and information regarding the Plaintiff, Cecil Young's employment with the Bridgeport Housing Authority.

33.  Janet M. Finch, Human Resources Manager, City of Bridgeport, 45 Lyon Terrace, Bridgeport, CT.  Ms. Finch's anticipated testimony includes, but is not limited to the following:

   a.  Her knowledge and information regarding the Plaintiff, Cecil Young's employment with the City of Bridgeport.

   b.  The Defendant, City of Bridgeport, may call Ms. Finch to testify about the following:

      i.  Ms. Finch may testify concerning City records concerning the employment and pay records of Cecil Young.

34.  Diane DelMedico, Human Resources Coordinator, City of Bridgeport, 45 Lyon Terrace, Bridgeport, CT.  Ms. DelMedico's anticipated testimony includes, but is not limited to the following:

   a.  Her knowledge and information regarding the Plaintiff, Cecil Young's employment with the City of Bridgeport.

35.  Dan Sullivan, Fairfield, CT.  Mr. Sullivan's anticipated testimony includes, but is not limited to the following:

   a.  His knowledge and information regarding the Plaintiff, Cecil Young's employment and duties with the Bridgeport Housing Authority and City of Bridgeport.

17

36.    Freida Parker, Bridgeport Housing Authority, 150 Highland Avenue, Bridgeport, CT.  Ms. Parker's anticipated testimony includes, but is not limited to the following:

        a. Her knowledge and information regarding the Plaintiff, Cecil Young's employment with the City of Bridgeport Housing Authority.

ii.    The Defendant, City of Bridgeport, will call the following witnesses at trial:

37. Attorney Mark T. Anastasi, City Attorney, 999 Broad Street, Bridgeport, Connecticut

Attorney Anastasi may testify as to his knowledge of Mr. Young and discussions he has had with Mr. Young concerning his work (as a Sheriff) for the Office of the City Attorney.  Attorney Anastasi may testify as to his attempts to provide Mr. Young with work from the City of Bridgeport.  He may testify as to City efforts to consolidate the police activities within the Housing complex.  Attorney Anastasi may also testify about the concerns regarding public safety at buildings owned by the Bridgeport Housing Authority prior to a change in security procedures in 2002.

The Defendants, Bridgeport Housing Authority and Collin Vice, may call Attorney Anastasi to testify about the following:

Attorney Anastasi is a fact witness who is expected to testify concerning the facts and circumstances surrounding the events stated in the plaintiff's complaint, including but not limited to, the creation of a public housing police unit in the year 2000, his knowledge of the plaintiff while he was employed with the BHA and thereafter, as well as conversations he had with the plaintiff concerning the events surrounding this case.

18

38. Thomas McCarthy, Labor Relations Department, 45 Lyon Terrace, Bridgeport, Connecticut

> Mr. McCarthy may testify as to conversations he has had with Mr. Young and his attempts to help employ Mr. Young. He may testify as to the basis for the elimination of his position as an Inspector for the Public Facilities Department.

39. Lawrence Osborne, Labor Relations Office, 45 Lyon Terrace, Bridgeport, Connecticut

> Mr. Osborne may testify as to the employment opportunities provided to Mr. Young and as to the decision to eliminate the position as Inspector. He may also testify as to conversations that he had with Mr. Young regarding his claims.

40. Keeper of Records, Bridgeport Hospital, 267 Grant Street, Bridgeport, Connecticut

> May testify concerning health evaluations for employment with the City by Mr. Young.

41. Thomas Sherwood, City of Bridgeport, 999 Broad Street, Bridgeport, Connecticut

> Mr. Sherwood may testify as to the financial condition of the City and the preparation of a budget that required the elimination of the position of Inspector of Public Facilities. He may testify as to the financial condition of the City and his instructions to all City departments regarding attempts to establish a balanced budget.

42. Director, Office of Internal Affairs, 999 Broad Street, Bridgeport, Connecticut

19

This individual may testify as to the multiple complaints by Mr. Young and the attempts to investigate the claims and Mr. Young's statements during the course of these investigations.

43. Police Officer Robert Winkler, Bridgeport Police Department, 300 Congress Street, Bridgeport, Connecticut

Officer Winkler will testify as to his duties as a Police Officer, his contact with Mr. Young and the actions of Mr. Young concerning this officer's performance of his duties. Officer Winkler will testify as to the attempts of the Bridgeport Police Department to assist Mr. Young and their inability to do so.

44. Police Officer Brian Fitzgerald, Bridgeport Police Department, 300 Congress Street, Bridgeport, Connecticut

Officer Fitzgerald will testify as to his duties as a Police Officer, his contact with Mr. Young and the actions of Mr. Young concerning this officer's performance of his duties. Officer Fitzgerald will testify as to the attempts of the Bridgeport Police Department to assist Mr. Young and their inability to do so.

45. Keeper of the Records, Grants Personnel, 45 Lyon Terrace, Bridgeport, Connecticut

This individual will provide records concerning the various jobs, positions or assignments of Mr. Young in the City of Bridgeport.

46. Retired Deputy Chief David Boston, Bridgeport Police Department, 300 Congress Street, Bridgeport, Connecticut

Retired Deputy Chief Boston may testify as to his contact with Mr. Cecil Young during the time the Deputy Chief was involved with patrol units and the community policing in the Bridgeport Police Department.

20

47. Retired Deputy Chief Hector Torres, Bridgeport Police Department, 300 Congress Street, Bridgeport, Connecticut

Retired Deputy Chief Torres may testify regarding his contact with Mr. Young when he was employed by the Housing Authority.  He may also testify as to the difficulties that were created in the police duties as a result of the interference by Mr. Young and the lack of authority that Mr. Young had regarding police work.

The Defendants, Bridgeport Housing Authority and Collin Vice, may call retired Deputy Chief Torres to testify about the following:

Mr. Torres is a fact witness is expected to testify concerning the facts and circumstances surrounding the events stated in the plaintiff's complaint, his contact with the Plaintiff when he was employed by the BHA, problems that were created in the police duties as a result of the interference by plaintiff and the lack of authority that plaintiff had with respect to police work, and the creation of a public housing police unit in the year 2000.

48. Keeper of Records, Bridgeport Superior Court, 1061 Main Street, Bridgeport, Connecticut

This individual may provide records of the legal actions involving Mr. Young in both the criminal and civil divisions of the Superior Court.

49. Attorney John Stafstrom, 850 Main Street, Bridgeport, Connecticut

Attorney Stafstrom may testify about the many conversations that he had with Mr. Young and his attempts to help him acquire a job.

50. John Marsilio, Aquarion Company, 600 Lindley Street, Bridgeport, Connecticut

21

Mr. Marsilio will testify as to his employment with the City of Bridgeport as the Director of Public Facilities and his decisions regarding the budget. He may testify as to the employment of Mr. Young and the decision to eliminate the position of Inspector as to Mr. Young.

51. James Holloway, Public Facilities Department, 999 Broad Street, Bridgeport, Connecticut

Mr. Holloway may testify as to his knowledge of the job positions in the Department of Public Facilities, his knowledge and contact with Mr. Young and his knowledge of the decision to eliminate the position of Inspector.

52. Sgt. Uliano or Keeper of Records Bridgeport Police Department, Overtime Office, 300 Congress Street, Bridgeport, Connecticut

He may testify concerning the efforts of Cecil Young to interfere in the police duties and responsibilities at the Housing Complex.

53. Retired Chief of Police Thomas Sweeney, Glastonbury Police Department, Glastonbury, Connecticut

Retired Chief Sweeney may testify concerning his involvement with Cecil Young and the measures he took to address the concerns by members of the Department about the activities of Mr. Young.

54. Lt. Robert Evans, Bridgeport Police Department, 300 Congress Street, Bridgeport, Connecticut

Lt. Evans may testify as to the complaints submitted to the Bridgeport Police Department involving Cecil Young.

55. Sergeant Donald Jacques, Bridgeport Police Department, 300 Congress Street, Bridgeport, Connecticut

Sergeant Jacques may testify about the decision of the City to offer additional police services to the Housing Authority in the City of Bridgeport.

The Defendants, Bridgeport Housing Authority and Collin Vice, may call Sergeant Jacques to testify about the following:

> Mr. Jacques is a fact witness who is expected to testify concerning the facts and circumstances surrounding the events stated in plaintiff's complaint, including but not limited to, the creation of the public housing police unit in the year 2000. He may also testify concerning his contact with the plaintiff when he was employed by the BHA and his dealings with the plaintiff in general.

iii.    The Defendants, Bridgeport Housing Authority and Collin Vice, will call the following witnesses at trial:

56.    **Jonas DeGuzman, Special Assistant to the BHA Executive Director. 150 Highland Ave. Bridgeport, CT.**

> Mr. DeGuzman is a fact witness who is expected to testify concerning the facts and circumstances surrounding the events stated in plaintiff's complaint, including but not limited to, plaintiff's employment with the BHA, problems plaintiff had with the BHA and employees thereof, the creation of the Public Housing Police Unit in the year 2000 and the reasons for its creation, the facts and circumstances surrounding the tours organized and conducted by the plaintiff in the summer of 2000 and the plaintiff's conduct, before, during and after said tours.

57.    **Capt. Richard Petite, Bridgeport Police Officer. 45 Lyon Terrace, Bridgeport, CT.**

23

Capt. Petite is a fact witness who is expected to testify concerning the facts and circumstances surrounding the events stated in the plaintiff's complaint, including but not limited to, his contact with the plaintiff while plaintiff was employed by the BHA and the City of Bridgeport.

58. **Attorney Joseph Siciliano, 3333 Main Street, Stratford, CT.**

Attorney Siciliano is the former private attorney for the BHA. He is expected to testify regarding the facts and circumstances surrounding the events in the plaintiff's complaint, plaintiff's past conduct with the BHA, including, but not limited to, prior lawsuits brought by the plaintiff, prior complaints brought by plaintiff's, plaintiff's conduct in general, as well as his knowledge of the plaintiff through personal contact and conversations with him.

59. **Wayne Haschak: Former BHA Commissioner, 150 Highland Ave., Bridgeport, CT.**

Mr. Haschak is expected to testify regarding the facts and circumstances surrounding the events stated in the plaintiff's complaint. He is also expected to testify regarding plaintiff's position as City Sheriff, plaintiff's contact with the Board of Commissioners before and after September 28, 2001.

The Defendants, BHA and Collin Vice, reserve the right to cross-examine any and all of the witnesses called by the plaintiff or the co-defendant, City of Bridgeport, and to call as witnesses any of the witnesses identified by either the plaintiff or co-defendant, but who are not called to testify by either party.

**b.    Exhibits**

**The Plaintiff, Cecil Young's exhibits include the following:**

1. City of Bridgeport Housing Authority Audit Report dated July 5, 2000.

24

    a. This exhibit concerns the City of Bridgeport Housing Authority's Private Initiative account and its alluded to purpose by Chairman of the Board of Commissioners.

2. Correspondence, dated March 23, 2003, from Plaintiff to Attorney General Richard Blumenthal.

    a. This exhibit is a cover letter for the forwarding of a correspondence, dated March 17, 2003, received by the Plaintiff from Carlos Garcia of the Bridgeport Housing Authority's Board of Commissioners.

3. Correspondence, dated April 15, 2003, from Plaintiff to Congressman Christopher Shays.

    a. This exhibit is in regard to Plaintiff's concern that the Bridgeport Housing Authority's funds were being misappropriated.

4. Memo, dated October 15, 2001, from Plaintiff to the Bridgeport Housing Authority's Board of Commissioners.

    a. This exhibit is in regards to Plaintiff's lay-off from the Bridgeport Housing Authority and the seasonal position offered to him.

5. Memo, dated February 7, 2002, from Plaintiff to the Bridgeport Housing Authority's Board of Commissioner.

    a. This exhibit is in regard to the Defendant, Collin Vice's threat to terminate the Plaintiff from his job if he does not remove his motor home from Bridgeport Housing Authority property.

6. Correspondence, dated March 3, 2002, from Plaintiff to Dolores Tarnowski, Clerk of the Freedom of Information Commission.

    a. This exhibit is in regard to the Plaintiff's Freedom of Information complaint, case no. FIC 2002-415, Cecil Young vs. Exec. Director, Bridgeport

Housing Authority, and how he has not received documents he was informed he would be.

7. Correspondence, dated October 3, 2002, from Plaintiff to the Freedom of Information Commission.

   a. This exhibit is in regard to the Plaintiff's Freedom of Information complaint, case no. FIC 2002-415, Cecil Young vs. Exec. Director, Bridgeport Housing Authority. Plaintiff requested that a scheduled hearing go forward because his freedom of information requests were not complied with.

8. Correspondence, dated December 13, 2001, from Plaintiff to Carlos Garcia of the Bridgeport Housing Authority's Board of Commissioners.

   a. This exhibit is in regard to Plaintiff's request for information from the Defendant, Collin Vice, under the Freedom of Information Act and how those requests have not been complied with.

9. Correspondence, dated December 13, 2001, from Plaintiff to Jeri Boyd of the Bridgeport Housing Authority's Board of Commissioners.

   a. This exhibit is in regard to Plaintiff's request for information from the Defendant, Collin Vice, under the Freedom of Information Act and how those requests have not been complied with.

10. Correspondence, dated December 13, 2001, from Plaintiff to Wayne J. Haschak of the Bridgeport Housing Authority's Board of Commissioners.

   a. This exhibit is in regard to Plaintiff's request for information from the Defendant, Collin Vice, under the Freedom of Information Act and how those requests have not been complied with.

11. Correspondence, dated December 13, 2001, from Plaintiff to Roberto Rodriguez of the Bridgeport Housing Authority's Board of Commissioners.