a. This exhibit is in regard to Plaintiff's request for information from the Defendant, Collin Vice, under the Freedom of Information Act and how those requests have not been complied with.

12. Correspondence, dated December 13, 2001, from Plaintiff to Bessie L. Thomas of the Bridgeport Housing Authority's Board of Commissioners.

a. This exhibit is in regard to Plaintiff's request for information from the Defendant, Collin Vice, under the Freedom of Information Act and how those requests have not been complied with.

13. Correspondence, dated April 11, 2003, from Plaintiff to Sherman D. London who is a Commissioner with the Freedom of Information Commission.

a. This exhibit is in regard to the Plaintiff's Freedom of Information complaint, case no. FIC 2002-415, Cecil Young vs. Exec. Director, Bridgeport Housing Authority in which it is alleged that the Bridgeport Housing Authority's funds are being misappropriated.

14. Correspondence, dated May 14, 2003, from Plaintiff to the State Ethics Commission.

a. This exhibit is in regards to the Plaintiff's inquiry of whether any action can be taken against the officials and/or commissioners of the Bridgeport Housing Authority for violation of ethical laws.

15. Correspondence, dated March 25, 2003, from Plaintiff to Congressman Christopher Shays.

a. This exhibit is a cover letter for the forwarding of a correspondence, dated March 17, 2003, and received by the Plaintiff from Carlos Garcia of the Bridgeport Housing Authority's Board of Commissioners.

16. Correspondence, dated November 14, 2001, from Plaintiff to Congressman Christopher Shays.

   a. This exhibit is in reference to the alleged misappropriation of the Bridgeport Housing Authority's funds.

17. Correspondence, dated November 14, 2001, from Plaintiff to Governor John G. Rowland.

   a. This exhibit is in reference to the alleged misuse of funds by the Bridgeport Housing Authority and how a complaint was filed with the Freedom of Information Commission because of Defendant, Collin Vice's noncompliance with requests for information under the Freedom of Information Act ("FOIA").

18. Memo, dated October 15, 1999, from Plaintiff to Congressman Christopher Shays.

   a. This exhibit is in reference to the harassment inflicted upon the Plaintiff by the Defendant, Collin Vice.

19. Correspondence, dated October 30, 2002, from Plaintiff to the United States Department H.U.D. regarding HUD File No. NE 02 00241 C.

   a. This exhibit is in regard to the Defendant, Collin Vice's noncompliance with the Plaintiff's request for information under the FOIA.

20. Correspondence, dated October 28, 2002, from Plaintiff to the Freedom of Information Commission regarding case no. FIC-2002-415.

   a. This exhibit is a request that the Freedom of Information Commission hearing remain as scheduled because of the Defendant, Collin Vice's noncompliance with Plaintiff's request for information under the FOIA.

21. Correspondence, dated May 27, 2002, from Plaintiff to Attorney General Richard Blumenthal.

    a. This exhibit is the Plaintiff's request that an investigation be undertaken of the alleged misappropriation of Bridgeport Housing Authority funds.

22. Correspondence, dated October 29, 2001, from Plaintiff to Congressman Christopher Shays.

    a. This exhibit concerns the Plaintiff being laid-off on September 30, 2001 from the Bridgeport Housing Authority.

23. Correspondence, dated November 21, 2001, from Plaintiff to Defendant, Collin Vice.

    a. This exhibits is in regard to Plaintiff's request to be placed on the Bridgeport Housing Authority's Board of Commissioner's next agenda.

24. Correspondence, dated November 14, 2001, from Plaintiff to the United States Department of H.U.D.

    a. This exhibit is in reference to the alleged misappropriation of the Bridgeport Housing Authority's funds.

25. Correspondence, dated October 10, 2002, from Plaintiff to the State of Connecticut Department of Environmental Protection.

    a. This exhibit is in regard to the Plaintiff's request that an investigation be undertaken of the alleged human waste in the sewage storm drains at the P.T. Barnum housing complex.

26. Correspondence, dated June 11, 2003, from Plaintiff to City of Bridgeport Mayor John Fabrizi.

    a. This exhibit is in regard to the alleged police harassment towards the Plaintiff.

27. Correspondence, dated October 12, 2003, from Plaintiff to the Freedom on Information Commission.

    a. This exhibit is in regard to Plaintiff's intent of filing a complaint with the Freedom of Information Commission against Bridgeport Police Chief Wilbur Chapman.

28. Correspondence, dated February 23, 2001, from Plaintiff to Judge Robert C. Leuba, Chief Court Administrator.

    a. This exhibit is in regard to the Plaintiff inquiry into the scope of police searches based on a search warrant.

29. Correspondence, dated March 2, 2002, from Plaintiff to Attorney General Richard Blumenthal.

    a. This exhibit is in regards to the Plaintiff's request that the Attorney General's office investigate the police harassment towards him.

30. Correspondence, dated September 19, 2002, from Plaintiff to Thomas Gicewicz of the Bridgeport Health Department.

    a. This exhibit is in regard to the Plaintiff's request that the alleged unsanitary conditions at the Bridgeport Housing Authority's Greene Homes Complex be inspected.

31. Correspondence, dated January 7, 2004, from the Defendant, City of Bridgeport, to the Plaintiff.

    a. This exhibit is in regard to the Defendant, City of Bridgeport's offer to the Plaintiff of the position of Security Guard with the Health Department of the City of Bridgeport.

32. Correspondence, dated November 21, 2001, from the Plaintiff to Mayor Joseph P. Ganim.

    a. This exhibit is in regard to the Plaintiff's request that an investigation be undertaken towards the alleged misappropriation of the City of Bridgeport Housing Authority's funds.

33. Memo, dated July 24, 2000, from Plaintiff to Mayor Joseph P. Ganim.

    a. This exhibit is in regard to the Plaintiff's inquiry why the Defendant, City of Bridgeport, was denying the Plaintiff longevity pay.

34. Correspondence, dated January 21, 2002, from Plaintiff to Mayor Joseph P. Ganim.

    a. This exhibit is in regard to the Bridgeport Housing Authority Commissioner's actions toward the Plaintiff while he was addressing the Bridgeport Housing Authority's Board of Commissioners.

35. Correspondence, dated May 27, 2002, from Plaintiff to Mayor Joseph P. Ganim.

    a. This exhibit is in regard to the Plaintiff's that an investigation be undertaken regarding the threats he received from Bridgeport Housing Authority staff, alleged misappropriation of funds, and his fear for his life.

36. Memo, dated February 1, 1999, from Plaintiff to Earl Mellow, Public Safety Director of the Bridgeport Housing Authority.

    a. This exhibit is in regard to the Plaintiff reporting the harassment by Defendant, Collin Vice, towards him.

37. Memo, dated May 9, 2002, from Plaintiff to Fleeta Hudson, City Clerk for the City of Bridgeport.

    a. This exhibit is in regard to the Plaintiff's request to speak before the city council to discuss the possibility of forming a Citizen police Review Board.

38. Memo, dated May 16, 2002, from Ann L. Murray, Assistant City Clerk, to Plaintiff.
    a. This exhibit is in regard to the Plaintiff being scheduled to speak before the city council on Monday, May 20, 2002.

31

39. Public invitation, dated February 3, 2001.

    a.  This exhibit is in regard to the Plaintiff's attempt to create a Public Safety Advisory Committee.

40. Correspondence, dated May 21, 2002, from the Defendant, City of Bridgeport, to the Plaintiff.

    a.  This exhibit is the notice provided Plaintiff informing him that he was laid off from him position as Inspector in the Public Facilities Department.

41. Memo, dated July 10, 2000, from Earl Mellow, Bridgeport Housing Authority Chief of Security, to Defendant, Collin Vice.

    a.  This exhibit is in regard Earl Mellow's reaction to the proposed public tours of the Bridgeport Housing Authority complexes by the Plaintiff.

42. Memo, dated August 9, 2000, from Earl Mellow, Bridgeport Housing Authority Chief of Security, to Plaintiff.

    a.  This exhibit is the Defendant, City of Bridgeport Housing Authority's notice to Plaintiff of future disciplinary action if the Plaintiff's proposed second tour of the Bridgeport Housing Authority's complexes goes forward.

43. Memo, dated August 9, 2000, from Earl Mellow, City of Bridgeport Housing Authority Chief of Security, to Plaintiff.

    a.  This exhibit is the Defendant, City of Bridgeport Housing Authority's notice to Plaintiff of future disciplinary action if the Plaintiff's proposed second tour of the Bridgeport Housing Authority's complexes goes forward.

44. Memo, dated August 24, 2000, from Earl Mellow, City of Bridgeport Housing Authority Chief of Security, to Plaintiff.

    a.  This exhibit is the Defendant, City of Bridgeport Housing Authority's notice to Plaintiff that future disciplinary action may be taken as a result of the

second public tour of the Bridgeport Housing Authority's complexes by the Plaintiff.

45. Correspondence, dated August 8, 2000, from Defendant, Collin Vice, to Congressman Christopher Shays.

   a. This exhibit states that the Defendant, City of Bridgeport Housing Authority, was not involved with the planning of the public tour of the Bridgeport Housing Authority's complexes.

46. Correspondence, dated August 9, 2000, from Plaintiff to Congressman Christopher Shays.

   a. This exhibit is an invitation to Congressman Shays to participate in the second public tour of the City of Bridgeport Housing Authority's complexes.

47. Public invitation, dated August 2, 2000.

   a. This exhibit is a public invitation for the second tour of the Bridgeport Housing Authority's complexes.

48. Public invitation, dated July 6, 2000.

   a. This exhibit is a public invitation for the first tour of the Bridgeport Housing Authority's complexes.

49. Correspondence, dated August 29, 2000, from Plaintiff to Congressman Christopher Shays.

   a. This exhibit is a thank you letter to Congressman Shays for his participation in the second public tour of the Bridgeport Housing Authority's complexes.

50. Public thank you letter dated July 11, 2000.

     a.  This exhibit is a thank you letter addressed to the public who participated in the first tour of the City of Bridgeport Housing Authority's complexes.

51.  Correspondence, dated April 15, 2003, from Plaintiff to Attorney General Richard Blumenthal.

     a.  This exhibit is in regard to the alleged misappropriation of the Bridgeport Housing Authority's funds.

52.  Correspondence, dated August 25, 2000, from Defendant, Collin Vice, to Attorney Michael LaVelle.

     a.  This exhibit is in regards to the Defendants, Bridgeport Housing Authority and Collin Vice's request for a recommendation from Attorney LaVelle on how to terminate Plaintiff's employment.

53.  City of Bridgeport's personnel file for the Plaintiff, Cecil Young.

     a.  This exhibit is in regard to the Plaintiff's employment history with the Defendant, City of Bridgeport.

54.  Bridgeport Housing Authority's personnel file for the Plaintiff, Cecil Young.

     a.  This exhibit is in regard to the Plaintiff's employment history with the Defendant, Bridgeport Housing Authority.

55.  Wage and benefits history and records for the Plaintiff, Cecil Young, while employed with the City of Bridgeport.

     a.  This exhibit is in regard to the wage and benefits the Plaintiff received while employed with the Defendant, City of Bridgeport.

56.  Wage and benefits history and records for the Plaintiff, Cecil Young, while employed with the Bridgeport Housing Authority.

     a.  This exhibit is in regard to the wage and benefits the Plaintiff received while employed with the Defendant, City of Bridgeport.

57. Plaintiff's income tax returns from 1997 – 2003.

   a. These exhibits are in regards to the Plaintiff's income from 1997- 2003.

58. Correspondence, dated April 7, 2003, from Mayor John M. Fabrizi to the Plaintiff, Cecil Young.

   a. This exhibit is in regards to Mayor Fabrizi looking forward to working with the Plaintiff during the term of his mayoral term.

59. Notice of Right to Sue issued on January 23, 2003 by the Equal Employment Opportunity Commission ("EEOC").

   a. This exhibit is regard to the EEOC closing the Plaintiff's EEOC case and allowing him to sue in court.

60. Release of Jurisdiction issued on January 28, 2003 by the State of Connecticut's Commission on Human Rights and Opportunities ("CHRO").

   a. This exhibit is in regard to the CHRO releasing its jurisdiction and authorizing the Plaintiff to commence a civil action.

61. Official minutes, transcripts, and/or tapes of Bridgeport Housing Authority's Board of Commissioner's meeting of January 14, 2002.

   a. This exhibit is in reference to the actions taken at the Board of Commissioner's meeting on January 14, 2002.

62. Official minutes, transcripts, and/or tapes of Bridgeport Housing Authority's Board of Commissioner's meeting of July 10, 2000.

   a. This exhibit is in reference to the actions taken at the Board of Commissioner's meeting on July 10, 2000.

63. Job advertisement, dated December 29, 2003, for the position of Public Safety Officer.

35

    a. This exhibit is in regard to the posting of the Plaintiff, Cecil Young's position after he was terminated from said position.

64. Job description of the Plaintiff, Cecil Young's position with the Defendant, City of Bridgeport.

    a. This exhibit is in regard to the Plaintiff's job duties with the City of Bridgeport.

65. Job description of the Plaintiff, Cecil Young's position with the Defendant, Bridgeport Housing Authority.
    a. This exhibit is in regard to the Plaintiff's job duties with the Bridgeport Housing Authority.

66. Correspondence, dated August 17, 2001, from the Defendant, Bridgeport Housing Authority, to the Plaintiff, Cecil Young.

    a. This exhibit is the notice given to Plaintiff that his position as Public Safety Officer was eliminated and that a seasonal position as Lawn Care Supervisor was being offered if Plaintiff signed the Release of Claim.

67. Memo, dated January 31, 2000, from Earl Mellow to Mariah Natee.

    a. This exhibit is in regard to the Plaintiff's revised duties as Public Safety Officer as a result of the outside overtime police detail being suspended.

68. Memo, dated July 10, 2000, from Earl Mellow to Defendant, Collin Vice.

    a. This exhibit is in regard to Mr. Mellow's reaction upon learning of Plaintiff's proposed tour.

69. Flyer distributed by Plaintiff, Cecil Young.

    a. This exhibit is in regard to the Plaintiff speaking out about how he is being treated after speaking up for the residents of Bridgeport.

70. Correspondence, dated March 5, 2002, from former-Mayor Joseph Ganim to the Plaintiff, Cecil Young.

   a.  This exhibit is in regard to Mr. Ganim's acknowledging receipt of documents forwarded to him by the Plaintiff.

71. Photos and posters on the issue of Community Policing.

   a.  These exhibits are in regard to the photos and posters used by the Plaintiff, Cecil Young, while speaking out on the issue for the need of community policing.

72. Bridgeport Housing Authority employment attendance records.

   a.  This exhibit is in regard to the Plaintiff, Cecil Young's employment attendance with the Defendant, Bridgeport Housing Authority.

73. City of Bridgeport employment attendance records.

   a.  This exhibit is in regard to the Plaintiff, Cecil Young's employment attendance with the Defendant, City of Bridgeport.

74. Fax, dated January 21, 2003, from the Plaintiff, Cecil Young, to Fleeta Hudson.

   a.  This exhibit is in regard to the Plaintiff's request to speak before the City Council to address the issue of Non-Union Employee Rights.

75. Memo, dated January 30, 2003, from Ann L. Murray to the Plaintiff, Cecil Young.

   a.  This exhibit is in regard to the Plaintiff being scheduled to address the City Council on Monday, February 3, 2003.

76. Correspondence, dated July 16, 2003, from City of Bridgeport Mayor John Fabrizi to the Plaintiff, Cecil Young.

37

    a. This exhibit is in regard to Mayor Fabrizi's request for the Plaintiff's political support. This exhibit also contains a hand written note from Mayor Fabrizi to the Plaintiff stating that the Plaintiff "hang in there".

77. Correspondence, dated August 29, 2003, from Diane DelMedico, Human Resources Coordinator for the City of Bridgeport, to the Plaintiff, Cecil Young.

    a. This exhibit is in regard to the Defendant, City of Bridgeport, offering the Plaintiff the position of Public Facilities Inspector with the Public Facilities Department of the City of Bridgeport.

78. Correspondence from Diane DelMedico, Human Resources Coordinator for the City of Bridgeport, to Industrial Medical Center, 226 Mill Hill Avenue, Bridgeport, CT.

    a. This exhibit is in regard to the request made by the Defendant, City of Bridgeport, for a per-employment physical examination to be administered to the Plaintiff.

79. Acceptance Form of the Security Guard position with the Health Department of the City of Bridgeport.

    a. This exhibit contains the Plaintiff, Cecil Young's reasons for accepting the position of Security Guard with the Health Department of the City of Bridgeport.

80. Correspondence, dated April 8, 2002, from Tamara L. Miller, Deputy Chief Criminal Section of the United States Department of Justice to the Plaintiff, Cecil Young.

    a. This exhibit is in regard to the Plaintiff's complaint of continued police harassment.

81. Email, dated February 8, 2000, from Mary Otero to Marie Hoffman.

   a.  This exhibit is in regards to the Plaintiff's accumulated time as of February 4, 2000.

82. Correspondence, dated November 14, 2001, from Plaintiff, Cecil Young, to former City of Bridgeport Mayor Joseph Ganim.

   a.  This exhibit is regard to the Plaintiff's request that the misappropriation of Bridgeport Housing Authority funds be investigated.

83. Correspondence, dated May 30, 2002, from the Plaintiff, Cecil Young, to former City of Bridgeport Mayor Joseph Ganim.

   a.  This exhibit is in regard to the Plaintiff being denied to address the Board of Police Commissioners.

84. Photos of conditions at the Bridgeport Housing Authority properties.

   a.  These exhibits are in regard to the conditions at the Bridgeport Housing Authority properties.

85. Community Policing book created by the Plaintiff, Cecil Young.

   a.  This exhibit is in regard to the Community Policing program the Plaintiff was involved in.

86. Resume of the Plaintiff, Cecil Young.

   a.  This exhibit is in regard to the activities the Plaintiff has been involved in.

87. Memo, dated October 27, 1992, from Earl Mellow, Safety Coordinator, to Joseph R. Papa, Director of Maintenance, Bridgeport Housing Authority.

   a.  This exhibit is in regard to the employment of the Plaintiff, Cecil Young, as a Security Assistant for the Bridgeport Housing Authority.

88. Correspondence, dated October 28, 1992, from Clarence Craig, former Executive Director of the Bridgeport Housing Authority, to Bridgeport Police Sergeant Robert Studivant.

    a. This exhibit is in regard to the Bridgeport Housing Authority hiring the Plaintiff, Cecil Young, as an assistant to Earl Mellow.

89. Award, dated February 12, 1998, from the Students of Longfellow School to the Plaintiff, Cecil Young.

    a. This exhibit is in regard to the Plaintiff's enthusiasm, dedication, and hard work.

90. Certificate of Appreciation, dated May 15, 1998, from Columbus School to the Plaintiff, Cecil Young.

    a. This exhibit is in regard to the Plaintiff giving an outstanding presentation during Career day.

91. Memo, dated January 24, 1999, from Plaintiff to Earl Mellow, Public Safety Director.

    a. This exhibit is in regard to Plaintiff's suggestions for another police detail.

92. Correspondence, dated August 16, 2002, from Warren Blunt, Supervisors of Sanitarians, to Defendant, Collin Vice.

    a. This is exhibit is in referenced to observed violations during an inspection.

93. Billing statement from Pullman & Comley, LLC to the Defendant, Bridgeport Housing Authority.

    a. This exhibit is in regard to the Release of Claims which was prepared for the Plaintiff to sign.

94. Memo, dated December 4, 1998, from Earl Mellow, Chief of Security, to Plaintiff.

    a. This exhibit is in regard to the Plaintiff getting a raise and praise for being a dependable employee.

95. Affidavit, dated March 3, 2003, of the Defendant, Collin Vice.

    a. This exhibit is in regard to the allegations that Bridgeport Housing Authority funds were misappropriated to pay for limo services.

96. Newspaper article date March 1, 2003.

    a. This exhibit is in regard to the Defendant, Collin Vice, being fined for not complying with the Freedom of Information Commission's order.

97. List of employees hired in 2001 by the Bridgeport Housing Authority.

    a. This exhibit is in regard to the employees who were hired in 2001 after the Plaintiff, Cecil Young, was discharged.

98. Correspondence dated May 30, 2000 from Angela Hooks, Retirement Administrator for the City of Bridgeport, to Lawrence Osborne, Labor Relations Officer for the City of Bridgeport.

    a. This exhibit is in regard to a breakdown of the Plaintiff's service with the City of Bridgeport.

99. Plaintiff's work schedules with the City of Bridgeport Public Works Department.

    a. This exhibit is in regard to the Plaintiff's work schedule with the Public Works Department that were provided to John Cotella, Assistant Deputy Director of the Public Works Department.

100.     Memo dated June 22, 2000 from the Plaintiff to John Cotella of the Bridgeport Public Works Department.

41

      a. This exhibit is in regard to the Plaintiff's progress with his work duties as a Public Facility Inspector.

101. Flyer dated October 9, 2001 from the Plaintiff in his capacity as a Facility Inspector to the residents of the City of Bridgeport.

      a. This exhibit is in regard to the Plaintiff performing his work duties.

102. Memo dated December 10, 1999 from Ruth S. Hankerson to the Plaintiff.

      a. This exhibit is regard to a breakdown of the Plaintiff's service with the Bridgeport Housing Authority.

103. Memo dated May 18, 2000 from Ruth S. Hankerson to the Plaintiff.

      a. This exhibit is regard to a breakdown of the Plaintiff's service with the Bridgeport Housing Authority and the benefits he was entitled to as a result thereof.

104. List of City of Bridgeport employees.

      a. This exhibit is in regard to the employees hired by the City of Bridgeport after the Plaintiff was discharged by the City of Bridgeport.

105. Memo dated July 11, 2000 from Mariah Natee to the Plaintiff.

      a. This exhibit is in regard to the notice the Plaintiff received from the Bridgeport Housing Authority informing him that he was suspended without pay as a result of the July 11, 2000 tour.

106. Memo dated August 8, 2002 from the Plaintiff to the Bridgeport Health Department.

      a. This exhibit is in regard to the conditions at the Bridgeport Housing Authority's P.T. Barnum housing complex.

107. Record of employees hired by the City of Bridgeport.

a. This exhibit is in regard to the employees that were hired by the City of Bridgeport one year prior to and one year subsequent to May 21, 2002.

108.    Video of conditions at the Bridgeport Housing Authority properties.

a. This exhibit is in regard to the conditions at the Bridgeport Housing Authority properties.

**The Defendants, Bridgeport Housing Authority and Collin Vice, reserve the right to offer any of the following exhibits at trial.**

601.    The personnel records of Mr. Cecil Young while in the employment of the Bridgeport Housing Authority.

a. Correspondence from Collin Vice to Cecil Young dated December 29, 1992 concerning employment as a public safety officer.
b. Memorandum from Collin Vice to Earl Mellow, dated February 11, 1993 concerning Public Safety Officer with attached job description.

602.    Personnel Policy: Housing Authority of the City of Bridgeport, Effective April 10, 2000.

603.    Correspondence from Sgt. Donald P. Jacques to Earl Mellow dated January 11, 2000, concerning the Bridgeport Housing Authority Village Police Detail.

604.    Correspondence from Collin Vice to Hector Torres dated March 9, 2000 concerning a proposal for creation of a public housing police unit with attached proposal.

605.    Letter from Harry B. Elliot to Hector Torres dated March 20, 2000 concerning the creation of a Housing Authority Police Unit.

43

606.  Memorandum from Collin Vice to Olive Harbor dated April 17, 2000 concerning the creation of the public housing police unit.

607.  Memorandum from Olive Harbor to Collin Vice dated May 2, 2000 regarding the creation of a public housing police unit.

608.  Memorandum from Edmund Winterbottom to Mark Anastasi dated June 22, 2000, concerning the creation of a public housing police unit.

609.  E-mail memorandum from Mark Anastasi to Jonas DeGuzman, dated July 27, 2000 regarding the draft agreement for a public housing police unit, with attached draft agreement.

610.  E-mail memorandum from Mark Anastasi to Jonas DeGuzman dated August 25, 2000 concerning the draft agreement for a public housing police unit, with agreement.

611.  E-mail memorandum from Mark Anastasi to Jonas DeGuzman dated September 12, 2000 regarding the Agreement concerning the public housing police unit.

612.  Correspondence from Collin Vice to Phyllis Smelkinson dated September 14, 2000 concerning the implementation of the public housing police unit.

613.  Performance Appraisal from the BHA regarding the Plaintiff dated October 1, 1999.

614.  Memorandum from Earl Mellow to Mariah Natee, dated January 31, 2000 concerning the revised job description of 'public safety officer,' with attached job description.

615.  Memorandum from Mariah Natee to Cecil Young dated January 31, 2000 concerning the change in plaintiff's job duties.

44

616.    Notice from Cecil Young dated July 6, 2000 advising of first tour.

617.    Same notice as 616, with memo from Earl Mellow to Sgt. Jacques regarding the plaintiff's tour.

618.    Memorandum from Earl Mellow to Collin Vice dated July 10, 2000 regarding plaintiff's proposed tour.

619.    Memorandum from Mariah Natee to Ruth Hankerson, dated July 11, 2000 concerning suspension of plaintiff.

620.    Notice of Personnel Action dated July 12, 2000.

621.    Memorandum from Mariah Natee to Cecil Young dated July 11, 2000 regarding plaintiff's suspension.

622.    Notice from Cecil Young dated August 2, 2000 regarding the second tour.

623.    Memorandum from Earl Mellow to Cecil Young dated August 9, 2000 regarding the second tour.

624.    Notes of Mariah Natee dated August 23, 2000 regarding her meeting with the plaintiff.

625.    Memorandum from Earl Mellow to Cecil Young, dated August 24, 2000 concerning the second tour.

626.    Correspondence from Collin Vice to Cecil Young dated August 17, 2001 concerning the elimination of his position of 'public safety officer.'

627.    E-mail memorandum from Avone Santana to Mariah Natee dated August 28, 2001 regarding plaintiff's lack of response to the August 17, 2000 letter.

628. Correspondence from Collin Vice to Cecil Young dated September 7, 2001 advising of termination.

629. Unemployment notice.

630. Correspondence from Collin Vice to Congressman Christopher Shays dated August 8, 2000 regarding plaintiff's tour.

631. Notice prepared by Cecil Young concerning the tours.

632. Memorandum from Earl Mellow to Cecil Young dated February 19, 1998 regarding the sending of letters to the police department, with correspondence from Clarence H. Craig, Jr. to Sgt. John Uliano dated February 19, 1998 and correspondence from Cecil Young to Sergeant Ulliano dated February 10, 1998.

633. Memorandum from Earl Mellow to Cecil Young dated February 20, 1998 concerning plaintiff's unacceptable conduct.

634. Memorandum from Cecil Young to Earl Mellow dated February 23,1998.

635. Memorandum from Earl Mellow to Cecil Young dated June 13, 1996 regarding plaintiff's use of personal vehicle for BHA business.

636. Memorandum from Earl Mellow to Cecil Young dated September 17, 1996 concerning plaintiff's request for compensatory time and documents attached thereto, including memorandum from Young to Earl Mellow dated September 10, 1996 and Memorandum from Collin Vice to Earl Mellow and Cecil Young dated March 30, 1993.

637. Memorandum from Earl Mellow to Cecil Young dated June 4, 1999 regarding plaintiff's work hours and use of vehicle.

638. Memorandum from Sally Carter to Collin Vice dated August 29, 2000 regarding plaintiff's conduct on August 27, 2000.

639.   Memorandum from Earl Mellow to Cecil Young dated September 11, 2000 regarding plaintiff's conduct on August 27, 2000.

640.   Memorandum from Cecil Young to Earl Mellow dated January 10, 2001 regarding security at Pequonnock Apartments.

641.   Portions from the Affidavit of Illegal Discriminatory Practice filed by Plaintiff with the EEOC dated February 11, 2003.

642.   Portions from the Affidavit of Illegal Discriminatory Practice filed with the Commission on Human Rights and Opportunities dated December 6, 2001.

643.   Portions of the BHA's response to plaintiff's CHRO Complaint dated January 9, 2002.

644.   Portions of Plaintiff's "Rebuttal" to the BHA's Answer, dated February 27, 2002.

**The Defendant, City of Bridgeport's exhibits include the following:**

501.   The personnel records of Mr. Cecil Young while in the employment of the City of Bridgeport in grants as well as City employment.

502.   The time records of Mr. Young during the time period 1999 to 2002.

503.   The payments to Mr. Young upon separation from the employ of the City of Bridgeport

504.   Any and all sums paid to Mr. Young for services outside of the position as inspector.

505.   Citizen Complaints by Mr. Young against Bridgeport Police Officers.

47

506. Letter of separation of employment to Mr. Young.

507. Budget documents of the City of Bridgeport for the fiscal year 2002-2003.

508. Superior Court Criminal action concerning the breach of peace of Mr. Cecil Young and the decision of the judge after trial.

509. August 31, 2001 Agreement for Settlement with Cecil Young.

510. May 30, 2001 letter from Angel Hooks to Lawrence Osborne concerning service of Young with the City of Bridgeport.

511. August 11, 1998 letter of employment to Cecil Young from Labor Relations Office.

512. December 9, 1991 letter from Lt. Hector Torres to Mary Maglione.

513. Inter-Office Memo dated August 17, 1989 from Harold Fair to R. Garcia concerning violations of the Hatch Act with campaigning.

514. Letter dated October 17, 1988 to Cecil Young from Roberto Garcia regarding disciplinary hearing.

515. June 4, 1992 letter to Cecil Young from Edward Boman regarding the termination of employment.

516. December 31, 1996 letter from Lawrence Osborne regarding termination of employment.

48

517.  Letter dated February 19, 1998 from Clarence Craig to Sgt. Uliano concerning officers assigned to the housing complex.

518.  Letter dated October 2, 1987 from Jose Ortiz to Cecil Young concerning reporting duties.

519.  City of Bridgeport Grants Personnel Request Form for March 1998, July 1998 and September 1998 and January 2004.

520.  List of Employees Laid off from the City Employment in 2002

521.  Document concerning Officer Robert Winkler circulated by Cecil Young.

## 9. DEPOSITION TESTIMONY

The Defendants, Bridgeport Housing Authority and Collin Vice, reserve the right to cross-examine the plaintiff, Cecil Young, with the transcript from his deposition.

## 10. STIPULATIONS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW:

1. **Bench Trial: N/A**

2. **Jury Trial**

### i. Plaintiff's Stipulation of Uncontroverted Facts

1.  The Plaintiff, Cecil Young, resides at 99 Carroll Avenue, Bridgeport, Connecticut 06607.

49

2. The Defendant, City of Bridgeport, is a municipality established in accordance with the laws of the State of Connecticut and is a municipal employer within the meaning of the Municipal Employee Relations Act. Connecticut General Statute §7-467, et seq. The Defendant, City of Bridgeport's principal place of business is 45 Lyons Terrace, Bridgeport, Connecticut 06604.

3. In addition to being employed by the City of Bridgeport Housing Authority, Plaintiff has been employed by the City of Bridgeport in various capacities since 1978.

4. Between July 27, 1998 and June 30, 2002, Plaintiff was employed by the Defendant, City of Bridgeport, as a Public Facility Inspector with the City of Bridgeport Department of Public Facilities.

5. On February 28, 2002, Plaintiff addressed the City of Bridgeport Council concerning replacing the BHA and City Police Commissioners.

6. On or about September 16, 2001, Plaintiff filed a citizen complaint (Case No. OIA 011-343) of police harassment with the City of Bridgeport Police department.

ii.    **Defendants, Bridgeport Housing Authority and Collin Vice's Stipulation of Facts:**

1. Cecil Young was an employee of the BHA in the summer of 2000.

2. The BHA is a public corporation housing authority.

3. Collin Vice was the Executive Director of the BHA in the summer of 2000.

50

4. In the summer of 2000, the BHA managed the Pequonnock Apartment complex, which no loner exists, and the Greene Homes complex.

5. Cecil Young was employed by the BHA as a "Public Safety Officer" between February 1, 1993 and September 28, 2001.

6. On July 11, 2000, the BHA Human Resource Director, Mariah Natee notified Cecil Young that he was suspended for two weeks without pay for organizing a tour of the Charles F. Greene Homes Site.

7. Cecil Young's conduct of organizing and conducting the tour on BHA property without permission of the BHA, violated BHA policy.

8. Cecil Young was informed that any future violations would result in his termination.

9. On August 9, 2000, Earl Mellow, the BHA Chief of Security notified Cecil Young that if he conducted a second tour of Charles F. Greene Homes, he would be subject to further disciplinary action.

10. On August 24, 2000, Cecil Young was informed by Earl Mellow that his conduct of a second tour on August 23, 2000 of the Charles F. Greene Homes was subject to review for further disciplinary action.

iii. **Defendant, City of Bridgeport's Stipulations of Facts:**

51

1. The Defendant, City of Bridgeport, is a municipal corporation organized and existing under the laws of the State of Connecticut.

2. The Plaintiff, Cecil Young, is presently employed by the City of Bridgeport in the capacity as a Security Guard in the Department of Welfare Assistance in the City of Bridgeport.

3. The present employment by the City of Bridgeport for Mr. Young was created at the request of the Office of the Mayor after discussions with Cecil Young.

4. Mr. Young was delayed in beginning the new position as security guard for the City of Bridgeport because he could not pass the drug test given to him in pre-employment screening.

iv.  **Proposed Voir Dire Questions**

1. The Plaintiff, Cecil Young's list of questions to be submitted to the jury panel is attached hereto.

2. The Defendant, City of Bridgeport's proposed Voir Dire questions are attached hereto.

3. The Defendants, Bridgeport Housing Authority and Collin Vice's Voir Dire questions are as follows:

52

a. Have you ever been employed by a governmental employer?

b. Have you ever been fired from a job?

c. Have you ever been involved in an employment dispute?

d.  Have you ever sued an employer?

e. Have you or any close family members lived in public housing?

f.   Have you ever been a party to a lawsuit as a plaintiff?

g. Have you ever been a party to a lawsuit as a defendant?

h. Do you or have you ever lived in the City of Bridgeport?

i. Have you read any newspaper articles or seen any news reports about the Bridgeport Housing Authority or Collin Vice?

j. Have you ever lived in property owned by the BHA?

k. Have you ever had any complaints concerning the BHA?

l. Have you ever had any dealings, personal or professional, with the BHA?

m. Do you have any strong feelings one way or the other about public housing or public housing authorities?

n. Do you know anything about the BHA or any of the individual parties that would influence your decision in this case?

o. Have you read any newspaper articles or seen any television reports regarding the plaintiff, Cecil Young?

53

     p.  Have you heard any radio programs about Cecil Young or the BHA?

### v. Proposed Jury Instructions

1. The Plaintiff, Cecil Young's request for jury instructions is attached hereto.

2. The Defendants, Bridgeport Housing Authority and Collin Vice's request for jury instructions is attached hereto.

3. The Defendant, City of Bridgeport's request for jury instructions is attached hereto.

### vi. Proposed Verdict Form

1. The Plaintiff, Cecil Young's proposed verdict form is attached hereto.

2. The Defendants, Bridgeport Housing Authority and Collin Vice's proposed verdict forms are to be provided.

## 11. OBJECTIONS:

a.    **Trial to Court: N/A**

b.    **Trial to Jury: N/A**

The Plaintiff, Cecil Young, hereby reserves the right to amend his exhibits and the witnesses.

The Defendants, Housing Authority of the City of Bridgeport and Collin Vice, reserves the right to amend their exhibits and witness list.

54

The Plaintiff, Cecil Young, hereby acknowledges that on today's date of March 8, 2005 he has reviewed the above joint trial memorandum.

BY _____

Thomas J. Weihing, ct 08235
Daly, Weihing & Bochanis
1115 Main Street, Suite 710
Bridgeport, CT 06604
(203) 333-8500

55

The Defendant, City of Bridgeport, hereby acknowledges that it has reviewed the above joint trial memorandum.


BY ___Barbara B. Massaro___

Barbara Brazzel-Massaro, ct 06192
Associate City Attorney
Office of the City Attorney
999 Broad Street
Bridgeport, CT 06604
(203) 576-7647

56

The Defendants
Bridgeport Housing Authority and Collin Vice.

BY _James A. Mahar_____

James Mahar, Esq., ct 21854
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street
Stamford, CT 06905
(203) 357-9200

57