UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| CECIL YOUNG | : |
| | : |
| Plaintiff, | : |
| | : |
| v, | : CIVIL ACTION NO. 3:03 CV 1010 (JBA) |
| | : |
| CITY OF BRIDGEPORT HOUSING | : |
| AUTHORITY, AND COLLIN VICE, | : |
| IN HER OFFICIAL CAPACITY AS | : |
| EXECUTIVE DIRECTOR OF THE | : FEBRUARY 7, 2005 |
| BRIDGEPORT HOUSING AUTHORITY | : |
| AND IN HER PERSONAL CAPACITY; | : |
| AND THE CITY OF BRIDGEPORT | : |
| | : |
| Defendants. | : |

**DEFENDANTS' PRELIMINARY REQUEST TO CHARGE**

The undersigned Defendants, City of Bridgeport Housing Authority and Collin Vice,

respectfully request this Court to charge the Jury on the following matter:

**I.     42 U.S.C. §1983 CLAIMS**

     1.    Section 1983 provides a plaintiff with a cause of action when he has been deprived

of a federal right under color of state law.  This statute states:

Every person who, under color of any statute, ordinance, regulation,
custom, or usage, of any State or Territory or the District of Columbia,
subjects or causes to be subjected, any citizen of the United States or
other person within the jurisdiction thereof to the deprivation of any
rights, privileges, or immunities secured by the Constitution and laws,

shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**Authority: 42 U.S.C. § 1983.**

## A.    ESSENTIAL ELEMENTS OF 1983 CLAIM

1.    In order for the plaintiff to be successful in this case, he must prove the four elements of a §1983 claim by a fair preponderance of the evidence. The four elements are the following:

    a.    That the conduct complained of was committed by a person acting under color of state law;

    b.    That the defendant(s) in question deprived the plaintiff of a constitutional right, in particular to this case plaintiff's right not to be retaliated against for exercising his First Amendment right to free speech;

    c.    That the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff;  and

    d.    That  the actions of the defendant in question, which caused the alleged loss, were intentional.

**Authority:**    **Authority Parratt v. Taylor, 451 US 527 (1981);  Eagleston v. Guido, 41 F. 3d 865 (2nd Cir. 1994).**

2.    If the plaintiff fails to prove any one of these elements, your verdict must be for the defendants.  I will now instruct you on each of these four elements.

**B.    Element One: Under Color of State Law**

The first element that the plaintiff must establish, is that the conduct complained of was committed by a person acting under color of state law. Acts are done under color of law when a person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.

**Authority:**    **Model Jury Instructions (Civil) Ninth Circuit § 11.1.1 (1997).**

**C.    Element Two: Deprivation of Rights:**

1.    The second element the plaintiff must prove is that the defendants deprived him of constitutional rights, privileges, or immunities secured by the constitution or laws of the United States.  In this regard, the plaintiff claims that the defendants violated his

- 3 -

constitutional rights by retaliating against him for exercising his First Amendment rights to free speech. Specifically the plaintiff claims that the defendants terminated his employment because he exercised his free speech rights. Plaintiff claims that his exercising of his free speech rights was the motivating factor in terminating him from his job as retaliation.

2.  In order to prevail on a claim for First Amendment retaliation, the plaintiff must demonstrate that (1) his speech addressed a matter of public concern, (2) he suffered an adverse employment action, and (3) a causal connection existed between the speech and the adverse employment action, so that it can be said that his speech was a motivating factor in the determination.

Authority:   *Cobb v. Pozzi*, **363 F. 3d 89, 102 (2nd Cir. 2004), citing** *Mandell v. County of Suffolk*, **316 F. 3d 368, 382 (2nd Cir. 2003).**

3.  Public employees do not surrender their First Amendment rights to comment on matters of public concern by virtue of their acceptance of government employment. Nevertheless, when playing the role

of employer, the state possesses greater leeway to control employees' speech that threatens to undermine its ability to perform its legitimate functions.

**Authority:** ***Waters v. Churchill,*** **511 U.S. 661, 675 (1994);** ***Cobb v. Pozzi,*** **363 F. 3d 89, 101 (2nd Cir. 2004).**

4.. The extent to which the government may permissibly regulate the speech of its employees is determined by balancing the interest of the employee, as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees.

**Authority:** ***Cobb v. Pozzi,*** **363 F. 3d 89, 101 (2nd Cir. 2004), citing** ***Pickering v. Myers,*** **391 U.S. 563, 568 (1968).**

5. Whether particular speech addresses a matter of public concern is a question of law for the court.

**Authority:** ***Lewis v. Cowden,*** **165 F. 3d 154, 163 (2nd Cir. 1999).**

6.      Speech will be considered to address a matter of public concern if it can be fairly considered as relating to any matter of political, social, or other concern of the community.

**Authority:**     *Connick v. Myers*, **461 U.S. 138, 146 (1983).**

7.      However, where a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, then such speech is not of a "public concern." *Connick v. Myers,* **461 U.S. 138,147 (1982).**  Speech pertaining to internal personnel disputes and working conditions is generally held not to involve matters of public concern. *Kantha v. Blue,* **262 F. Supp. 90, 100-101 (S.D. N.Y. 2003), citing** *Connick v. Myers,* **461 U.S. 138, 146 (1983).**  Personal grievances, complaints about conditions of employment, or expressions about other matters of personal interest fall outside the First Amendment because they are not matters of public concern. *Love-Lane v. Martin*, **355 F. 3d 766, 776.(4th Cir. 2004).**

- 6 -

8.    In order to determine whether a public employee is seeking to vindicate a personal interest or to bring to light a matter of political, social, or other concern of the community, you should focus on the motive of the speaker and attempt to determine whether the speech was calculated to redress personal grievances or whether it had a broader public purpose.

**Authority:**    *Kantha v. Blue,* **262 F. Supp. 90, 101 (S.D.N.Y. 2003) citing** *Lewis v. Cowen,* **165 F. 3d 154, 163-64 (2nd Cir. 1999).**

9.    When determining whether speech addresses a matter of public concern, we consider the content, form, and context of a given statement, as revealed by the record. Of those three factors, content is the most important. In addition, an employee's choice of forum and motivation are also relevant considerations.

**Authority:**    *Cygan v. Wisconsin Dept. Of Corrections,* **388 F. 3d 1092, 1099 (7th Cir. 2004).**

**D.**    **Element Three: Causation**

1.    The Plaintiff must also establish that there was a causal connection between the protected speech and the retaliatory employment

- 7 -

action; specifically, the plaintiff must establish that the claimed

protected speech was a [motivating] or substantial factor in the

decision to take the allegedly retaliatory action.

**Authority:**   ***Love-Lane v. Martin*, 355 F. 3d 766, 776 (4th Cir. 2004).**

2.   A plaintiff can establish the causal connection between protected

expression and an adverse employment determination indirectly by

showing that the protected activity was followed by adverse

treatment in employment, or directly by evidence of retaliatory

animus.  A plaintiff may not rely on conclusory assertions of

retaliatory motive to satisfy the causal link.  Instead, he must

produce some tangible proof to demonstrate that his version of

what occurred was not imaginary.

**Authority:**   ***Cobb v. Pozzi*, 363 F. 3d 89, 108 (2nd Cir. 2004).**

**E.**   **Element Four: Intentional Conduct**

1.   The plaintiff must also prove by the preponderance of the evidence

that the defendant(s) acted intentionally or recklessly in order to

- 8 -

prove a §1983 claim and that any one of the defendants'
intentional acts violated the plaintiff's rights. *

2.    An act is intentional if it is done knowingly, that is, if it is done

voluntarily and deliberately and not because of mistake, accident,

negligence or other innocent reason. Also the plaintiff can recover

against the defendants if he proves that the defendant acted

recklessly. An act is reckless if it is done in conscious disregard of

its know probable consequences. *

3.    In this area, in determining intentional conduct or reckless behavior

you should remember that while witnesses may see and hear and be

able to give direct evidence of what a person does or fails to do,

there is no way of looking into a person's mind. Therefore, you

have to depend on what was done and what the people involved

said was in their minds and your belief or disbelief with respect to

those facts. *

4.    Finally, as I have instructed you, the plaintiff must prove

intentional or reckless conduct. If the acts of the defendants were

- 9 -

merely negligent, then even if the plaintiff suffered injuries as a

result of the acts, you must still find for the defendants. *

\*      **Authority:**    <u>Daniels v. Williams</u>, **474 U.S. 327 (1986);** <u>Davidson v. Cannon</u>, **474 U.S. 344 (1986);** <u>Wilson v. Seitzer</u>, **501 U.S. 294 (1991);** <u>City of Canton v. Harris</u>, **489 U.S. 378 (1989).**

**F.**      <u>**Connick-Pickering Balancing Test**</u>

1.      Even speech regarding a matter of public concern does not automatically

   qualify for First Amendment protection: the speaker's interest in free

   expression is tempered by the government's interest in governmental

   effectiveness, efficiency, order and the avoidance of disruption.

**Authority:**    *Love-Lane v. Martin*, **355 F. 3d 766, 776 (4th Cir. 2004),** citing *McVey v. Stacy*, **157 F. 3d 271, 277 (4th Cir. 1998).**

2.      If the plaintiff establishes the three factors to establish a First Amendment

   retaliation claim, as I previously explained to you, the defendants may

   avoid liability under either of two rationales.  The defendants may either

   (1) demonstrate by a preponderance of the evidence that it would have

   taken the same adverse action regardless of protected speech, or (2) show

   that the plaintiff's expression was likely to disrupt the governments

- 10 -

activities, and that the likely disruption was sufficient to outweigh the value of the plaintiff's First Amendment expression.

**Authority:**     *Cobb v. Pozzi,* **363 F. 3d 89, 102 (2nd Cir. 2004).**

3.     If you find that the defendants would have taken the same employment action even in the absence of the plaintiff's protected speech, then you must find in favor of the defendants. In other words, if the defendants had a legitimate reason for eliminating the plaintiff's position, then you must find for the defendants in this matter.

**Authority:**     *Model Jury Instructions* **(Civil) Fifth Circuit § 10.4 (1999);**
                    *Morris v. Lindau,* **196 F. 3d 102 (2nd Cir. 1997).**

4.     A governmental employee may properly be subject to disciplinary action if his conduct causes a disruption in the operation of the governmental agency. You should consider whether the plaintiff's conduct: 1) impaired discipline by superiors or harmony among co-workers; or 2) had a detrimental impact on close working relationships; or 3) impeded performance of the speaker's duties; or 4) interfered with the regular operation of the enterprise.

- 11 -

**Authority:**   *Melzer v. BOE of the School Dist. Of the City of New York,* 336 F. 3d 185, 197 (2nd Cir. 2003).

5.   Any actual disruption that has already occurred is of course a persuasive argument for the government that it has met its' burden, but even a showing of probable future disruption may satisfy the balancing test, so long as such a prediction is reasonable.

**Authority:**   *Melzer v. BOE of the School Dist. Of New York City,* 336 F. 3d 185, 197 (2nd Cir. 2003).

6.   In balancing protective First Amendment activity against governmental disruption we take into account the manner, time, and place in which the speech or activity occurred.

**Authority:**   *Melzer v. BOE of the School Dist. Of New York City,* 336 F. 3d 185, 197 (2nd Cir. 2003), citing *Connick v. Myers,* 461 U.S. 138, 152 (1983).

7.   An employee's conduct is more likely to be disruptive when it occurs in the workplace than when the equivalent activity occurs on an employee's own time, away from work.

**Authority:**   *Melzer v. BOE of the School Dist. Of New York City,* 336 F. 3d 185, 197 (2nd Cir. 2003), citing *Connick v. Myers,* 461 U.S. 138, 152-53 and n. 13 (1983).

- 12 -

8.    Only if you find that the plaintiff's statements involved a matter of public

concern is it necessary for a court to balance the interests of the speaker

against the state's interest in efficient government.

**Authority:**    *Ezekwo v. NYC Health & Hospitals Corp.,* 940 F. 2d 775, 781
(2nd Cir. 1991); see also *City of San Diego v. Roe,* 125 S. Ct. 521,
525 (Dec. 6, 2004).

F.    <u>Governmental Liability for § 1983 Violation</u>

1.    To hold a local governmental entity liable for a constitutional

violation under § 1983, the plaintiff must show that the execution

of a policy of custom of the governmental entity caused the

violation.

**Authority:**    *Love-Lane v. Martin,* 355 F. 3d 766, 776 (4th Cir. 2004),
Citing *Pembaur v. City fo Cincinnati,* 475 U.S. 469, 480
(1986).

2.    An "official policy" means:

a.    A rule or regulation promulgated, adopted, or ratified by the
governmental entity's legislative body;

b.    A policy statement or decision that is officially made by the
Housing Authorities lawmaking officer or policy making
official;

- 13 -

     c.     A custom that is a permanent, widespread, well-settled practice that constitutes a standard operating procedure of the Housing Authority; or

     d.     An act or omission ratified by the Housing Authorities lawmaking officer or policy-making official.

**Authority:**     **O'Malley, Grenig, Lee Federal Jury Practice and Instructions, 5th Ed. § 170.23.**

3.     Governmental liability may be imposed for a single decision by governmental policy makers under appropriate circumstances. To hold a governmental entity liable for a single decision (or violation), the decision maker must possess final authority to establish governmental policy with respect to the action ordered. *Love-Lane v. Martin*, 355 F. 3d 766, 776 (4th Cir. 2004), Citing *Pembaur v. City fo Cincinnati*, 475 U.S. 469, 480 (1986). In order to the Housing Authority of the City of Bridgeport liable for laying off the Plaintiff, the Plaintiff must prove by a preponderance of the evidence that the Board of Commissioners was aware of a Constitutional violation and either participated in, or otherwise condoned it. *Love-Lane v. Martin*, 355 F. 3d 766, 782-83 (4th Cir. 2004), citing *Pembaur v. City fo Cincinnati*, 475 U.S. 469, 480 (1986).

- 14 -

## II.    STATE LAW CLAIMS

The plaintiff has claimed that the defendant is also liable based upon two state laws:

Connecticut General Statutes §31-51q and Connecticut General Statutes §31-51m.

1.    Connecticut General Statutes §31-51q provides that:

> Any employer, including the state and any instrumentality or political subdivision thereof, who subjects any employee to discipline or discharge on account of the exercise by such employee of rights guaranteed by the first amendment to the United State Constitution or section 3, 4 or 14 of article first of the constitution of the state, provided such activity does not substantially or materially interfere with the employee's bona fide job performance or the working relationship between the employee and the employer, shall be liable to such employee for damages caused by such discipline or discharge, including punitive damages and for reasonable attorney's fees as part of the costs of any such action for damages.

2.    In order to prove this claim, the plaintiff must show: (1) that he was exercising rights protected by the first amendment to the United States Constitution or by an equivalent provision of the Connecticut Constitution; (2) that he was fired on account of his exercise of first amendment or equivalent state constitutional rights; and (3) that his exercise of first amendment or equivalent state constitutional rights did not substantially or materially interfere with his bona fide job performance or with his working relationship with his employer.

- 15 -

**Authority:**    *Daley v. Aetna Life & Casualty*, **Superior Court, Judicial Dist. of Hartford – New Britain at Hartford, Docket No. 0533693 (Aug. 3, 1994, Sheldon, J.).**

3.    The first step in analyzing whether the rights fall under the protection of the first amendment of the United States Constitution or Connecticut Constitution under the state law is dependant upon the content, their form and the context in which they are made. In order to be protected, the plaintiff must demonstrate that the speech and activities relate to matters of public concern and are voiced in such a manner as to contribute to the public discussion thereof. If the matters relate solely to the plaintiff's personal employment situation and/or so communicated as to affect only the private adjustment of the plaintiff's personal grievances, they are not constitutionally protected. You must determined if the plaintiff was acting as a citizen attempting to speak on a public issue or, instead, attempting to resolve a private dilemma relating to employment.

**Authority:**    *Daley v. Aetna Life & Casualty*, **Superior Court, Judicial Dist. of Hartford – New Britain at Hartford, Docket No. 0533693 (Aug. 3, 1994, Sheldon, J.).**

- 16 -

4.  In this regard, you may consider the plaintiff's motive in determining the form,

    content and context of the alleged protected activity, including the speaker's

    primary motivation.

    **Authority:**    **Dodds v. Childris**, 933 F.2d 271 (5th Cir. 1991); **D'Angelo, et al**
                      **v. Capt. John Mcgoldrick, et al**, 1995 Conn. Super Lexis 2305
                      **(1995).**

5.  The second step requires that the plaintiff prove by a preponderance of the

    evidence that his termination was based substantially on his exercise of his First

    Amendment rights. In this regard, the defendants have provided evidence that the

    plaintiff's position was eliminated after the creation of the Public Housing Police

    unit and that his position was no longer needed.

6.  You must determine if the Bridgeport Housing Authority, would have made the

    same decision even if the plaintiff did not engage in what he alleges was protected

    first amendment activity. If you find that the plaintiff's change in employment

    status was for a legitimate reason, then you must find for the defendants.

7.  The plaintiff has also claimed that his rights were violated pursuant to

    Connecticut General Statutes §31-51m. This statute is often referred to as the

    whistleblower statute. In particular, it provides that:

- 17 -

(b) No employer shall discharge, discipline or otherwise penalize any employee because the employee, or a person acting on behalf of the employee, reports, verbally or in writing, a violation or a suspected violation of any state or federal law or regulation or any municipal ordinance or regulation to a public body, or because an employee is requested by a public body to participate in an investigation, hearing or inquiry held by that public body, or a court action. No municipal employer shall discharge, discipline or otherwise penalize any employee because the employee, or a person acting on behalf of the employees, reports, verbally or in writing, to a public body concerning the unethical practices, mismanagement or abuse of authority by such employer. The provisions of this subsection shall not be applicable when the employee knows that such report if false.

8.   The plaintiff has the burden of proof of establishing that he was engaged in a

protected activity and that he was discharged from his employment as a result of

the protected activity.

Authority:   *LaFond v. General Physics Corp.*, 50 F.3d 165 (2d Cir. 1995).

9.   If you should find, however, that the Bridgeport Housing Authority provides a

legitimate and non-retaliatory reason for the discharge, the employee must offer

some significantly probative evidence showing that the defendants' proffered

reason is pre-textual and that a retaliatory intention resulted in the termination.

Authority:   *Arnone v. Town of Enfield*, 79 Conn. App. 50 (2003).

- 18 -

**III.**    <u>**DAMAGES:**</u>

     **A.**     <u>**Damages in General**</u>

     1.     If you find a defendant is liable to the plaintiff, you must then consider the issue of damages. In this regard, please note that the mere fact that I instruct you on damages does not mean that you should award damages, or that I have any opinion as to whether you should award damages. Also, please note that if you find a defendant, or certain defendants, liable, you are not to consider whether anyone other than the defendant or defendants you find liable did anything wrong. Only the conduct of defendants who are found liable should be considered.

     2.     There are three kinds of damages that can be awarded in a case of this type: compensatory damages, nominal damages and punitive damages.

     **B.**     <u>**Compensatory Damages**</u>

     1.     Compensatory damages are intended to make a plaintiff whole, that is, to fairly and justly compensate him or her for any injury he or she sustained as a direct result of the responsible party's unlawful actions.

2.    A plaintiff is entitled to compensatory damages only for injuries caused by

unlawful acts.  Damages must not be based on speculation or sympathy.  They

must be based on the evidence presented at trial.

3.    Among the elements of injury or loss for which compensation may be awarded

are:

    (1)    Physical harm to the plaintiff, including any pain or injury the plaintiff
         suffered;

    (2)    Emotional harm to the plaintiff, including emotional distress, pain,
         suffering, personal indignity, fear, anxiety, or anguish the plaintiff
         suffered;  and

    (3)    Loss of income.

4.    You may not, however, award as a component of damages any sum intended to

cover the attorneys' fees that may have been incurred by the plaintiff in this

lawsuit.  This issue will be dealt with, if necessary, in a separate proceeding.

5.    The damages you award should be proportional to the actual loss sustained and

should not result in double recovery with respect to any one item of damage.

- 20 -

**C.    Nominal Damages**

1.      If, after considering all the evidence presented, you find that a defendant or certain

of the defendants, violated the plaintiff's rights under the United States

Constitution, but that the plaintiff suffered no injury as a result of the violation,

you must award the plaintiff "nominal damages." Nominal damages are awarded

in recognition of the fact that a person's constitutional rights have been violated.

You should award nominal damages if you conclude that the plaintiff suffered a

deprivation of his rights without any resulting injury or damage.

**Authority:**    *Leblanc-Sternberg v. Kamman*, 67 F. 3d 412 (2nd Cir. 1995).

2.      You may <u>not</u> award both nominal and compensatory damages to the plaintiff.

Either the plaintiff suffered injuries that were legally caused by the defendants, in

which case you must award compensatory damages, or he did not suffer any

injuries, in which case you must award nominal damages, i.e., one dollar.

**Authority:**    See *Carey v. Piphus*, 435 U.S. 247 (1978); *Smith v. Coughlin*, 748 F. 2d
                  783 (2nd Cir. 1984).

- 21 -

**D.**     **Punitive Damages**

1.     If you award the plaintiff compensatory or nominal damages in this case, you may

also make a separate and additional award of punitive damages. Punitive damages

are awarded, in the discretion of the jury, to punish a defendant for extreme or

outrageous conduct and to deter a defendant and others like him or her from

engaging in such conduct in the future.

2.     You may award the plaintiff punitive damages against a defendant if you find that

the defendants' conduct was motivated by evil motive or intent, or if it involved

recklessness or callous indifference to the Plaintiff's federally protected right.

*Kolstad v. American Dental Association*, 527 U.S. 526 (1999). An act or failure

to act is maliciously done if it is prompted by ill will or spite toward the injured

person or by some improper motive. An act or failure to act is wanton if done in

reckless or callous disregard of, or indifference to, the rights of the injured person.

The plaintiff has the burden of proving, by preponderance of the evidence that the

defendant in question acted maliciously or wantonly with regard to the plaintiff's

rights. An intent to injure exists when a defendant has a conscious desire to injure

a plaintiff in a manner he or she knows to be unlawful. A conscious desire to

- 22 -

perform the physical acts that caused a plaintiff's injury, or to fail to undertake

certain acts, does not by itself establish that a defendant has a conscious desire to

violate rights or injure a plaintiff unlawfully.

3.    If you find by a preponderance of the evidence that a defendant acted with

malicious intent to violate the plaintiff's rights or unlawfully injure him, or if you

find that a defendant acted with a callous or reckless disregard of the plaintiff's

rights, then you may award punitive damages against that defendant.

4.    You should keep in mind that an award of punitive damages is discretionary. That

is, if you find that the legal requirements for punitive damages are satisfied, then

you may decide to award punitive damages, or you may decide not to award them.

Whether to award punitive damages and, if so, the amount of punitive damages,

are issues entrusted to your sound judgment and discretion. In exercising this

judgment and discretion, you are to act reasonably and without bias or prejudice.

5.    Please note that, at this point in the proceedings, you are only asked to consider

whether the plaintiff is entitled to punitive damages; not the specific amount of

any such damages. If you do decide to award the plaintiff punitive damages, after

you return your verdict, we will have a separate, brief proceeding at which you

- 23 -

will hear more evidence and decide on the amount of punitive damages to be awarded.

## IV.    MITIGATION OF DAMAGES:

The Defendants have alleged that the plaintiff failed to use reasonable efforts to obtain employment after his job with the Defendants was ended. If you find that the plaintiff is entitled to damages, you should consider whether the plaintiff failed to mitigate his damages. In other words, you should consider whether the plaintiff took reasonable steps to minimize his damages.

1.    The plaintiff, Cecil Young, must make every reasonable effort to minimize or reduce his damages for loss of compensation by seeking employment. This is referred to a "mitigation of damages." The Defendants must prove by a fair preponderance of the evidence that plaintiff, Cecil Young, failed to mitigate his damages for loss of compensation. If you determine that the plaintiff is entitled to damages, you must reduce these damages by:

1.    What the plaintiff earned, and
2.    What the plaintiff could have earned by reasonable effort during the period from his discharge until the date of trial.

- 24 -

The Plaintiff, Cecil Young, must accept employment that is "of a like nature." In determining whether employment is "of a like nature," you may consider.

1. The type of work;
2. The hours worked;
3. The compensation;
4. The job security;
5. The working conditions, and
6. Other conditions of employment.

You must decide whether the plaintiff acted reasonably in not seeking or accepting a particular job. If you determine that the plaintiff did not make reasonable efforts to obtain another similar job, you must decide whether any damages resulted from plaintiff's failure to do so.

You must not compensate plaintiff for any portion of his damages resulting from his failure to make reasonable efforts to reduce his damages.

**Authority:** **O'Malley, Grenig, Lee <u>Federal Jury Practice and Instructions</u>, 5th Ed. § 170.65.**

- 25 -

## V.    **THE HATCH ACT:**

The Defendants also claimed that their continued employment would have violated the

Hatch Act and that therefore, they could not have rehired him and should not be responsible for

any damages to him for lost wages.

1.    The Hatch Act, 5 U.S.C. § 1502, prohibits a State or local officer or employee

from being a candidate for elective office.

**Authority:**    **5 U.S.C. § 1502 (a)(3).**

2.    The Hatch Act prohibition applies to individuals employed by a State or local

agency whose principle employment is in connection with an activity which is

financed in whole or in part by loans or grants made by the United States or a

Federal Agency.

**Authority:**    5 U.S.C. § 1501 (4);*Northern Virginia Regional Park Auth. v. United*
*States Civil Service Commission,* **437 F. 2d. 1346 (4th Cir. 1971);** *In re*
*Higginbotham,* **340 F. 2d 162, cert. denied** *Higginbotham v. United*
*States Civil Service Commission,* **382 U.S. 853 (1965).**

3.    You have heard evidence that the BHA is funded by grants and loans from the

United States Department of Housing and Urban Development.  There is also

evidence that the plaintiff was an elected City Sheriff and that he ran for reelection

- 26 -

at various times before and after his employment was ended with the BHA. If you

find that the continued employment of the plaintiff by the BHA would violate the

Hatch Act, then you may consider this in determining whether the plaintiff is

entitled to compensatory damages from the BHA and Collin Vice.

## VI.    QUALIFIED IMMUNITY (Collin Vice, individually)

1.    The Defendant, Collin Vice, also claims that she is entitled to "qualified

immunity" for her actions with respect to the Plaintiff's claims. Under the

doctrine of qualified immunity, a government official performing discretionary

functions is shielded from liability for civil damages if her conduct did not violate

plaintiff's clearly established rights or if it would have been objectively

reasonable for the official to believe that her conduct did not violate plaintiff's

rights.

**Authority:**    *Savino v. The City of New York*, **331 F. 3d 63, 71 (2nd Cir. 2003).**

2.    Public officials sued in their individual capacities are entitled to qualified

immunity from suit unless the contours of the right are sufficiently clear that a

reasonable official would understand that what he is doing violates that right.

Further, even assuming a state official violates a plaintiff's constitutional rights,

- 27 -

the official is protected nonetheless if she objectively and reasonably believed that

she was acting lawfully.

**Authority:**    *Dawson v. Count of Westchester*, **2004 WL 3029736 (S.D.N.Y. Dec. 29,
2004); 01 Civ. 7218 (WCC) (Dec. 29, 2004)**

2.    If you find that an objectively reasonable persons in Ms. Vice's position would

have believed that her actions would not violate the plaintiff's rights, then you

must find in favor of the Defendant Collin Vice, in her individual capacity.

**Authority:**    *Savino v. The City of New York*, **331 F. 3d 63, 71 (2nd Cir. 2003).**

<div style="margin-left:40%;">

THE DEFENDANTS,
CITY OF BRIDGEPORT HOUSING
AUTHORITY AND COLLIN VICE

By: _James A. Mahar_

James A. Mahar, Esq., (CT 21854)
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, CT   06905
Phone No. 203-357-9200

</div>

- 28 -