UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CECIL YOUNG | : | |
| Plaintiff, | : | CIV. NO. 3:03CV1010 (JBA) |
| vs. | : | |
| CITY OF BRIDGEPORT HOUSING AUTHORITY, ET AL | : | |
| Defendants | : | FEBRUARY 4, 2005 |

## DEFENDANT CITY OF BRIDGEPORT'S PROPOSED REQUEST TO CHARGE

I.  **42 U.S.C. §1983 CLAIMS**

1. Section 1983 provides a plaintiff with a cause of action when he has been deprived of a federal right under color of state law. This statute states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Authority: 42 U.S.C. § 1983.

BMF05023

1

## II.  ESSENTIAL ELEMENTS OF 1983 CLAIM

1. In order for the plaintiff to be successful in his claim against the defendant, the plaintiff must prove to you by a fair preponderance of the evidence four (4) elements, which I will explain to you in a moment. If the plaintiff fails to prove anyone of these elements, then you must find for the defendant.

2. Again, in order for the plaintiff to be successful in this case, he must prove the four elements of a §1983 claim by a fair preponderance of the evidence. The four elements are the following:

   a. That the conduct complained of was committed by a person acting under color of state law;

   b. That the defendant(s) in question deprived the plaintiff of a constitutional right, in particular to this case plaintiff's right not to be retaliated against for exercising his First Amendment right to free speech;

   c. That the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff; and

   d. That the actions of the defendant in question, which caused the alleged loss, were intentional.

Authority: Authority Parratt v. Taylor, 451 US 527 (1981).

   Eagleston v. Guido, 41 F. 3d 865 (2nd Cir. 1994)

BMF05023                                2

4. Your verdict must be for the defendant if any of the above elements has not been proved by the preponderance of the evidence. I will now instruct you on each of these four elements.

## III. ELEMENT ONE-UNDER COLOR OF LAW

1. Acts are done under color of law when a person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.

Authority: Model Jury Instructions (Civil) Ninth Circuit § 11.1.1 (1997)

## IV. ELEMENT TWO-DEPRIVATION OF RIGHTS-SUBSTANTIAL MOTIVATING FACTOR

1. The second element the plaintiff must prove by a fair preponderance of the evidence is that the defendant deprived the plaintiff of constitutional rights, privileges, or immunities secured by the constitution or laws of the United States. In this regard, the plaintiff claims that the defendant violated his constitutional rights by retaliating against him for exercising his First Amendment rights to free speech. Specifically the plaintiff claims that the defendant terminated his employment because he exercised his free speech rights. Plaintiff claims that his exercising of his free speech rights was the motivating factor in terminating him from his job as retaliation.

In order to sustain a First Amendment retaliation claim, a plaintiff must prove:

(1) the speech was constitutionally protected;

(2) the employer took adverse employment action against the employee; and

(3) a causal connection exists between the speech and the adverse employment action such that the speech was a substantial and motivating factor in the determination.[1]

---

[1] Gorman-Bakos v. Cornell Co-op Extension of Schenectady City, 252 F.3d 545, 553 (2d Cir. 2001); Morris v. Lindau, 196 F.3d 102, 109 (2d Cir. 1999).

BMF05023                         5

The first step of the three part test requires that the plaintiff demonstrate that the speech which he claims was protected affects a public concern and is not related to the individual concerns. The second step requires that there is some adverse action as to the employee. The last step of the three prong test requires that the plaintiff prove, by a preponderance of the evidence, that the protected speech was a substantial motivating factor in the adverse employment action. That is to say, the adverse employment action would not have been taken absent the employee's protected speech.[2]

Even if you should find that the plaintiff has established these three factors, the defendant is not liable if you should determine that it would have made the same adverse employment decision in the absence of the protected conduct.[3]

    2.    The term "motivating factor" means a consideration that moved defendants toward its decision. To prove that plaintiff's claimed exercise of his first amendment right was a motivating factor in the defendant's decisions to terminate his employment, the plaintiff must prove that the exercising of his free speech rights was a substantial consideration that made a difference in or influenced the defendant's decision. The plaintiff may establish this in several ways. One way is to

---

[2] Mount Healthy City School Dist. Board of Education v. Doyle, 429 U.S. 274, 283-287, 97 S. Ct. 568 (1977).
[3] Morris v. Lindau, 196 F.3d 102 (2d Cir. 1999); Mount Healthy, Id.

BMF05023                6

prove by a preponderance of the evidence temporal proximity between the protected speech and the retaliatory conduct. Another way is to show direct evidence of retaliation by the defendants. If you find that the defendant took action for many different reasons, then you must determine whether a substantial one of those reasons was the plaintiff's speech. The defendant denies that the action it took had anything to do with the plaintiff's exercise of his free speech but was done for legitimate reasons.

     3.    In this area, the defendants must prevail if they show that they would have taken the same employment action even in the absence of the plaintiff's protected speech. In other words, if the defendants had a legitimate reason for terminating him from employment, you must find for the defendants in this matter.

Authority: *Model Jury Instructions* (Civil) Fifth Circuit δ10.4 (1999); Nevas, J. Salma Ikram v. Waterbury Board of Education, et, al, No. 3:95C02478 (ANH) February 18, 1997; Morris v. Lindau, 196 F.3d 102 (2d Cir. 1997); Mount Healthy, Id.

## V. ELEMENT THREE-PROXIMATE CAUSE-CAUSATION

1. The plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the defendant was a cause-in-fact of the damage plaintiff suffered. An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages. The plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the defendant was a proximate cause of the damage plaintiff suffered. An act or omission is a proximate cause of the plaintiff's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

Authority: Model Jury Instructions (Civil) Fifth Circuit § 10.4 (1999)

Grivhan v. Western Line Consolidated School District, 439 U.S. 410 (1979)

Gierlinger v. Gleason, 160 F.3rd 858 (2nd Cir. 1998)

## VI. ELEMENT FOUR-INTENTIONAL CONDUCT

1. The plaintiff must also prove by the preponderance of the evidence that the defendant(s) acted intentionally or recklessly in order to prove a §1983 claim and that any one of the defendants' intentional acts violated the plaintiff's rights.

2. An act is intentional if it is done knowingly, that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. Also the plaintiff can recover against the defendants if he proves that the defendant acted recklessly. An act is reckless if it is done in conscious disregard of its know probable consequences.

3. In this area, in determining intentional conduct or reckless behavior you should remember that while witnesses may see and hear and be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

4. Finally, as I have instructed you, the plaintiff must prove intentional or reckless conduct. If the acts of the defendants were merely negligent then even if the plaintiff suffered injuries as a result of the acts, you must still find for the defendants.

BMF05023                                    9

Authority:

Daniels v. Williams, 474 U.S. 327 (1986)

Davidson v. Cannon, 474 U.S. 344 (1986)

Wilson v. Seitzer, 501 U.S. 294 (1991);

City of Canton v. Harris, 489 U.S. 378 (1989).

BMF05023

10

## VII. MUNICIPALITIES-GENERAL INSTRUCTIONS

The fact that an employee of a municipality may have deprived the plaintiff of a federal right is not alone a sufficient basis for holding the municipality liable to the plaintiff. Before you can hold the municipality liable, the plaintiff must establish by a preponderance of the evidence that the action of the employee, which deprived him of his federal right, was the result of an "official policy" of the municipality or government custom, even though such a custom has not received formal approval through the body's official decision-making channels. Thus, before the municipality can be held liable, the plaintiff must prove that the acts in question were officially sanctioned or ordered by the municipality from a policymaker in the municipality.

Pembaur v. City of Cincinnati, 475 U.S. 469 (1986); Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978); Katz v. Morganthau, 892 F.2d 20 (2nd Cir 1989).

BMF05023

11

## VIII. STATE CLAIMS

The plaintiff has claimed that the defendant is also liable based upon two state laws: Connecticut General Statutes §31-51q and Connecticut General Statutes §31-51m.

Connecticut General Statutes §31-51q provides that: "Any employer, including the state and any instrumentality or political subdivision thereof, who subjects any employee to discipline or discharge on account of the exercise by such employee of rights guaranteed by the first amendment to the United State Constitution or section 3, 4 or 14 of article first of the constitution of the state, provided such activity does not substantially or materially interfere with the employee's bona fide job performance or the working relationship between [*2] the employee and the employer, shall be liable to such employee for damages caused by such discipline or discharge, including punitive damages and for reasonable attorney's fees as part of the costs of any such action for damages."

In order to prove this claim, the plaintiff must show: (1) that he was exercising rights protected by the first amendment to the United States Constitution or by an equivalent provision of the Connecticut Constitution; (2) that he was fired on account of his exercise of first amendment or equivalent state constitutional rights; and (3) that his exercise of first amendment or equivalent state constitutional rights

BMF05023

12

did not substantially or materially interfere with his bona fide job performance or with his working relationship with his employer.[4]

The first step in analyzing whether the rights fall under the protection of the first amendment of the United States Constitution or Connecticut Constitution under the state law is dependant upon the content, their form and the context in which they are made.[5] In order to be protected, the plaintiff must demonstrate that the speech and activities relate to matters of public concern and are voiced in such a manner as to contribute to the public discussion thereof.[6] If the matters relate solely to the plaintiff's personal employment situation and/or so communicated as to affect only the private adjustment of the plaintiff's personal grievances, they are not constitutionally protected. You must determined if the plaintiff was acting as a citizen attempting to speak on a public issue or, instead, attempting to resolve a private dilemma relating to employment.

In this regard, you may consider the plaintiff's motive in determining the form, content and context of the alleged protected activity, including the speaker's primary motivation.[7]

---

[4] Daley v. Aetna Life & Casualty, Superior Court, Judicial Dist. of Hartford – New Britain at Hartford, Docket No. 0533693 (Aug. 3, 1994, Sheldon, J.)
[5] Daley, Id.
[6] Daley, Id.
[7] Dodds v. Childris, 933 F.2d 271 (5th Cir. 1991); D'Angelo, et al v. Capt. John Mcgoldrick, et al, 1995 Conn. Super Lexis 2305 (1995).

BMF05023                                13

The second step requires that the plaintiff prove by a preponderance of the evidence that his termination was based substantially on his exercise of his first amendment rights. In this regard, the defendant has provided evidence that the termination was based upon budgetary concerns. A municipality has the authority to dismiss an employee to address budgetary concerns.[8]

You must determine if the municipality, City of Bridgeport, would have made the same decision even if the plaintiff did not engage in what he alleges were protected first amendment activity. If you find that the change in employment status was to fulfill the responsibilities to the public and accomplish a balanced budget, you must find for the defendant.

The plaintiff has also claimed that his rights were violated pursuant to Connecticut General Statutes §31-51m. This statute is often referred to as the whistleblower statute. In particular, it provides that: "(b) No employer shall discharge, discipline or otherwise penalize any employee because the employee, or a person acting on behalf of the employee, reports, verbally or in writing, a violation or a suspected violation of any state or federal law or regulation or any municipal ordinance or regulation to a public body, or because an employee is requested by a

---

[8] Hennessy v. Bridgeport, 213 Conn. 656 (1990).

BMF05023

14

public body to participate in an investigation, hearing or inquiry held by that public body, or a court action. No municipal employer shall discharge, discipline or otherwise penalize any employee because the employee, or a person acting on behalf of the employees, reports, verbally or in writing, to a public body concerning the unethical practices, mismanagement or abuse of authority by such employer. The provisions of this subsection shall not be applicable when the employee knows that such report if false."

The plaintiff has the burden of proof of establishing that he was engaged in a protected activity and that he was discharged from his employment as a result of the protected activity.[9]

If you should find, however, that the City of Bridgeport provides a legitimate and non-retaliatory reason for the discharge, the employee must offer some significantly probative evidence showing that the City's proffered reason is pretextual and that a retaliatory intention resulted in the termination.[10]

---

[9] LaFond v. General Physics Corp., 50 F.3d 165 (2d Cir. 1995).
[10] Arnone v. Town of Enfield, 79 Conn. App. 50 (2003).

BMF05023

15

## IX.  DAMAGE CLAIMS

### Damages

1. If you find a defendant is liable to the plaintiff, you must then consider the issue of damages. In this regard, please note that the mere fact that I instruct you on damages does not mean that you should award damages, or that I have any opinion as to whether you should award damages. Also, please note that if you find a defendant, or certain defendants, liable, you are not to consider whether anyone other than the defendant or defendants you find liable did anything wrong. Only the conduct of defendants who are found liable should be considered.

2. There are three kinds of damages that can be awarded in a case of this type: compensatory damages, nominal damages and punitive damages.

### Compensatory Damages

3. Compensatory damages are intended to make a plaintiff whole, that is, to fairly and justly compensate him or her for any injury he or she sustained as a direct result of the responsible party's unlawful actions.

4. A plaintiff is entitled to compensatory damages only for injuries caused by unlawful acts. Damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial.

BMF05023                                16

5.    Among the elements of injury or loss for which compensation may be awarded are:

> (1)   Physical harm to the plaintiff, including any pain or injury the plaintiff suffered;
>
> (2)   Emotional harm to the plaintiff, including emotional distress, pain, suffering, personal indignity, fear, anxiety, or anguish the plaintiff suffered; and
>
> (3)   Loss of income.

You may not, however, award as a component of damages any sum intended to cover the attorneys' fees that may have been incurred by the plaintiff in this lawsuit. This issue will be dealt with, if necessary, in a separate proceeding.

6.    The damages you award should be proportional to the actual loss sustained and should not result in double recovery with respect to any one item of damage.

**Nominal Damages**

7.    If, after considering all the evidence presented, you find that a defendant or certain of the defendants, violated the plaintiff's rights under the United States Constitution, but that the plaintiff suffered no injury as a result of the violation, you must award the plaintiff "nominal damages." Nominal damages are awarded in recognition of the fact that a person's constitutional rights have been violated. You

BMF05023                                         17

should award nominal damages if you conclude that the plaintiff suffered a deprivation of his rights without any resulting injury or damage.

8. You may not award both nominal and compensatory damages to the plaintiff. Either the plaintiff suffered injuries that were legally caused by the defendants, in which case you must award compensatory damages, or he did not suffer any injuries, in which case you must award nominal damages, i.e., one dollar.

**Punitive Damages**

9. If you award the plaintiff compensatory or nominal damages in this case, you may also make a separate and additional award of punitive damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct and to deter a defendant and others like him or her from engaging in such conduct in the future.

10. You may award the plaintiff punitive damages against a defendant if you find that that defendant acted maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite toward the injured person or by some improper motive. An act or failure to act is wanton if done in reckless or callous disregard of, or indifference to, the rights of the injured person. The plaintiff has the burden of proving, by preponderance of the evidence that the defendant in question acted maliciously or wantonly with regard to the plaintiff's rights. An intent to injure exists when a defendant has a conscious desire to injure a plaintiff in a

BMF05023                                18

manner he or she knows to be unlawful. A conscious desire to perform the physical acts that caused a plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that a defendant has a conscious desire to violate rights or injure a plaintiff unlawfully.

11. If you find by a preponderance of the evidence that a defendant acted with malicious intent to violate the plaintiff's rights or unlawfully injure him, or if you find that that defendant acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages against that defendant.

12. You should keep in mind that an award of punitive damages is discretionary. That is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them. Whether to award punitive damages and, if so, the amount of punitive damages, are issues entrusted to your sound judgment and discretion. In exercising this judgment and discretion, you are to act reasonably and without bias or prejudice.

13. Please note that, at this point in the proceedings, you are only asked to consider whether the plaintiff is entitled to punitive damages; <u>not</u> the specific amount of any such damages. If you do decide to award the plaintiff punitive damages, after you return your verdict, we will have a separate, brief proceeding at which you will hear more evidence and decide on the amount of punitive damages to be awarded.

THE DEFENDANT
CITY OF BRIDGEPORT

By: _/s/ Barbara B. Massaro_
Barbara Brazzel-Massaro
Associate City Attorney
OFFICE OF THE CITY ATTORNEY
999 Broad Street - 2nd Floor
Bridgeport, CT 06604
Telephone #203/576-7647
Fed. Bar No. 05746

BMF05023

20