FILED

2005 MAR 24  A 11: 12

U.S. DISTRICT COURT
NEW HAVEN, CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CECIL YOUNG | : |
| | : CIV. NO. 3:03CV1010 (JBA) |
| Plaintiff | : |
| | : |
| VS. | : |
| | : |
| CITY OF BRIDGEPORT HOUSING | : |
| AUTHORITY, ET AL | : |
| | : |
| Defendants | : MARCH 23, 2005 |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT,
CITY OF BRIDGEPORT'S EXHIBITS**

**The Plaintiff submits the following objections to the Defendant, City of Bridgeport's exhibits:**

501.  The personnel records of Mr. Cecil Young while in the employment of the City of Bridgeport.
Plaintiff's Objection: Complete record is immaterial, irrelevant, hearsay, self-serving and cumulative. Plaintiff does not waive objection based on lack of proper foundation. Federal Rule of Evidence 401-407; Federal Rule of Evidence 801-802; Federal Rule of Evidence 901.

502.  The time records of Mr. Young.
Plaintiff's Objection: Immaterial, irrelevant, hearsay, self-serving and cumulative. Plaintiff does not waive objection based on lack of foundation. Federal Rule of Evidence 401-407; Federal Rule of Evidence 801-802; Federal Rule of Evidence 901.

503.  The payments to Mr. Young upon separation from the employ of the City of Bridgeport.

Plaintiff's Objection: Immaterial, irrelevant, self-serving, and cumulative. Plaintiff does not waive objection based on lack of foundation. Federal Rule of Evidence 401- 407; Federal Rule of Evidence 801-802; Federal Rule of Evidence 901.

504. Any And all sums paid to Mr. Young for services outside of the position as inspector.
Plaintiff's Objection: Immaterial, irrelevant, hearsay, self-serving and cumulative. Plaintiff does not waive objection based on lack of foundation. Federal Rule of Evidence 401-407; Federal Rule of Evidence 801-802; Federal Rule of Evidence 901.

505. Citizen Complaints by Mr. Young against Brigdeport Police Officers.
Plaintiff's Objection: Immaterial, irrelevant, hearsay, self-serving and cumulative. Plaintiff does not waive objection based on lack of foundation. Federal Rule of Evidence 401-407; Federal Rule of Evidence 801-802; Federal Rule of Evidence 901.

506. Letter of separation of employment to Mr. Young.
Plaintiff's Objection: Immaterial, irrelevant, hearsay, self-serving and cumulative. Plaintiff does not waive objection based on lack of foundation. Federal Rule of Evidence 401-407; Federal Rule of Evidence 801-802; Federal Rule of Evidence 901.

507. Budget documents of the City of Bridgeport for the fiscal year 2002- 2003.
Plaintiff's Objection: Immaterial, irrelevant, hearsay, self-serving and cumulative. Plaintiff does not waive objection based on lack of foundation. Federal Rule of Evidence 401-407; Federal Rule of Evidence 801-802; Federal Rule of Evidence 901.

508. Superior Court criminal action concerning the breach of peace of Mr. Cecil Young and the decision of the judge after trial.
Plaintiff's Objection: Immaterial, irrelevant, hearsay, self-serving and cumulative. Plaintiff does not waive objection based on lack of foundation. Federal Rule of Evidence 401-407; Federal Rule of Evidence 801-802; Federal Rule of Evidence 901.

509. August 31, 2001 Agreement for Settlement with Cecil Young.
Plaintiff's Objection: Immaterial, irrelevant, hearsay, self-serving and cumulative. Plaintiff does not waive objection based on lack of foundation. Federal Rule of Evidence 401-407; Federal Rule of Evidence 801-802; Federal Rule of Evidence 901.

510. May 30, 2001 letter from Angela Hooks to Lawrence Osborne concerning service of Young with the City of Bridgeport.
Plaintiff's Objection: Immaterial, irrelevant, hearsay, self-serving and cumulative. Plaintiff does not waive objection based on lack of foundation. Federal Rule of Evidence 401-407; Federal Rule of Evidence 801-802; Federal Rule of Evidence 901.

511. August 11, 1998 letter of employment to Cecil Young from Labor Relations Office.
Plaintiff's Objection: Immaterial, irrelevant, hearsay, self-serving and cumulative. Plaintiff does not waive objection based on lack of foundation. Federal Rule of Evidence 401-407; Federal Rule of Evidence 801-802; Federal Rule of Evidence 901.

512. December 9, 1991 letter from Lt. Hector Torres to Mary Maglione.
Plaintiff's Objection: Immaterial, irrelevant, hearsay, self-serving and cumulative. Plaintiff does not waive objection based on lack of foundation. Federal Rule of Evidence 401-407; Federal Rule of Evidence 801-802; Federal Rule of Evidence 901.

513. Inter-office Memo dated August 17, 1989 from Harold Fair to R. Garcia concerning violations of the Hatch Act with campaigning.
Plaintiff's Objection: Immaterial, irrelevant, hearsay, self-serving and cumulative. Plaintiff does not waive objection based on lack of foundation. Federal Rule of Evidence 401-407; Federal Rule of Evidence 801-802; Federal Rule of Evidence 901.

514. Letter dated October 17, 1988 to Cecil Young from Roberto Garcia regarding disciplinary hearing.

       Plaintiff's Objection: Immaterial, irrelevant, hearsay, self-serving and cumulative. Plaintiff does not waive objection based on lack of foundation. Federal Rule of Evidence 401-407; Federal Rule of Evidence 801-802; Federal Rule of Evidence 901.

515. June 4, 1992 letter to Cecil Young from Edward Boman regarding the termination of employment.
Plaintiff's Objection: Immaterial, irrelevant, hearsay, self-serving and cumulative. Plaintiff does not waive objection based on lack of foundation. Federal Rule of Evidence 401-407; Federal Rule of Evidence 801-802; Federal Rule of Evidence 901.

516. December 31, 1996 letter from Lawrence Osbourne regarding termination of employment.
Plaintiff's Objection: Immaterial, irrelevant, hearsay, self-serving and cumulative. Plaintiff does not waive objection based on lack of foundation. Federal Rule of Evidence 401-407; Federal Rule of Evidence 801-802; Federal Rule of Evidence 901.

517. Letter dated February 19, 1998 from Clarence Craig to Sgt. Uliano concerning officers assigned to the housing complex.
Plaintiff's Objection: Immaterial, irrelevant, hearsay, self-serving and cumulative. Plaintiff does not waive objection based on lack of foundation. Federal Rule of Evidence 401-407; Federal Rule of Evidence 801-802; Federal Rule of Evidence 901.

518. Letter dated October 2, 1987 from Jose Ortiz to Cecil Young concerning reporting duties.
Plaintiff's Objection: Immaterial, irrelevant, hearsay, self-serving and cumulative. Plaintiff does not waive objection based on lack of foundation. Federal Rule of Evidence 401-407; Federal Rule of Evidence 801-802; Federal Rule of Evidence 901.

519. City of Bridgeport Grants Personnel Request Form for March 1998, July 1998, September 1998, and January 2004.

       Plaintiff's Objection: Immaterial, irrelevant, hearsay, self-serving and cumulative. Plaintiff does not waive objection based on lack of foundation. Federal Rule of Evidence 401-407; Federal Rule of Evidence 801-802; Federal Rule of Evidence 901.

520. List of Employees Laid Off from City Employment in 2002.
Plaintiff's Objection: Immaterial, irrelevant, hearsay, self-serving and cumulative. Plaintiff does not waive objection based on lack of foundation. Federal Rule of Evidence 401-407; Federal Rule of Evidence 801-802; Federal Rule of Evidence 901.

521. Document concerning Officer Robert Winkler Circulated by Cecil Young.
Plaintiff's Objection: Immaterial, irrelevant, hearsay, self-serving and cumulative. Plaintiff does not waive objection based on lack of foundation. Federal Rule of Evidence 401-407; Federal Rule of Evidence 801-802; Federal Rule of Evidence 901.

THE PLAINTIFF

BY: _____
THOMAS J. WEIHING
DALY, WEIHING & BOCHANIS
1115 Main Street, Suite 710
Bridgeport, CT 06604
Tel. No. 203-333-8500
Federal Juris No. 08235


## **CERTIFICATION**

This is to certify that copies of the foregoing have been mailed on this the 23rd day of March, 2005 to:

Barbara Brazzel-Massaro
Associate City Attorney
Office of the City Attorney
999 Broad Street
Bridgeport, CT 06604

Michael T. Ryan, Esq.
James Mahar, Esq.
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street
Stamford, CT 06905

BY: _____
THOMAS J. WEIHING