UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CECIL YOUNG, | : |
| Plaintiffs | : CIV. NO. 3:03CV1010 (JBA) |
| VS. | : |
| CITY OF BRIDGEPORT HOUSING AUTHORITY, ET AL | : |
| Defendants | : MARCH 23, 2005 |

### OBJECTION TO DEFENDANTS' TRIAL EXHIBITS

The undersigned Plaintiff, Cecil Young, hereby objects to the Defendants, Bridgeport Housing Authority and Collin Vice's proposed trial exhibits in accordance with the following.

The Plaintiff objects to exhibits 613; 624; 627; 629; 632; 633; 634; 635; 636; 637; and 638.

1. Exhibit 613: Performance Appraisal from the BHA regarding the Plaintiff dated October 1, 1999.

   **Objection:** The foregoing exhibit is irrelevant to the subject matter of this action and should be excluded pursuant to Fed. R. Evid. 402 as it is in reference to events that took place approximately one year prior to the Plaintiff's exercise of

1

free speech and wrong discharge from the BHA. In addition, this exhibit contains hearsay statements regarding the Plaintiff's alleged work performance and should be excluded pursuant to Fed. R. Evid. 802. Furthermore, this exhibit's probative value is substantially outweighed by the danger of unfair prejudice and/or misleading the jury and should be excluded pursuant to Fed. R. Evid. 403.

2. Exhibit 624: Notes of Mariah Natee dated August 23, 2000 regarding her meeting with the plaintiff.

    **Objection:** The foregoing exhibit contains hearsay statements made by Mariah Natee regarding the Plaintiff's alleged statements and should be excluded pursuant to Fed. R. Evid. 802.

3. Exhibit 627: E-mail memorandum from Avone Santana to Mariah Natee dated August 28, 2001 regarding plaintiff's lack of response to the August 17, 2001 letter.

    **Objection:** The foregoing exhibits contains hearsay within hearsay in that it Avone Santana conveys what the Defendant, Collin Vice, told her the Plaintiff had said and should therefore be excluded pursuant to Fed. R. Evid. 802.

4. Exhibit 629: Unemployment Notice

**Objection:** The foregoing exhibit is hearsay in that it purports as true that Plaintiff's unemployment was due to his job being eliminated and should be excluded pursuant to Fed. R. Evid. 802.

5. Exhibit 632: Memorandum from Earl Mellow to Cecil Young dated February 19, 1998 regarding the sending of letters to the police department, with correspondence from Clarence H. Craig, Jr. to Sgt. John Uliano dated February 19, 1998 and correspondence from Cecil Young to Sgt. Ulliano dated February 10, 1998.

   **Objection:** The foregoing exhibit is irrelevant to the subject matter of the instant action as it is in reference to events which occurred more than three years prior to the Plaintiff's exercise of free speech and wrongful discharge from the BHA and should therefore be excluded pursuant to Fed. R. Evid. 402. Furthermore, this exhibit's probative value is substantially outweighed by the danger of unfair prejudice and/or misleading the jury and should be excluded pursuant to Fed. R. Evid. 403.

6. Exhibit 633: Memorandum from Earl Mellow to Cecil Young dated February 20, 1998 concerning plaintiff's unacceptable conduct.

**Objection:** The foregoing exhibit is irrelevant to the subject matter of the instant action as it is in reference to events which occurred more than three years prior to the Plaintiff's exercise of free speech and wrongful discharge from the BHA and should therefore be excluded pursuant to Fed. R. Evid. 402. Furthermore, this exhibit's probative value is substantially outweighed by the danger of unfair prejudice and/or misleading the jury and should be excluded pursuant to Fed. R. Evid. 403.

7. Exhibit 634: Memorandum from Cecil Young to Earl Mellow dated February 23, 1998.

   **Objection:** The Plaintiff hereby reserves his right to object to this exhibit as he has not been provided with it and therefore has not had an opportunity to review its contents.

8. Exhibit 635: Memorandum from Earl Mellow to Cecil Young dated June 13, 1996 regarding plaintiff's use of personal vehicle for BHA business.

   **Objection:** The foregoing exhibit is irrelevant to the subject matter of the instant action as it is in reference to events which occurred more than five years prior to the Plaintiff's exercise of free speech and wrongful discharge from the BHA and should therefore be excluded pursuant to Fed. R. Evid. 402. Furthermore, this

exhibit's probative value is substantially outweighed by the danger of unfair prejudice and/or misleading the jury and should be excluded pursuant to Fed. R. Evid. 403.

9. Exhibit 636: Memorandum from Earl Mellow to Cecil Young dated September 17, 1996 concerning plaintiff's request for compensatory time and documents attached thereto, including memorandum from Young to Earl Mellow dated September 10, 1996 and Memorandum from Collin Vice to Earl Mellow and Cecil Young dated March 30, 1993.

    **Objection:** The foregoing exhibit is irrelevant to the subject matter of the instant action as it is in reference to events which occurred more than seven years prior to the Plaintiff's exercise of free speech and wrongful discharge from the BHA and should therefore be excluded pursuant to Fed. R. Evid. 402. Furthermore, this exhibit's probative value is substantially outweighed by the danger of unfair prejudice and/or misleading the jury and should be excluded pursuant to Fed. R. Evid. 403.

10. Exhibit 637: Memorandum from Earl Mellow to Cecil Young dated June 4, 1999 regarding plaintiff's work hours and use of vehicle.

**Objection:** The foregoing exhibit is irrelevant to the subject matter of the instant action as it is in reference to events which occurred three years prior to the Plaintiff's exercise of free speech and wrongful discharge from the BHA and should therefore be excluded pursuant to Fed. R. Evid. 402. Furthermore, this exhibit's probative value is substantially outweighed by the danger of unfair prejudice and/or misleading the jury and should be excluded pursuant to Fed. R. Evid. 403.

11. Exhibit 638: Memorandum from Sally Carter to Collin Vice dated August 29, 2000 regarding plaintiff's conduct on August 27, 20000.

    **Objection:** The foregoing exhibit is irrelevant to the subject matter of the instant action as it is in reference to events which occurred more than seven years prior to the Plaintiff's exercise of free speech and wrongful discharge from the BHA and should therefore be excluded pursuant to Fed. R. Evid. 402. Furthermore, this exhibit's probative value is substantially outweighed by the danger of unfair prejudice and/or misleading the jury and should be excluded pursuant to Fed. R. Evid. 403.

The Plaintiff hereby reserves his right to supplement his objections to the Defendants, Bridgeport Housing Authority and Collin Vice's proposed trial exhibits.

THE PLAINTIFF

BY_____
THOMAS J. WEIHING ct 08235
Daly, Weihing & Bochanis
1115 Main Street, Suite 710
Bridgeport, CT 06604
(203) 333-8500

## CERTIFICATION

**THIS IS TO CERTIFY** that a copy of the foregoing was mailed, postage prepaid and/or sent by facsimile on this 23rd day of March, 2005 to:

James Mahar, Esq.
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street
Stamford, CT 06905

Barbara Brazzel-Massaro, Esq.
Office of the City Attorney
999 Broad Street
Bridgeport, CT 06604

_____
THOMAS J. WEIHING
Commissioner of the Superior Court