UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CECIL YOUNG | : |
| Plaintiff, | : CIV NO. 3:03CV1010 (JBA) |
| Vs. | : |
| CITY OF BRIDGEPORT HOUSING AUTHORITY, ET AL | : |
| Defendants | : March 23, 2005 |

## PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS

The Plaintiff respectfully objects to the Defendant, City of Bridgeport's motion to dismiss filed pursuant Federal Rule FRCP 50 (a) (1).

BACKGROUND

The Plaintiff in the instant case was employed by the Defendant, City of Bridgeport in various capacities from 1978. Between July 27, 1998 to June 30, 2002 the Plaintiff was employed by the City of Bridgeport as a public facility inspector. Between February 1, 1993 and September 28, 2001 the Plaintiff was also employed by the City of Bridgeport Housing Authority as a public safety officer responsible for supervising both City of Bridgeport Police Patrols and private

security patrols within several public housing complexes located within the City of Bridgeport and managed by the City of Bridgeport Housing Authority.

The Plaintiff was discharged by the City of Bridgeport Housing Authority on September 28, 2001 after conducting tours, concerning crime and safety, at the public housing complexes managed by the City of Bridgeport Housing Authority. The Plaintiff has alleged that he was fired by the Defendant City of Bridgeport Housing Authority in retaliation for exercising his first amendment right of free speech. Similarly, the Plaintiff has alleged that the City of Bridgeport discharged him in retaliation for exercising his first amendment right of free speech. On May 20, 2002, one day prior to being informed that he was to be discharged due to "budget constraints", the Plaintiff addressed the City of Bridgeport Common Council meeting requesting the creation of a Citizen Police Review Board. Prior to addressing the May 20, 2002 City of Bridgeport Common Council the Plaintiff addressed the City of Bridgeport Common Council on February 28, 2002 requesting the replacement of the City of Bridgeport Police Commissioners and Commissioners of the Bridgeport Housing Authority. (Plaintiff's Affidavit **Exhibit A** attached hereto). The Plaintiff expressed concerns about the management,

operation and administration both the City of Bridgeport Police Department and the Bridgeport Housing Authority and also informed the Common Council that the Housing Authority had misused public government funding and had a lack of concern for public safety due to their elimination of police details at public housing complexes managed by the Housing Authority . (Plaintiff's affidavit, **Exhibit A,** attached hereto) The Plaintiff indicated at the Common Council meeting of February 28, 2002 that the City of Bridgeport Police Commissioners should be replaced due to their inability to be fair and impartial in response to public safety concerns expressed by the public. (Plaintiff's Affidavit, **Exhibit A** attached hereto).

ARGUMENT

We review denials of motions for judgment as a matter of law de novo, viewing the evidence, as the district court was required to, in the light most favorable to the nonmoving party. Wolf v. Yamin, 295 F.3d 303, 308 (2d Cir. 2002). The district court must view the evidence in light most favorable to the nonmovant and grant that party every reasonable inference that the jury might have drawn in its favor, Stagl v. Delta Air Lines, Inc., 117 F.3d 76, 79 (2d Cir. 1997), and we apply the same standard as the district court to determine whether

judgment as a matter of law should have been granted. Merrill Lynch Interfunding, Inc. v. Argenti, 155 F.3d 113, 120 (2d Cir. 1998). In so doing "the question is always whether, after drawing all reasonable inferences in favor of the non-moving party and making all credibility assessments in [the non-movant's] favor, there is sufficient evidence to permit a rational juror to find in [the non-movant's] favor." McCarthy v. New York City Technical Coll., 202 F.3d 161, 167 (2d Cir. 2000). We reverse only when there is "such complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture," or where there is "such an overwhelming amount of evidence" in favor of the moving party that fair minded jurors could not reasonably arrive at a verdict against the movant. Phillips v. Bowen, 278 F.3d 103, 108 (2d Cir. 2002).

"Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Otero v. Housing Authority of the City of Bridgeport, 97 F.3d 142, 151 (2d Cir. 2002) citing Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) ).

4

JMOL is thus "proper only if 'the evidence is such that, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there can be but one conclusion as to the verdict that reasonable men could have reached.'" Fiacco v. City of Rensselaer, 783 F.2d 319, 329 (2d Cir. 1986) (quoting Simblest v. Maynard, 427 F.2d 1, 4 (2d Cir. 1970) ), cert denied, 480 U.S. 922 (1987). And in making that determination, the court "must disregard all evidence favorable to the moving party that the jury is not required to believe." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. at 151. In the instant case Defendant has improperly requested the court to weigh the proposed evidence in the instant case including the evidence to be submitted by the Defendant at trial. This is an improper weighing of evidence which is not to be considered in deciding a Rule 50 motion.

Initially it should be noted that the Defendant's motion should be denied since it is prematurely filed. The Defendant is not entitled to have a Rule 50 (a)(1) motion heard until after the Plaintiff has been fully heard at trial. Since additional evidence may develop during trial the Court should not entertain the Defendant's motion prior to trial and the Plaintiff presenting his case.

The mere fact of government employment does not result in the evisceration of an employee's First Amendment rights. Hale v. Mann, 219 F.3d 61, 70 (2d cir. 200) (quoting Connick v. Myers, 461 U.S. 138, 140, 103 S. Ct. 1684, 75 L. Ed. 2d 708 (1983)); Lewis V. Cohen, 165 F.3d 154, 158 (2d Cir. 1999) ("It is by now well established that public employees do not check all of their First Amendment rights at the door upon accepting public employment.") (citation omitted). "[F]ew values are more carefully and thoroughly protected than the citizen's right to speak his mind on matters of public concern without interference by the government." Pappas v. Guiliani, 290 F.3d 143, 146 (2d Cir. 2002).

Where a public employee is alleging retaliation for the exercise of First Amendment free speech rights, he or she must initially demonstrate that: (1) the speech at issue was "made as a citizen o n matters of public concern rather than as an employee on matters of personal interest," Grillo v. N.Y City Transit Authority, 291 F.3d 231, 235 (2d Cir. 2002; (2) he or she suffered an adverse employment action Diesel v. Town of Lewisboro, 232 F.3d 92, 107 (2d Cir. 2001); and (3) "the speech was at least a substantial or motivating factor in the [adverse employment action]" Sheppard v. Beerman, 317 F.3d 351, 355 (2d cir. 2003) (internal quotations and citations omitted).

Speech by a public employee is on a matter of public concern if it relates "to any matter of political, social, or other concern to the community." Connick, 461 U.S. 15 146; Garcia v. State University of N.Y. health Science Center, 280 F.3d 98, 105 (2d Cir. 2001).

"[D]iscussion regarding current government policies and activities is perhaps the paradigmatic matter of public concern." Harman v. City of New York, 140 F.3d 111, 118 (2d Cir. 1998) (internal quotations and citations omitted); see also Nebraska Press Association v. Stuart, 427 U.S. 539 606, 96 S. Ct. 2791, 49 L.Ed2d 693 (1976) (Brennan, J., concurring)

("The comments. . ., which included speech on crime rates, police staffing, equipment shortages and related budgetary matters quite plainly involve matters of public concern.") Morris v. Lindau, 196 F.3d 102, 111 (2d Cir. 1999)

The Plaintiff's claims in the instant case were related to the administration , management and operation of the City of Bridgeport Police Department and the Bridgeport Housing Authority and the misuse of public government funds by the Housing Authority. These claims are clearly matters of public concern which speech is constitutionally protected. See Vasbinder v. Scott, 976 F.2d 118, 119-20 (2d Cir. 1992) (complaint of financial mismanagement of government funds was protected speech); see also Keyser v. Sacramento City Unified Sch. Dist. ,

238 F.3d 1132, 1137 (9th Cir. 2001) (complaint about supervisor's alleged misuse of federal funds was protected speech); Johnson v. Multnomah County, Oregon, 48 F.3d 420, 425 (9th Cir.), cert. denied, 515 U.S. 1161 (1995) ("[W]e have stated that misuse of public funds, wastefulness, and inefficiency in managing and operating government entities are matters of inherent public concern.").

In this Circuit, a plaintiff can indirectly establish a causal connection to support a discrimination or retaliation claim by "showing that the protected activity was closely followed in time by the adverse [employment] action." Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1178 (2d Cir. 1996) (citation and quotation marks omitted) (twelve days between alleged sexual harassment and discharge could suggest a casual relationship). This court has not drawn a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a casual relationship between the exercise of a federal constitutional right and an allegedly retaliatory action. [fn5] Richardson v. New York State Department of Correctional Services, 180 F.3d 426, 446-47 (2d Cir. 1999) (abusive acts within one month of receipt of deposition notices may be retaliation for initiation of lawsuit more than one year earlier); Quinn v. Green Tree Credit

8

Corp., 159 F.3d 759, 769 (2d Cir. 1998) (discharge less than two months after plaintiff filed a sexual harassment complaint with management and ten days after filing complaint with state human rights office provided prima facie evidence of a casual connection between protected activity and retaliation); and <u>Grant v. Bethlehem Steel Corp.</u>, 622 F.2d 43, 45-56 (2d Cir. 1980) (eight-month gap between EEOC complaint and retaliatory action suggested a casual relationship).

In the instant case it is undisputed that the Plaintiff was informed of his layoff one day after addressing the City of Bridgeport Common Council on an issue of public concern, the need for the formation of a police review board. The Plaintiff spoke at a public session of the Bridgeport Common Council concerning the need to form and create an independent board to investigate complaints against the Police Department. The Plaintiff, on February 28, 2002 within three months of being informed of his job elimination spoke at a public session of the Bridgeport Common Council, spoke at a public session of the Bridgeport Common Council concerning the misuse of public funds by the Bridgeport Housing Authority commissioners and the Bridgeport Housing Authority's lack of concern for public safety by the elimination of public police details patrolling

public housing complexes. At the February 28, 2005 Common Council meeting the Plaintiff also spoke about the need to replace the City of Bridgeport Police Commissioners who were not responsive to the public concerns regarding public safety issues. This temporal proximity is sufficient to support an allegation of a causal connection strong enough to survive a motion for judgment. In addition, in the instant case the Plaintiff was informed at the time of his discharge that he was "controversial" and that his speaking out on different issues could affect his job. (Plaintiff's affidavit attached hereto as **Exhibit A**).

The Defendant alleges that the Plaintiff was discharged for budgeting reasons which decision was allegedly made prior to the Plaintiff's speech about public concerns. It should initially be noted that in reviewing the motion for judgment under Rule 50 the Court is not to weigh the evidence but to review the proposed evidence favorable to the non-movant, the Plaintiff in the instant case, to determine whether it supports his claim. Even if the Defendant's alleged motivation to discharge the Plaintiff is examined by the Court their motion for judgment should be denied. The Defendant does not claim that it decided to eliminate certain positions for budget reasons prior to Plaintiff's protected speech

at the February 28, 2002 Common Council meeting.

In addition, contrary to the Defendant's claim of budgeting constraints an individual was hired subsequent to the Plaintiff's discharge by the City of Bridgeport which individual performed job duties which were similar to the Plaintiff. (Plaintiff's affidavit, **Exhibit A**) The subsequently hired individual issued public press releases and other public statements to deter public dumping of garbage.(Plaintiff's affidavit, **Exhibit A)**

Similarly, the Plaintiff's job responsibility while working for the City of Bridgeport was to deter public dumping of garbage. Finally attached hereto as Exhibit B is a list of approximately 900 individuals of which approximately 800 were hired subsequent to the Plaintiff's discharge for "budgeting reasons".

For the foregoing reasons the Defendant, City of Bridgeport's motion for judgment should be denied.

THE PLAINTIFF

BY: /s/
THOMAS J. WEIHING
DALY, WEIHING & BOCHANIS
1115 Main Street, Suite 710
Bridgeport, CT 06604
Tel. No. 203-333-8500
Juris No. 08235

**CERTIFICATION**

This is to certify that copies of the foregoing have been mailed on this the 22nd ~~22nd~~ day of ~~February~~ March, 2005 to:

Barbara Brazzel-Massaro
Associate City Attorney
Office of the City Attorney
999 Broad Street
Bridgeport, CT 06604

Michael T. Ryan, Esq.
James Mahar, Esq.
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street
Stamford, CT 06905

BY: _____
THOMAS J. WEIHING

13