FILED

2005 MAR 16  A 9: 29

UNITED STATES DISTRICT COURT  U.S. DISTRICT COURT
                              NEW HAVEN, CT

DISTRICT OF CONNECTICUT

CECIL YOUNG                                  :
                                             :
                Plaintiff,                   :
                                             :
                                             :
        v,                                   :        CIVIL ACTION NO. 3:03 CV 1010 (JBA)
                                             :
CITY OF BRIDGEPORT HOUSING                   :
AUTHORITY, AND COLLIN VICE,                  :
IN HER OFFICIAL CAPACITY AS                  :
EXECUTIVE DIRECTOR OF THE                    :        MARCH 14, 2005
BRIDGEPORT HOUSING AUTHORITY                 :
AND IN HER PERSONAL CAPACITY;                :
AND THE CITY OF BRIDGEPORT                   :
                                             :
                Defendants.                  :

## MOTION IN LIMINE TO PRECLUDE EVIDENCE REGARDING THE TERMINATION OF COLLIN VICE'S CONTRACT WITH THE BHA

The undersigned Defendants, City of Bridgeport Housing Authority ("BHA") and Collin

Vice respectfully move this Court, in limine, pursuant to Federal Rule of Evidence 103, to

preclude the plaintiff from offering evidence concerning the facts and circumstances surrounding

the decision of the BHA Board of Commissioners to terminate, not for cause, the contract

between Collin Vice and the BHA in December of 2003 as such evidence is irrelevant and

potentially prejudicial to the Defendants.

The Plaintiff claims that the Defendants, BHA and Collin Vice retaliated against him by eliminating his position with the BHA due to statements Plaintiff made during two unauthorized tours of BHA complexes that plaintiff carried out in July and August of 2000. The plaintiff's position with the BHA was eliminated in September 2001 after the institution of a Housing Police Unit created through an agreement with the City of Bridgeport.

On December 22, 2003, the BHA Board of Commissioners voted to terminate, not for cause, the employment agreement between Collin Vice and the BHA. This decision had nothing to do with the plaintiff's allegations or the decision to eliminate his position as public safety officer.

FRE Rule 401 states:

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would have been without the evidence.

FRE Rule 402 states:

All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

In this present case, the plaintiff claims he was disciplined for statements he made during two tours of BHA property during the July and August of 2000. In August of 2001, the plaintiff was notified that his position of Public Safety Officer was being eliminated. In December of 2003, the BHA Board of Commissioners voted to terminate, not for cause, the employment agreement between the BHA and Collin Vice. It is anticipated that the plaintiff will attempt to introduce the fact that Collin Vice's contract was ended as being somehow related to the decision to eliminate the position of Public Safety Officer and/or the tours he organized and carried out. However, there absolutely no evidence that this is the case.

Moreover, the mere mention before the jury of the BHA Board of Commissioners' decision to end the employment agreement with Collin Vice would likely be highly prejudicial against the Defendants. Accordingly, the plaintiff should be precluded from testifying or offering any evidence concerning the reasons for the Board of Commissioners' decision.

**WHEREFORE,** the Defendants, BHA and Collin Vice, respectfully move this Court to enter an order precluding the Plaintiff from offering testimony or other evidence concerning the circumstances surrounding the termination, without cause, of the employment contract with Collin Vice.

- 3 -

THE DEFENDANTS,
CITY OF BRIDGEPORT HOUSING
AUTHORITY AND COLLIN VICE

By:_____
James A. Mahar, Esq., (CT 21854)
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, CT   06905
Phone No. 203-357-9200

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2005, a copy of the above was mailed to the following counsel and pro se parties of record:

Barbara Brazzel-Massaro, Esq.
City of Bridgeport
Office of the City Attorney
999 Broad Street
Bridgeport, CT 06604-4328

Thomas J. Weihing, Esq.
Daly, Weihing & Bochanis
1115 Main Street
Suite 710
Bridgeport, CT 06604

James A. Mahar, Esq.

I:\Procases\1742.008\motlimineviceterm.wpd
1742.008

- 5 -