FILED

2005 MAR 30 P 1: 55

U.S. DISTRICT COURT
NEW HAVEN, CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **CECIL YOUNG** | : |
| **Plaintiff** | : CIV. NO. 3:03CV1010 (JBA) |
| v. | : |
| **CITY OF BRIDGEPORT HOUSING AUTHORITY, ET AL** | : |
| **Defendants** | : MARCH 24, 2005 |

## OBJECTION TO PLAINTIFF'S EXHIBITS

The undersigned Defendant, City of Bridgeport, hereby submits its' objections to the Plaintiff's proposed trial exhibit numbers 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 37, 38, 39, 58, 59, 60, 69, 70, 71, 74, 76, 77, 78, 79, 80, 81, 82, 83, 85, 86, 89, 90, 98, 99, 101, 104, 106, 107, 108 as more particularly set forth below:

1. Exhibit 26: Correspondence dated June 11, 2003, from the Plaintiff to City of Bridgeport Mayor John Fabrizi.

   OBJECTION: This letter was submitted almost one year after the plaintiff was laid off from his position as public facilities inspector. It has no relevance to the allegations of the amended complaint and should be precluded pursuant to Fed. Rule

402. The allegations in the plaintiff's amended involve activities in the time frame of January 2002 until May 21, 2002. (See Paragraphs 31 through 37 inclusive)

2. Exhibit 27: Correspondence dated October 12, 2003 from the Plaintiff to the Freedom on (sic) Information Commission.

    OBJECTION: The defendant relies on the argument above but also contends that such correspondence is inadmissible because it is self-serving.

3. Exhibit 28: Correspondence dated February 23, 2001 from Plaintiff to Judge Robert C. Leuba, Chief Court Administrator.

    OBJECTION: The Defendant objects upon the same basis set forth to Exhibit 27.

4. Exhibit 29: Correspondence, dated March 2, 2002, from Plaintiff to Attorney General Richard Blumenthal.

    OBJECTION: The proposed exhibit is self serving hearsay. The actual letter that the plaintiff has presented has no indication that any representative of the City received a copy of the correspondence and therefore that it is relevant to the plaintiff's claims in his complaint against the City of Bridgeport. Additionally, the copy that is provided is not an original nor a complete copy of the correspondence as is noted by reading the letter. Lastly, the letter contains multiple hearsay and therefore should also be exclude pursuant to Fed. Rule 802 and pursuant to Rule 403 as prejudical.

5. Exhibit 30: Correspondence dated September 19, 2002 from Plaintiff to Thomas Gicewicz of the Bridgeport Health Department.

    OBJECTION: The Defendant incorporates the objection noted to Exhibit 26.

6. Exhibit 31: Correspondence, dated January 7, 2004, from the Defendant, City of Bridgeport, to the Plaintiff.

    OBJECTION: The Defendant incorporates the objection noted to Exhibit 26.

7. Exhibit 32: Correspondence dated November 21, 2001, from the Plaintiff to Mayor Joseph P. Ganim.

    OBJECTION: This document has no relevance to the complaint against the City of Bridgeport. Additionally, the correspondence is self serving. Therefore it should be excluded pursuant to Fed. Rules 402 and 403.

8. Exhibit 33: Memo, dated July 24, 2000, from Plaintiff to Mayor Joseph P. Ganim.

    OBJECTION: This document has no relevance to the allegations in the complaint and its admission could result in prejudice to the Defendant. Pursuant to Fed. Rule 403 it should be excluded.

9. Exhibit 35: Correspondence dated May 27, 2002 from Plaintiff to Mayor Joseph P. Ganim.

   OBJECTION: The Defendant incorporates the argument in Exhibit 26. Additionally, the correspondence is irrelevant to the allegations against the City of Bridgeport.

10. Exhibit 37: Memo, dated May 9, 2002, from Plaintiff to Fleeta Hudson, City Clerk for the City of Bridgeport.

    OBJECTION: This memo is self serving hearsay. The Defendant anticipates that the Plaintiff may testify that he did speak before the City Council and therefore this document is cumulative and irrelevant to the claims of the Plaintiff.

11. Exhibit 38: Memo dated May 16, 2992 from Ann L. Murray, Assistant City Clerk to Plaintiff.

    OBJECTION: The Defendant incorporates the objection to Exhibit 37 above.

12. Exhibit 39: Public Invitation, dated February 3, 2001

    OBJECTION: The document does not contain any indication that it was sent or received by any person within the City of Bridgeport government and would in any

way be relevant to the allegations against the City of Bridgeport. Additionally, it is a self-serving document and contains hearsay and is misleading.

13. Exhibit 58: Correspondence dated April 7, 2003 from Mayor John M. Fabrizi to the Plaintiff Cecil Young.

    OBJECTION: The Defendant incorporates the objection noted to Exhibit 26.

14. Exhibits 59 and 60: Notice of Right to Sue issued on January 23, 2003 by the Equal Employment Opportunity Commission and Release of Jurisdiction issued on January 28, 2003 by the State of Connecticut's Commission on Human Rights and Opportunities.

    OBJECTION: The Defendant joins the objection of the co-defendant, City of Bridgeport Housing Authority.

15. Exhibit 69: Flyer distributed by Plaintiff, Cecil Young

    OBJECTION: This document is self serving. It contains no dates, no indication of where or to whom it was distributed and it is extremely prejudicial pursuant to Fed. Rule 403.

16. Exhibit 70: Correspondence dated March 5, 2002 from former Mayor Joseph Ganim to the Plaintiff, Cecil Young.

    OBJECTION: This document does not contain any listing or even subject matter of the materials referred to in the letter. The letter has absolutely no relevance or any clue to determine what documents the letter is referring to. The letter is irrelevant and leads to speculation and should be excluded pursuant to Federal Rule 403.

17. Exhibit 71A and 71B: Photos and posters on the issue of Community Policing.

    OBJECTION: The proposed exhibit appears to be a collection of items placed on a poster board by the Plaintiff and have no relevance to the complaint. The exhibit appears to be a self serving set of photographs with no connection to the position of the Plaintiff with the City of Bridgeport as Public Facilities Inspector. It should be preclude pursuant to Federal Rules 402, 403 and 802.

18. Exhibit 74: Fax dated January 21, 2003 from the Plaintiff, Cecil Young, to Fleeta Hudson.

    OBJECTION: This exhibit is self serving as well as beyond the time period of the allegations in the complaint. The Defendant incorporates the objection set forth to Exhibit 26.

19. Exhibit 76: Correspondence, dated July 16, 2003, from City of Bridgeport Mayor

John Fabrizi to the Plaintiff.

OBJECTION: The Defendant incorporates the objection set forth to Exhibit 26. Additionally, the document can be considered prejudicial and speculative pursuant to Federal Rule 403.

20. Exhibits 77, 78, and 79: Correspondence dated August 29, 2003 from Diane DelMedico, Human Resources Coordinator for the City of Bridgeport to the Plaintiff, Cecil Young.

    Correspondence from Diane DelMedico, Human Resources Coordinator for the City of Bridgeport, to Industrial Medical Center, 220 Mill Hill Avenue, Bridgeport, CT.

    Acceptance Form of the Security Guard position with the Health Department of the City of Bridgeport.

    OBJECTION: The Defendant incorporates the objection set forth in response to Exhibit 26.

21. Exhibit 80: Correspondence dated April 8, 2002 from Tamara L. Miller, Deputy Chief Criminal Section of the United States Department of Justice to the Plaintiff, Cecil Young.

    OBJECTION: The document is prejudicial and speculative. It should be precluded

pursuant to Federal Rule 403. It is also a document which supports the defendants claims that there is no legal basis for the plaintiff's first amendment claims because the allegations are of a personal confrontation. Additionally, the document is not an original and the date that is on the copy submitted by the plaintiff does not give a clear view as to when it was filed. Lastly, the letter fails to provide the original complaint and by the signature designating "Criminal Section" the Plaintiff leads the jury to wrongfully assume there was some criminal misconduct.

22. Exhibit 81: Email, dated February 8, 2000, from Mary Otero to Marie Hoffman.

    OBJECTION: This document is irrelevant to the allegations in the complaint. It is also misleading because it is dated 2000 which was two fiscal years before the Plaintiff was laid off from his position as Public Facilities Inspector in May 2002. The information contained is therefore not accurate at the time of the separation and can have no relevance to the present action.

23. Exhibit 82: Correspondence dated November 14, 2001 from the Plaintiff Cecil Young to former City of Bridgeport Mayor Joseph Ganim.

    OBJECTION: The document has no relevance to the allegations as set forth by the Plaintiff against the City of Bridgeport. The correspondence is also self serving and should be excluded.

24. Exhibit 83: Correspondence dated May 30, 2002 from the Plaintiff, Cecil Young to former City of Bridgeport Mayor Joseph Ganim.

    OBJECTION: The Defendant incorporates the objection set forth to Exhibit 26.

25. Exhibit 85: Community Policing book created by the Plaintiff, Cecil Young.

    OBJECTION: The document has no relevance to the allegations in the complaint regarding the City of Bridgeport. There is no evidence or testimony to be produced that indicates such a book served anyone other than the Plaintiff. It was not part of the Policies and Procedures accepted by the Board of Police Commissioners or approved by any supervisor of the Bridgeport Police Department. The document also contains hearsay and interpretation of various photos that are hearsay. As such the document has no significance or relevance to this action.

26. Exhibit 86: Resume of the Plaintiff, Cecil Young

    OBJECTION: This document is an accumulation of hearsay materials such as newspaper articles, letters, and photographs with the description of events provided by the Plaintiff and various other self serving documents. It should be excluded pursuant to Federal Rules 402, 403, and 802. The document itself is not a resume as would be acceptable from an expert. Additionally, the legal action in this case is not based upon the credentials of the Plaintiff but upon the basis as to whether in May

2002 his position was eliminated for illegal purposes such as a violation of his first amendment right. Given the claim articles and photographs from a time period well outside of the present action (1975, 1977, 1985, 1987, 1992, 1993, 1997, 1998 and 1999) are irrelevant pursuant to Fed. Rule 403.

27. Exhibits 89 and 90: Award, dated February 12, 1998, from Students of Longfellow School to the Plaintiff, Cecil Young.

    Certificate of Appreciation, dated May 15, 1998, from Columbus School to the Plaintiff, Cecil Young.

    OBJECTION: The Defendant incorporates the argument set forth in Bridgeport Housing Authority's objection.

28. Exhibit 98: Correspondence dated May 30, 2000 from Angela Hooks, Retirement Administrator for the City of Bridgeport, to Lawrence Osborne, Labor Relations Officer for the City of Bridgeport.

    OBJECTION: The Defendant incorporates the objection as set forth in Exhibit 81 as to this document.

29. Exhibit 99: Plaintiff's work schedules with the City of Bridgeport Public Works Department.

    OBJECTION: The document is irrelevant to the plaintiff's allegations as to the City

and should be excluded pursuant to Fed. Rule 402.

30. Exhibit 101: Flyer dated October 9, 2001 from the Plaintiff in his capacity as a Facility Inspector to the residents of the City of Bridgeport.

    OBJECTION: This is a self serving document that was not part of the plaintiff's job description nor a document authorized by the City of Bridgeport. It is irrelevant and prejudicial and should be excluded pursuant to Fed. Rules 402 and 403.

31. Exhibits 104 and 107: List of Bridgeport Employees. Record of employees hired by the City of Bridgeport.

    OBJECTION: The lists that have been provided are not relevant to the instant action. The employees listed are in different positions and many are part time or seasonal employees such as life guards, summer recreation, school crossing guards, and summer zoo help. Additional positions involve skills that the plaintiff does not possess and are necessary employees. There is no indication within the proposed exhibit that another was hired for the position that was eliminated. The use of the document without an analysis as to what the position entails and what caused the hiring or a comparison with eliminated positions is highly prejudicial and should be excluded pursuant to Fed. Rules 402 and 403.

32. Exhibit 106: Memo dated August 8, 2002 from the Bridgeport Health Department.

OBJECTION: The Defendant incorporates the objection set forth to Exhibit 26.

33. Exhibit 108: Video conditions at the Bridgeport Housing Authority properties.

OBJECTION: The Defendant incorporates the objection set forth by the Bridgeport Housing Authority.

THE DEFENDANT
CITY OF BRIDGEPORT

BY: *(signature)*
Barbara Brazzel-Massaro
Office of the City Attorney
999 Broad Street
Bridgeport, Connecticut 06604
Phone (203) 576-7647/Fed. Bar #05746

## CERTIFICATION

This is to certify that a copy of the foregoing "Objection to Plaintiff's Exhibits" has been hand delivered on this 24th day of March, 2005, to:

Thomas J. Weihing, Esq.
Daly, Weihing & Bochanis
1115 Main Street, Suite 710
Bridgeport, CT.

Michael T. Ryan/ James Mahar, Esq.
Ryan, Ryan, Johnson & DeLuca, LLP
80 Fourth Street
Stamford, CT. 06905

*Barbara Brazzel-Massaro*
Barbara Brazzel-Massaro