United States District
District
FILED

4/11/2005

Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CECIL YOUNG | : |
| Plaintiff | : CIV No. 3:03CV1010 (JBA) |
| vs. | : |
| CITY OF BRIDGEPORT HOUSING AUTHORITY, ET AL | : |
| Defendants | : April 11, 2005 |

### MOTION IN LIMINE

The Plaintiff in the above entitled action hereby requests this Court to rule that the Defendant, Bridgeport Housing Authority, be prevented from referring or asking the Plaintiff questions which will illicit evidence with regards to any allegations to an alleged use of marijuana by the Plaintiff. The Defendant has informed the Plaintiff that he intends to place this issue before the jury under the guise that it mitigates the Plaintiff's claims for damages.

This issue is derived from the Personnel File of the City of Bridgeport wherein there is reference to the fact the Plaintiff was required to take more than one drug test upon rehiring by the City of Bridgeport in January of 2004.

The Plaintiff objects to this evidence first because the evidence will show that the Plaintiff worked three (3) jobs simultaneously between the relevant

periods of time herein, one job with the Bridgeport Housing Authority, the other with the City of Bridgeport and the last being a City sheriff. The Plaintiff argues that the loss of one of these jobs is not mitigated by the fact that he is employed or not employed in the other two capacities. Therefore the timing of the hiring of the Plaintiff by the City of Bridgeport is not relevant to mitigation as to the Housing Authority. The next argument we would submit is that there is clearly no proper foundation to the validity or invalidity of the drug tests administered in the Personnel File of the City of Bridgeport. Lastly, the prejudicial effect of this testimony far out weighs the probative value it may have to the jury.

In light of the fact that it would appear that the Plaintiff and the City of Bridgeport have resolved their issues it becomes apparent that the Defendant, Bridgeport Housing Authority's should not be allowed to utilize mitigation as a back door method of admissibility for this evidence.

THE PLAINTIFF

BY _____
THOMAS J. WEIHING
DALY, WEIHING & BOCHANIS
1115 Main Street, Suite 710
Bridgeport, Connecticut 06604
Telephone No. (203) 333-8500
Federal Juris No. 08235

## CERTIFICATION

This is to certify that copies of the foregoing have been hand-delivered on this the 11th day of **April, 2005** to:

Michael T. Ryan, Esq.
James Mahar, Esq.
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street
Stamford, Connecticut 06906

Barbara Brazzel-Massaro
Associate City Attorney
Office of the City Attorney
999 Broad Street
Bridgeport, Connecticut 06604

BY _____
THOMAS J. WEIHING