UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CECIL YOUNG | : |
| Plaintiff, | : |
| v, | : CIVIL ACTION NO. 3:03 CV 1010 (JBA) |
| CITY OF BRIDGEPORT HOUSING AUTHORITY, AND COLLIN VICE, IN HER OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE BRIDGEPORT HOUSING AUTHORITY AND IN HER PERSONAL CAPACITY; AND THE CITY OF BRIDGEPORT | : <br> : <br> : <br> : APRIL 11, 2005 <br> : <br> : <br> : |
| Defendants. | : |

## DEFENDANTS' SUPPLEMENTAL REQUEST TO CHARGE

The undersigned Defendants, City of Bridgeport Housing Authority and Collin Vice, that the Court, in addition to the previous Request to Charge, also charge the jury as follows:

1. "The First Amendment does not guarantee access to property simply because it is owned or controlled by the government." *United States Postal Service v. Council of Greenburgh Civic Assn.*, **453 U.S. 114, 129 (1981).**

2. "The guarantees of the First Amendment have never meant that people who want to propagandize protests or views have a Constitutional right to do so whenever and however and wherever they please. The State, no less than a private owner of

property, has power to preserve the property under its control for the use to which it is lawfully dedicated." *Greer v. Spock*, 424 U.S. 828, 836 (1974); *United States Postal Service v. Council of Greenburgh Civic Assn.*, 453 U.S. at 129; *Cornelius v. NAACP Defense & Education Fund, Inc.*, 473 U.S. 788, 800 (1985).

3. "Nothing in the Constitution requires the Government freely to grant access to all who wish to exercise their right to free speech on every type of Government property without regard to the nature of the property or the disruption that might be caused by the speaker's activities." *Cornelius v. NAACP*, 473 U.S. at 799-800.

4. [I]t is ... well settled that the government need not permit all forms of speech on property that it owns and controls. Where the government is acting as a proprietor, managing its internal operations, rather than acting as lawmaker with the power to regulate or license, its actions will not be subjected to the heightened review to which its actions as a lawmaker may be subjected." *U.S. v. Kokinda*, 497 U.S. 720, 725 (1990); *International Society for Krishna Consciousness, Inc. v. Lee*, 505 U.S. 672, 678 (1992).

5. The housing complexes owned and controlled by the Bridgeport Housing Authority are nonpublic forums for First Amendment analysis. ***Daniel v. City of Tampa*, 38 F. 3d 546 (11th Cir.)** *cert. denied,* **515 U.S. 1132 (1995)**; ***Vasquez v. Housing Authority of the City of El Paso*, 271 F. 3d 198 (5th Cir.);** *cert denied,* **539 U.S. 914 (2003)**.

6. "Restrictions on speech in nonpublic fora must be reasonable in light of the purpose of the forum and reflect a legitimate government concern. . . . A restriction will be reasonable if it is wholly consistent with the government's legitimate interest in preserving the property for the use to which it is lawfully designated. However, such a restriction need not be the most reasonable or the only reasonable limitation." ***Make the Road By Walking, Inc.*, 378 F. 3d 133, 147 (2nd Cir. 2004).**

7. "The government can reasonably exclude expression that undermines the purpose served by a nonpublic forum. The most common reason for such an exclusion is that the excluded expression is distracting or disruptive." ***Make the Road By Walking, Inc,* at 148** citing ***Lee I,* 505 U.S. at 683**

8. "Disruption can detract from a nonpublic forum's use for its intended purpose. . . . Also, where allowing private expression in a nonpublic forum may imply government endorsement of that expression, limiting or excluding speakers may be reasonable." *Make the Road By Walking, Inc,* **at 148.**

9. "The reasonableness of prohibiting expression by a certain speaker cannot be determined by reference only to the effect caused by the speaker alone. Whether a restriction is reasonable must be determined with reference to the disruption or distraction that would result if all groups like the group at issue sought access." *Make the Road By Walking, Inc.* **at 148-149** citing *Lee I,* **505 U.S. at 685** (quoting *Heffron v. Int'l Soc. for Krishna Consciousness, Inc.,* **452 U.S. 640, 653 (1981)).**

10. "If a restriction on speech in a nonpublic forum serves a legitimate governmental interest . . . then the fact that the prohibited expression does not 'interfere' with a *principal* purpose of the forum does not render that prohibition unconstitutional." *Perry v. McDonald,* **280 F. 3d 159, 169 (2nd Cir. 2001).** "Nor must the government prove that every manner or form of expressive activity is incompatible with the principal character and purpose of the government-owned

- 4 -

facility in order to impose a total and complete ban on all forms of free speech activities." **Knolls Action Project v. Knolls Atomic Power Laboratory, 771 F. 2d 46, 50 (2nd Cir. 1985).**

11. "Finally, although the government may restrict expression in a nonpublic forum without ensuring the presence of adequate alternative outlets, the existence of such outlets may be considered in determining whether particular restrictions are reasonable." ***Making the Road by Walking, Inc.,*** **at 149** citing *Perry,* **460 U.S. at 53.**

12. "Even if a restriction on speech in a nonpublic forum is reasonable, it... [must be viewpoint neutral]. Viewpoint discrimination is a subset or particular instance of the more general content discrimination, in which the government targets not subject matter but particular views taken by speakers on a subject. Because of the overlap, the distinction between content discrimination - - permissible in a nonpublic forum - - and viewpoint discrimination - - impermissible - - is somewhat imprecise." ***Making the Road by Walking, Inc.,*** **at 150,** citing ***Rosenberg v. Rector and Visitors of Univ. of Va.* 515 U.S. 819, 831 (1995).**

13. "One thing is clear, however. It is permissible for the government itself to use its property to express its own viewpoint on a subject without allowing others to express contrary viewpoints. *See **Rosenberg**,* **515 U.S. at 833.** When government is the sole speaker, it need not ensure viewpoint diversity and can simply express its own viewpoint. Only where government allows private parties to express their personal views in a nonpublic forum is it required to avoid viewpoint discrimination." ***Make the Road by Walking, 378 F. 3d* at 150-151.**

THE DEFENDANTS,
CITY OF BRIDGEPORT HOUSING
AUTHORITY AND COLLIN VICE

By: /s/ James A. Mahar
James A. Mahar, Esq., (CT 21854)
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, CT  06905
Phone No. 203-357-9200

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2005, a copy of the above was mailed to the following counsel and pro se parties of record:

Thomas J. Weihing, Esq.
Daly, Weihing & Bochanis
1115 Main Street
Suite 710
Bridgeport, CT 06604
Attorney for Plaintiff, Cecil Young

                                                James A. Mahar, Esq.

I:\Procases\1742.008\supprequest to charge.wpd
1742.008

- 7 -