**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Cecil Young, | : |
|     Plaintiff, | : |
| | : |
| v. | :   CIVIL NO. 3:03cv1010 (JBA) |
| | : |
| City of Bridgeport Housing | : |
| Authority; and Collin Vice, in her | : |
| official capacity as Executive | : |
| Director of the Bridgeport Housing | : |
| Authority and in her personal | : |
| capacity, | : |
|     Defendants. | : |

<u>**JURY INSTRUCTIONS**</u>

<u>**TABLE OF CONTENTS**</u>

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . 1

ROLE OF THE JURY . . . . . . . . . . . . . . . . . . . . . 3

ROLE OF ATTORNEYS . . . . . . . . . . . . . . . . . . . . 4

WHAT IS AND IS NOT EVIDENCE . . . . . . . . . . . . . . . 5

WITNESS CREDIBILITY - GENERAL . . . . . . . . . . . . . . 7

IMPEACHMENT OF WITNESSES . . . . . . . . . . . . . . . . . 9

DIRECT AND CIRCUMSTANTIAL EVIDENCE . . . . . . . . . . . . 10

INFERENCE DEFINED . . . . . . . . . . . . . . . . . . . . 11

BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE . . . . . . 12

ELEMENTS OF SECTION 1983 CLAIM . . . . . . . . . . . . . . 14

VIOLATION OF FIRST AMENDMENT RIGHTS OF A PUBLIC EMPLOYEE . . 16

ELEMENTS OF THE PLAINTIFF'S CLAIM . . . . . . . . . . . . 17

FIRST ELEMENT:  THE PLAINTIFF'S ACTS OF SPEECH WERE PROTECTED —
CONCLUSIONS OF LAW . . . . . . . . . . . . . . . . . . . . 18

SECOND ELEMENT: ADVERSE EMPLOYMENT ACTION . . . . . . . . . 19

THIRD ELEMENT: CAUSATION — WHETHER THE PLAINTIFF'S ACTS WERE A
SUBSTANTIAL OR MOTIVATING FACTOR IN THE DEFENDANTS' ACTION . 20

EMPLOYER'S AFFIRMATIVE DEFENSE . . . . . . . . . . . . . . 22

DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . 23

i

COMPENSATORY DAMAGES . . . . . . . . . . . . . . . . . . . 24

NOMINAL DAMAGES . . . . . . . . . . . . . . . . . . . . . 26

MITIGATION OF DAMAGES . . . . . . . . . . . . . . . . . . 27

PUNITIVE DAMAGES . . . . . . . . . . . . . . . . . . . . . 29

NOTE TAKING . . . . . . . . . . . . . . . . . . . . . . . 31

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 32

EXPLANATION OF VERDICT FORM . . . . . . . . . . . . . . . 34

## INTRODUCTION

You have now heard all of the evidence in the case.  I shall now instruct you concerning the law applicable to this case. After that, you will hear the arguments of counsel and then you will return to the jury room to deliberate in accordance with these instructions.

You must take the law as I give it to you and if any attorney or any witness or exhibit has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  The instructions as a whole constitute the law of this case and must be applied as a whole; you should not single out any one instruction.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than the instructions of the court.  It would also be a violation of your sworn duty if you were to base any finding of fact on anything other than the evidence presented to you in this case.

In deciding the facts, you must not be swayed by bias or prejudice for or against any party.  All persons stand equal before the law and are to be dealt with as equals in a court of justice.

You must not be swayed by your own personal views or opinions on any of the issues raised in this trial.

You are not to be swayed by sympathy.  You should be guided

1

solely by the evidence presented during trial, without regard to the consequences of your decision.  You have been chosen to try the issues of fact and reach an impartial verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.

## ROLE OF THE JURY

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide should be drawn from the facts you determine, and you weigh the evidence.

No one may invade your province or function as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. You may review your notes for this purpose, but your notes are for your use only and not to be read or used by others.

<u>ROLE OF ATTORNEYS</u>

Our courts operate under an adversary system in which we hope that the truth will emerge through the competing presentations of adverse parties.  It is the role of the attorneys to press as hard as they can for their respective positions.  In fulfilling that role, they have not only the right, but the obligation to make objections to the introduction of evidence they feel is improper.  The application of the rules of evidence is not always clear, and lawyers often disagree.  It has been my job as the judge to resolve these disputes.  It is important for you to realize, however, that my rulings on evidentiary matters have nothing to do with the ultimate merits of the case, and are not to be considered as points scored for one side or the other.

Similarly, one cannot help becoming involved with the personalities and styles of the attorneys, but it is important for you as jurors to recognize that this is not a contest among attorneys.  You are to decide this case solely on the basis of the evidence.  Remember, statements and characterizations of the evidence by the attorneys are not evidence.  Insofar as you find their closing arguments helpful, take advantage of them, but it is your memory and your evaluation of the evidence in the case that counts.

WHAT IS AND IS NOT EVIDENCE

The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence.

It is the witnesses' answers that are evidence. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness agreed with it, you may find those facts to be true, but you may not consider it to be true simply because it was in the lawyer's question. As a simple example, if a lawyer asks a witness if a certain car was red, and the witness says yes, that is evidence that the car was red. If the witness says no, that is evidence that the car was not red. If the witness says he or she does not know, then there is no evidence in the record as to what color the car was.

Testimony that has been excluded by the court is also not evidence and may not be considered by you in rendering your verdict.

Arguments by lawyers are not evidence because the lawyers are not witnesses. What they will say to you in their closing statements is intended to help you understand the evidence from their viewpoint in reaching your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection that controls.

Moreover, what I may have said during the trial or what I may convey in these instructions is not evidence and my rulings

on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and to the exhibits you have seen.

WITNESS CREDIBILITY - GENERAL

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony.

How do you determine truthfulness? You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor - that is, his or her carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your every day life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should also consider the opportunity the witness had to see, hear and know the things

7

about which he or she testified, the accuracy of the witness's memory, candor or lack of candor, intelligence, the reasonableness and probability of his or her testimony, its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

Always remember that in assessing a witness's testimony you should use your common sense, your good judgment and your own life experience.

## IMPEACHMENT OF WITNESSES

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony.  You may find an apparent inconsistency justified or unjustified.  It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

If a witness testified untruthfully in some respect, you may consider that fact in deciding what credence you will attach to that witness's testimony.  Considering that fact and all other relevant evidence, you may accept or reject the testimony of such a witness, in whole or in part.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testified about something he or she knows by virtue of his or her own senses - something he or she has seen, felt, touched or heard. Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence that tends to prove a disputed fact through proof of other facts. You infer a fact from other facts using your reason and experience and common sense. Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that your verdict must be based on a preponderance of all the evidence presented.

## INFERENCE DEFINED

Attorneys use the term "inference" and in their arguments they may ask you to infer, on the basis of your reason, experience and common sense, from established facts, that some other fact exists.  An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from the same facts.  The plaintiff asks you to draw one set of inferences, while the defendants ask you to draw another.  It is for you, and you alone, to decide what inferences, if any, you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, are permitted - but not required - to draw from the facts that have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.  However, no inference may be drawn from the mere fact that the plaintiff has filed this lawsuit.

11

## BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE

The plaintiff, Cecil Young, has the burden of proving each element of his claims by a preponderance of the evidence. I will shortly be instructing on what those elements are. If you find that any one of the elements of his claim have not been proved by a preponderance of the evidence, you must return a verdict in favor of the defendants, the City of Bridgeport Housing Authority and Collin Vice. Defendants assert affirmative defenses and they bear the burden of proving their defenses.

To prove "by a preponderance of the evidence" means to prove that something is more likely true than not true. If one side proves a fact by a preponderance of the evidence, that means the evidence it has presented has more convincing force than the opposing evidence and produces in your minds a belief that what is sought to be proved is more likely true than not true.

It might be helpful to imagine a pair of scales in equal balance. Imagine that you can put plaintiff Cecil Young's evidence of his claim on one side of the scale and the defendants' evidence on the other side of the scale. If the scales tip ever so slightly in favor of Mr. Young, then his evidence preponderates, and he has sustained his burden of proof. If the scales tip the other way, ever so slightly in favor of any or all of the defendants, then Mr. Young has not sustained his burden of proof as to that defendant or those defendants, and you must find in such defendant's favor. If you conclude that the

scales are evenly balanced and that neither party's evidence outweighs the other's, then the defendants must prevail because the plaintiff has failed to meet his burden of proving his case by a preponderance of the evidence.  The reverse would, of course, apply to defendants' affirmative defense evidence.

Remember this is a civil case, not a criminal case.  The burden of proof differs in civil cases from the burden of proof in criminal cases.  In criminal cases, the burden of proof is the higher standard of proof beyond a reasonable doubt.  That is not the standard here.  In civil cases, the burden of proof is proof by a preponderance of the evidence.

## ELEMENTS OF A SECTION 1983 CLAIM

The law under which plaintiff's claims arise, Title 42 United States Code, Section 1983, permits a person to seek money damages against a person or persons who under the apparent authority of state law, deprive that plaintiff of rights protected by the Constitution or laws of the United States. Specifically, § 1983 provides:

> Every person who, under color of any statute,
> ordinance, regulation, custom or usage of any State . .
> . subjects or causes to be subjected, any citizen of
> the United States ... to the deprivation of any rights,
> privileges, or immunities secured by the Constitution
> and laws, shall be liable to the party injured in an
> action at law ... .

Mr. Young has brought this lawsuit to obtain redress for what he contends was retaliation against him for his exercise of his First Amendment rights.

The plaintiff does not have to prove that the defendants had any specific intent to deprive him of this right in order to prevail, only that defendants intended their actions or inaction which resulted in the violation of Mr. Young's rights or acted in reckless disregard of the plaintiff's rights.  Reckless disregard means not caring whether the plaintiff's rights were being violated.  However, § 1983 is not violated if a plaintiff is injured only as a result of mistake, inadvertence, or negligence, that is, lack of due care, on the part of defendants.

In order to prevail on his claim under section 1983, Mr. Young must establish that defendants, the Bridgeport Housing

14

Authority and Collin Vice, acted under color of state law. Section 1983 is applicable only to actions made possible by virtue of the authority that the state has conferred on the actor and is therefore applicable only to misuse of such official power or authority, but not merely because an official simply happens to be a state officer.  Here, the defendants do not dispute that they were acting "under color of law," so you may find this element proved.

The plaintiff must also establish that the defendants' acts deprived him of his right to freedom of speech under the First Amendment of the U.S. Constitution, and that these acts proximately caused injury to him.

## VIOLATION OF FIRST AMENDMENT RIGHTS OF A PUBLIC EMPLOYEE

Mr. Young claims that the defendants violated his right to freedom of speech under the First Amendment of the Constitution of the United States.  Specifically, he alleges that, while employed by the Bridgeport Housing Authority ("BHA"), he engaged in acts of speech protected by the Free Speech Clause of the First Amendment, and that defendants BHA and Collin Vice eliminated his position as public safety officer in retaliation for his exercise of free speech rights.

ELEMENTS OF THE PLAINTIFF'S CLAIM

In order to prove his allegation against the defendants, Mr. Young must establish three elements: first, that his acts of speech were protected by the Free Speech Clause of the First Amendment; second, that he suffered an adverse employment action; and third, that there is a causal link between plaintiff's acts of speech and the adverse employment action.

17

FIRST ELEMENT:  THE PLAINTIFF'S ACTS OF SPEECH WERE PROTECTED —
CONCLUSIONS OF LAW

The issue of whether the subject matter of plaintiff's tours constituted protected speech under the First Amendment is a question of law, and therefore is for the Court to decide; it is not a question for you the jurors to consider.

The question of whether plaintiff's speech is protected is decided by balancing the interests of the employee, as a citizen, in commenting upon matters of public concern and the interest of the municipal employer in promoting efficient, effective, and safe operations and harmonious working relationships.  After such balancing, I have ruled that the plaintiff's speech about public safety and policing in Bridgeport public housing during the tours of July 11 and August 23, 2000 was protected expression under the First Amendment of the U.S. Constitution.

## SECOND ELEMENT: ADVERSE EMPLOYMENT ACTION

The second element of plaintiff's claim that he must prove is that he suffered an adverse employment action.  It is not disputed that Mr. Young's position as public safety officer with the Bridgeport Housing Authority was eliminated and that this constituted an adverse employment action.  You may therefore find this element proved.

THIRD ELEMENT: CAUSATION — WHETHER THE DEFENDANT'S ADVERSE
EMPLOYMENT ACTIONS AGAINST PLAINTIFF WERE MOTIVATED BY
RETALIATION FOR PLAINTIFF'S PROTECTED SPEECH

The third element of the plaintiff's claim that he must prove is that his protected speech was a substantial or motivating factor in the defendants' decisions to take adverse action against him.

The plaintiff's protected speech is shown to be a motivating factor in the defendant's adverse employment decision regarding him if it played a substantial or determinative role in the defendants' decision to take action against the plaintiff.

A defendant may have taken action for several different reasons. If so, then you must determine whether one of those reasons was the plaintiff's protected speech in connection with the two tours in July and August 2000. If plaintiff's protected speech was one of those reasons, then you must determine whether that speech played a substantial part in the actual decision to eliminate plaintiff's job. If it did play a substantial part, then you may find that the plaintiff has proved his protected speech was a substantial or motivating factor in the defendant's decision.

EMPLOYER'S AFFIRMATIVE DEFENSE

If you find that the plaintiff's protected speech was a substantial or motivating factor in the defendants' decision to eliminate plaintiff's position, you must then consider the Bridgeport Housing Authority's and Collin Vice's affirmative defense that they would have taken the same action against the plaintiff even in the absence of the plaintiff's protected speech.

The defendants bear the burden of proving their affirmative defense and must prove it by a preponderance of the evidence. They must prove that they would have made the same decision to eliminate plaintiff's job and discharge him regardless of the plaintiff's protected speech.

It is insufficient for the defendants to show merely that they had other, valid reasons for taking action against the plaintiff.  They must prove that they would have taken the same action based on those other reasons even in the absence of the plaintiff's protected speech before you can find they have met their burden of proving their affirmative defense.

If the defendants show by a preponderance of the evidence that they would have reached the same decision regardless of plaintiff's protected speech, then you may find defendants' affirmative defense proved.  If they prove their affirmative defense, your verdict will be in favor of defendants and against plaintiff.

## DAMAGES

I shall now instruct you on the issue of damages. If you find the defendants liable to the plaintiff, then you must decide how much, if any, damages to award. The fact that I am instructing you concerning damages does not mean that I have any opinion as to whether damages should be awarded.

The purpose of damages is to award just and fair compensation for the loss, if any, which resulted from the defendants' violation of the plaintiff's rights. It is for you, in the exercise of your best judgment, to say what is just and fair compensation. There is no fixed formula for you to apply. However, you should not speculate or guess as to damages, and under no circumstances should you let sympathy, bias, or prejudice affect your consideration of the law and the evidence. It is the plaintiff's burden to prove by a preponderance of the evidence each element and item of damage. It is not the defendants' burden to disprove them. You should award damages only for those injuries which you find were the direct result of the defendants' acts.

## COMPENSATORY DAMAGES

Plaintiff Young is entitled to be compensated for those damages, if any, that he has proved by a preponderance of the evidence were proximately caused by defendants' unlawful actions. Compensatory damages means the amount of money that you believe will fairly and reasonably compensate him for any injury he proves he sustained as a direct consequence of the conduct of the defendants.  You should award damages only for those injuries which you find proved by a preponderance of the evidence to have been the direct result of actions by these defendants. Compensatory damages must not be based on speculation or sympathy; they must be based on the evidence presented at trial, and only on that evidence.  You should apply sound judgment and common sense in reaching the proper amount of damages.

Compensation may include: (1) economic losses, and (2) non-economic losses.

Non-economic loss means any pain or injury the plaintiff suffered, including any emotional harm to the plaintiff, such as humiliation, personal indignity, embarrassment, fear, anxiety, harm to reputation, and/or anguish which the plaintiff has suffered.

Plaintiff's claimed economic loss is the loss of wages, longevity bonuses, pension, and other employment benefits Mr. Young would have received in his BHA employment if the Defendant had not discharged him, including anticipated salary increases.

24

This economic loss is reduced by any salary which he received from replacement employment after his termination, specifically his salary at the Bridgeport Health Department which started in January, 2004.

You may include future damages, that is, the amount of the wages that the plaintiff would have earned had he not been terminated for the period from the date of your verdict until the end of his worklife.  If you find that plaintiff is entitled to future damages, the Court will calculate the present value of any amount of future damages that you award.  Therefore, you are to consider only the amount of wages, unadjusted for inflation or discounted to present value, that the plaintiff would have received in the future.

<u>DAMAGES FOR THE MERE FACT OF VIOLATION</u>

If you return a verdict for the plaintiff, but find that plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of ten dollars.

Nominal damages must be awarded when the plaintiff has been deprived of a constitutional right but has suffered no actual damage as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that plaintiff has suffered no injury as a result of the defendant's conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed ten dollars.

You may <u>not</u> award both nominal and compensatory damages to the plaintiff.

## MITIGATION OF DAMAGES

The plaintiff has a duty to mitigate his damages, which means he must make reasonable efforts to minimize or reduce his damages.

The defendants have asserted as an affirmative defense that plaintiff has failed to mitigate his damages, and therefore the burden is on the defendants to prove, by a preponderance of evidence, that the plaintiff could have lessened the harm that was done to him, and that he failed to do so.  If the defendant convinces you that the plaintiff could have reduced the harm to him but failed to do so, the plaintiff is entitled only to damages sufficient to compensate him for the injury he would have suffered if he had taken reasonable action to reduce the harm done to him. If you determine that plaintiff suffered economic damages but find defendants have proved that plaintiff failed to mitigate these damages, you must reduce the financial damage award by what the plaintiff could have earned by reasonable effort during the period from his discharge until the date of your verdict.

The plaintiff must accept alternative employment that is substantially equivalent to the job he lost.  In determining whether employment is substantially equivalent, you may consider (1) the type of work; (2) the hours worked; (3) the compensation; (4) the job security; (5) the working conditions; and (6) other conditions of employment.  The plaintiff is under no obligation

to accept alternative employment that is not substantially

equivalent to the job from which he was terminated.

## PUNITIVE DAMAGES

In addition to damages compensating the plaintiff for his injuries, you may, but need not, require one or more of the defendants to pay punitive damages.  In making this decision, you should consider the underlying purposes of punitive damages.  The purposes of punitive damages are to punish a defendant for shocking conduct and to set an example in order to deter him or her and others from committing similar acts in the future. Punitive damages are intended to protect the community and to be an expression of the jury's indignation at the misconduct.

You may award punitive damages only if you find that defendant Collin Vice in question engaged in any of the following conduct:

A)    Willful, malicious, or oppressive violation of the plaintiff's constitutional rights;

B)    An intentional act by the defendant Collin Vice in gross disregard of the plaintiff's constitutional rights;

C)    Reckless disregard or callous indifference by Collin Vice of whether she was violating the plaintiff's rights.

An act is willfully done if done voluntarily and intentionally and with specific intent to commit such an act.  An act is malicious if it is prompted by or accompanied by ill will, spite, or other improper motive.  An act is oppressive if it is

29

done in such a way as to injure or otherwise violate the rights of another with unnecessary harshness or severity. An act is reckless when it is done in such a manner and under such circumstances as to show an utter disregard for the rights and safety of others.

Before you can award punitive damages, you must first have decided to award the plaintiff either compensatory damages or nominal damages. Please note that you may, but need not, award punitive damages.

If you award punitive damages against defendant Collin Vice, you should indicate on the verdict form the amount of punitive damages to be awarded against her, bearing in mind that the law requires that punitive damages, if awarded, must be fixed with calm discretion and sound reason. The amount must not reflect bias, prejudice, or sympathy toward any party, but is to be an amount you believe necessary to fulfill the purposes of punitive damages. No punitive damages are permitted to be awarded against the Bridgeport Housing Authority.

## <u>NOTE TAKING</u>

I have now concluded the instructions relating to the specific claims in this case.  In closing, I must add a few more general instructions concerning your deliberations.  You were permitted to take notes during the course of the trial.  Any notes you have taken should be used only as memory aids; do not give your notes precedence over your independent recollection of the evidence.  If you did not take notes, you should rely on your own recollection of the proceedings and should not be influenced by the notes of other jurors.  Your notes are not evidence and should not be shared.

CONCLUSION

Your verdict must be unanimous and represent the considered judgment of each juror. Each of you must make your own decision, but you must consider impartially all the evidence and the views of your fellow jurors. It is your duty to consult with one another and to deliberate with a view toward reaching an agreement if you can do so consistent with the individual judgment of each juror. Until a verdict is agreed to by each juror, it is not a unanimous verdict.

In the course of your deliberations, do not hesitate to re-examine your individual view, or to change your opinion, if the deliberations and the views of your fellow jurors convince you it is erroneous. However, you should not surrender your honest convictions as to the facts as you find them or as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times you are not partisan. Rather, you are the judges of the facts and your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room you should first elect one among you to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court. After you have retired to begin your deliberation, you are not to leave your jury room without first notifying the marshal, who will escort you. No deliberation may take place without all jurors

being present.

You will have exhibits with you in the jury room.  If you want any of the testimony read, you must request that.  Please remember that it is not always easy to locate what you might want, so be as specific as possible in your request.  Your requests for testimony and, in fact, any communication with the court should be made to me in writing, signed by your foreperson, and given to one of the marshals.  I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally.

I must also caution you that in your communications with the court you should not specify your numerical division at any time.

## EXPLANATION OF VERDICT FORM

A verdict form has been prepared for your use.  You will take this verdict form to the jury room and answer the questions asked.  When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answers, date and sign the verdict form.  Then inform the marshal that you have reached a verdict.

It is proper to add a final caution.  Nothing that I have said in these instructions -- and nothing that I have said or done during the trial -- has been said or done to suggest to you what I think your verdict should be.  What the verdict shall be is your exclusive duty and responsibility.  Thank you.